# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MSC SOFTWARE CORP.,**

      Plaintiff,             CIVIL ACTION NO. 07-CV-12807-DT

vs.

                                   DISTRICT JUDGE VICTORIA A. ROBERTS

**ALTAIR ENGINEERING,**        MAGISTRATE JUDGE MONA K. MAJZOUB
**INC., et al.,**
      Defendants.
_____/

## OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART THE INDIVIDUAL DEFENDANTS' MOTION TO COMPEL
## AND
## GRANTING IN PART AND DENYING IN PART DEFENDANT ALTAIR ENGINEERING, INC.'S MOTION TO COMPEL

This matter comes before the Court on two motions to compel discovery filed against Plaintiff MSC.Software Corporation. The first Motion to Compel was filed by the individual Defendants in this action. (Docket no. 97). This motion has been fully briefed. (Docket nos. 112, 132). The second Motion to Compel was filed by Defendant Altair Engineering, Inc. (Docket no. 101). This motion has also been fully briefed. (Docket nos. 111, 131). Both of these motions have been referred to the undersigned for decision. (Docket no. 104). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

Both of these motions are based upon Plaintiff's obligations under the Stipulated Order Regarding Pending Motions which was entered by Judge Roberts on January 28, 2008. (Docket no. 91). Pertinent portions of this Order are sections I.A.(1) and (2). (*Id*. at 2). Section I.A.(1) requires Plaintiff to produce or identify "[d]ocuments identified by Bates number or range or other

identifying criteria sufficient to identify the equations, formulas, algorithms and integrators that MSC currently contends are at issue in this case." (*Id*.). Section I.A(2) requires Plaintiff to produce or identify "[d]ocuments identified by Bates number or range or other identifying criteria sufficient to identify the trade secrets that MSC currently contends are at issue in this case." (*Id*.).

### 1. Individual Defendants' Motion to Compel (docket no. 97)

The individual Defendants contend that Plaintiff failed to comply with both of the above sections of the Order. They claim that Plaintiff, through its February 4, 2008 letter designated as Attorney Eyes Only and the redacted version of the letter designated as Confidential, failed to produce documents identifying the equations, formulas, algorithms and integrators at issue in this case. (Docket no. 97 at 7-9). Defendants also contend that the redacted version of the letter, the only version that the individual Defendants may view, prevents them from learning the functionalities that Plaintiff claims have been misappropriated. (*Id*. at 13). Plaintiff argues that it complied with the Order by producing the Adams source code which it says contains all of the equations, formulas, algorithms, and integrators that it currently contends are at issue in this case. (Docket no. 112 at 11). Plaintiff also contends that it has complied with the second section of the Order at issue by providing the unredacted February 4 letter to Defendants' counsel viewable by counsel and the experts of both parties, and by providing the redacted copy to the individual Defendants. (*Id*. at 12).

Plaintiff's first obligation under the Order was to produce or identify documents, such as by Bates number, identifying the equations, etc. at issue in this case. The Court is convinced from the parties' filings and the language of the Order that more specificity is required from Plaintiff in its identification of the equations, etc. that are at issue in this case beyond simply producing the source

code. The Order requires that the documents be identifiable by a method such as Bates numbers. This suggests a fairly specific method of identification. The source code for a computer software program, by Plaintiff's description, may contain "thousands of formulas, equations, and algorithms." (Docket no. 112 at 5 n.2). Therefore, in order to comply with the Order Plaintiff must supplement its production to produce documents identifying the specific equations, formulas, algorithms and integrators at issue in this case rather than simply relying on its production of the source code.

The Order also requires Plaintiff to identify by Bates number or similar method the trade secrets that Plaintiff contends are at issue in this case. Plaintiff has for the most part complied with this section of the Order by producing the February 4, 2008 letter. (Docket no. 112, ex. 2). Plaintiff has identified with reasonable particularity the trade secrets in this letter. The redacted version available to the individual Defendants reveals the functions that are the trade secrets while omitting the specific lines of the source code where the functions are found. Defendants have failed to show that the associated code locations are necessary for them to know with reasonable particularity the trade secrets at issue. This is true except for two instances. On the second page of the February 4, 2008 letter, in the sections following the first and third bullets, Plaintiff describes certain functions of the Adams/Tire product. Plaintiff redacts two of the three methods in the first section (following the "modeling turnslip"), and redacts one function in the third bulleted section (pertaining to transient tire model response). The Court finds that these three functions must be revealed to the individual Defendants in order to comply with the Stipulated Order.

**2.      Defendant Altair Engineering, Inc.'s Motion to Compel (docket no. 101)**

Defendant Altair moves to compel Plaintiff to produce a copy of MSC's source code repository data in native format and to reaffirm that the Stipulated Order bars duplication of Altair

source code materials. (Docket no. 101). Defendant also joins in the request of the individual Defendants that Plaintiff be compelled to identify the trade secrets at issue. (*Id*.). This last request has been addressed above. In addition, during the briefing period for this motion Plaintiff produced its source code repository data. (Docket no. 111 at 5). This portion of Defendant's motion is therefore moot. The only remaining issue concerns the duplication of source code material. Defendant states in its Reply brief that the parties have come to an agreement, memorialized in the "Agreement Regarding Copying or Dissemination of Source Code" attached as exhibit A to docket no. 131, that resolves this issue. Accordingly, the Court will enter the contents of that agreement through this Order. This resolves all of the issues raised by Defendant Altair's motion.

**IT IS THEREFORE ORDERED** that the individual Defendants' Motion to Compel (docket no. 97) is **GRANTED** to the extent that on or before June 25, 2008 Plaintiff will supplement its production pursuant to the January 28, 2008 Order by (1) producing documents as required by section I.A(1) of the Order by specifically identifying the equations, formulas, algorithms and integrators at issue in this case; and (2) producing documents as required by section I.A(2) of the Order identifying the trade secrets at issue in this case, specifically by producing a second redacted version of the February 4, 2008 letter to Defendants which does not redact the three functions for the Adams/Tire product as set out above, and is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Altair Engineering, Inc.'s Motion to Compel (docket no. 101) is **GRANTED** to the extent that the agreement below is entered as an Order of the Court, and is otherwise **DENIED**:

1. Unless and until an Order is entered by the Court permitting such duplication, the experts for the respective parties shall not make or cause to be made copies of the source code of the

opposing party, or any portion thereof, other than as is necessary to perform the duties as an expert in this case.

2. The experts for the respective parties shall not provide or deliver any copy of the source code of the opposing party, or any portion thereof, to any person other than his employees directly involved in performance of expert duties in this case.

3. Except as provided herein, the experts for the respective parties shall not duplicate or disseminate the source code of the opposing party.

4. This agreement does not prohibit any expert from describing portions of the source code in the course of his or her work, showing counsel for a party the source code or portions thereof (so long as no copy is made), or from incorporating lines of source code into the expert's report as necessary to explain and support conclusions contained within that report.

5. This agreement is being entered into solely to expedite the source code comparison in this case. It is not to be construed to waive or prejudice any argument by any party regarding the meaning of the Court's prior orders.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 10, 2008        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: June 10, 2008         s/ Lisa C. Bartlett
                             Courtroom Deputy