# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MSC.SOFTWARE CORP.,**

      Plaintiff,                    CIVIL ACTION NO. 07-CV-12807-DT

vs.

                                      DISTRICT JUDGE VICTORIA A. ROBERTS

**ALTAIR ENGINEERING, INC., et al.,**      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION TO MODIFY PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Renewed Motion to Modify Protective Order filed on March 19, 2008. (Docket no. 121). Defendants filed a Response. (Docket no. 136). Plaintiff filed a Reply. (Docket no. 146). This motion has been referred to the undersigned for decision. (Docket no. 144). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

Plaintiff requests that this Court modify the protective order currently in place in this action to add designated in-house legal counsel of both corporate parties to the list of persons who may view "Highly Confidential/Attorney Eyes Only" information. (Docket no. 121 at 1). Because the parties agreed on the protective order (actually an amended protective order) that is currently in place, the standard is not simply to determine whether proposed in-house counsel is involved in competitive decision-making and whether denying that attorney access to the confidential material will work a substantial hardship on that attorney's client. (Docket no. 121 at 16). The standard also is not whether the party seeking modification can show improvidence in the grant of the protective

-1-

order or some extraordinary circumstance or compelling need, because a third party is not seeking to intervene and have modified a protective order agreed upon by the parties. (Docket no. 136 at 9). Rather, the party seeking the modification must explain why its need for the materials outweighs existing privacy concerns. *See In re Air Crash Disaster*, 130 F.R.D. 634, 638 (E.D. Mich. 1989).

This action involves trade secrets and computer source code. There is no doubt that confidential materials are being disclosed in the course of discovery. The parties are represented by sophisticated counsel. The parties and their attorneys agreed to the protective order now in place which governs the exchange of such confidential information. Plaintiff must show that modification of the agreement which both parties have relied upon up to this point is necessary. This is especially appropriate for the relief that Plaintiff requests because if granted the category of "Attorney Eyes Only" material effectively ceases to exist–all material will be viewable by one representative of a party's in-house counsel team, something allowed by the "All Attorneys" designation. Plaintiff's counsel argues that the modification is needed because under the present circumstances counsel cannot effectively communicate with corporate representatives of Plaintiff regarding issues such as the need to add parties, add claims, or settlement. (Docket no. 121 at 9). Plaintiff also contends that Defendants are not properly responding to requests to redesignate material as "All Attorneys" documents rather than "Attorney Eyes Only" documents. (*Id*. at 14-15).

Defendants, on the other hand, contend that Plaintiff cannot complain that the process now in place for resolving disputes on designation issues is broken because Plaintiff has not exhausted all of its available remedies, such as filing a motion for the Court to resolve the dispute. Plaintiff also argues that in-house counsel's need to confidential information to manage the case does not overcome the risk of inadvertent disclosure. (Docket no. 136 at 10).

Defendants' argument that Plaintiff's motion is premature has merit. Plaintiff agreed to the process now in place and must exhaust all remedies under that process before declaring it to be broken. Plaintiff has not exhausted all of its remedies under the current protective order. Until Plaintiff does so, it cannot show that its need for modifying the protective order outweighs the existing privacy concerns. The Court encourages the parties to limit the number of documents designated as attorney eyes only. It is clear from the submissions that the parties are mis-designating many documents. Finally, the parties should timely respond in good faith to the opposing party's requests for redesignation of information.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Modify Protective Order (docket no. 121) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 17, 2008        s/Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 17, 2008        s/ D. Opalewski for Lisa Bartlett
                            Courtroom Deputy