**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORPORATION,**

    Plaintiff(s),    CASE NUMBER: 07-12807
                HONORABLE VICTORIA A. ROBERTS
v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN**

    **Defendant(s).**
_____/

**CORRECTED* ORDER**

On June 20, 2008, the Court held a status conference regarding outstanding discovery issues. Erin M. Rozycki and Patrick F. Hickey represented Plaintiff; Michael C. Fayz represented Defendant Altair Engineering, Inc.; and, C. Thomas Ludden represented the individual Defendants.

Based on the discussion:

1. The Court determines MSC needs to identify its trade secrets with greater specificity. To accomplish this:

   - Professor Hollaar will use the papers and e-mail correspondence surrounding MSC's "Motion for Reconsideration" to draft a template of what MSC's "$\mu=0$" trade secret is.

   - Professor Hollaar will provide the initial draft template to counsel; it will be designated "Attorneys Eyes Only."

   - Professor Hollaar will have a phone conference with the Court and counsel on **Friday, June 27, 2008 @ 9:30 a.m**. The template will be refined during the phone conference. Subsequent phone conferences will be held as necessary to finalize the template. The

1

- Court will initiate the conference call.

- The parties will also address MSC's request for additional source code and source code repository data. A time frame for Altair's production of this additional information, if necessary, will be established during the initial phone conference. In addition, the Court will set a deadline by which MSC must produce its expert report regarding copying of the source code.

- When the template is finalized, Professor Hollaar will decide whether the "Attorneys Eyes Only" classification is appropriate.

- MSC will use the final template as an example of the amount of specificity required for its remaining trade secret(s). MSC will identify the trade secret(s) the individual Defendants allegedly misappropriated with the amount of clarity required and answer questions for each trade secret:

    A. Why does the trade secret have independent economic value?
    B. Where is the trade secret located in its source code?
    C. Where is the trade secret located in Altair's source code?
    D. What additional information is required to prove its claim?
    E. How was the trade secret allegedly misappropriated?
    F. Which of the individual Defendants allegedly misappropriated the trade secrets?

- MSC must submit all of its specific trade secrets and answers to the questions to the Court by **Friday, July 18, 2008\***. The Court will review MSC's submission with Professor Hollaar to determine if there is enough clarity. Professor Hollaar will determine if the submission should be classified as "Attorneys Eyes Only" or a lower classification. Counsel for Altair and the individual Defendants will receive the submission when it is finalized.

2. Altair and the individual Defendants' time to respond to MSC's First Amended Complaint is **STAYED**.

3. The time for the parties to appeal Magistrate Judge Mona K. Majzoub's discovery Order(s) is **STAYED**.

4. The dates in the Scheduling Order are **SUSPENDED**.

5. Altair and the individual Defendants will continue to produce documents C.

Thomas Ludden refers to in his e-mail to Patrick F. Hickey of Monday, June 16, 2008.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 24, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 24, 2008.

s/Linda Vertriest
Deputy Clerk