**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORP.,**

        **Plaintiff,**           **CIVIL ACTION NO. 07-CV-12807-DT**

    vs.

                                     **DISTRICT JUDGE VICTORIA A. ROBERTS**

**ALTAIR ENGINEERING,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INC., et al.,**
        **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE
INDIVIDUAL DEFENDANTS' MOTION TO RE-DESIGNATE MATERIAL**

This matter comes before the Court on the Motion by Individual Defendants to Re-Designate Material Designated as Attorney Eyes Only or to Otherwise Permit Them to Learn Claims against Them filed on May 28, 2008. (Docket no. 165). Plaintiff has filed a Response. (Docket no. 171). Defendants filed a Reply. (Docket no. 178). This motion was referred to the undersigned for decision. (Docket no. 166). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

The individual Defendants request that three documents be re-designated from Attorney Eyes Only documents to Confidential documents under the protective order in place in this action. Attorney Eyes Only material under the protective order is material which is a trade secret or other highly confidential research, development, or commercial information, the disclosure of which would cause the party competitive harm. (Docket no. 93 ¶ 7). The first two documents are letters exchanged among counsel dated December 18, 2007 and February 4, 2008 in which Plaintiff's counsel discusses the trade secrets at issue in this action. (Docket no. 165 exs. C, D, E). The third

document contains the interrogatory responses that Plaintiff provided to the individual Defendants' First Set of Interrogatories. (*Id.* ex. G). Plaintiff designated all of these documents as Attorney Eyes Only which prevents the individual Defendants from viewing them.

This Court has already determined that a redacted version of the February 4, 2008 letter must be produced to the individual Defendants. (Docket no. 169). Plaintiff previously produced a redacted version of this letter but under this Court's Order must provide a version that redacts less information. This second redacted version of the letter will omit only specific lines of source code. This version will adequately reveal to the individual Defendants all of the information in that letter necessary to protect their due process rights. They do not show that knowledge of the specific lines of source code is necessary for them to be adequately informed of the claims against them.

The December 18, 2007 letter is very similar to the February 4, 2008 letter. Plaintiff contends that the December 18 letter contains less of the same information contained in the February 4 letter. (Docket no. 171 at 5 n.2). The December letter does not contain any references to specific lines of source code. Plaintiff does not explain how the disclosure of the information in the December letter would cause it competitive harm, and the Court cannot conceive that such harm might result. Therefore, Plaintiff must redesignate the December 18, 2007 letter as Confidential so that it may be viewed by the individual Defendants.

Finally, Plaintiff's Interrogatory responses should also be redesignated as Confidential information. Four interrogatory responses are at issue. The answer to the first interrogatory simply gives the names of the persons that Plaintiff consulted to answer the interrogatories. The answer to the second interrogatory specifies the alleged trade secrets at issue. These are for the most part the same as those identified in the February 4, 2008 letter. The specific lines of source code are

included. Plaintiff may redact the specific lines of source code and then redesignate that version of its answer as Confidential information rather than Attorney Eyes Only information. Plaintiff's answer to the third interrogatory lists the names of the individual Defendants that Plaintiff believes have been involved in the misappropriation of each trade secret listed in the answer to Interrogatory No. 2. Plaintiff's answer to the fourth interrogatory simply lists the names of persons with personal knowledge of the trade secrets at issue in this case. With the redaction allowed above, all of these responses should be made available to the individual Defendants.

**IT IS THEREFORE ORDERED** that the Motion by Individual Defendants to Re-Designate Material (docket no. 165) is **GRANTED** to the extent that on or before July 7, 2008 Plaintiff must re-designate the December 18, 2007 letter (docket no. 165 ex. C) as Confidential and re-designate its answers to Defendants' Interrogatories (docket no. 165 ex. G) as Confidential, after redacting the source code references contained in the answer to the second interrogatory, and is otherwise **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 27, 2008            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

June 27, 2008                      s/ Lisa C. Bartlett
                                   Courtroom Deputy