**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                          HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN**

        Defendant(s).
_____/

**ORDER ADOPTING IN PART
SPECIAL MASTER HOLLAAR'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter is before the Court on Altair's "Objections to Report and Recommendation of Special Master Lee A. Hollaar Regarding the Production by Altair Engineering of the Source Code Repository and Development Twiki." (Doc. #191). Altair says Special Master Lee A. Hollaar ("Special Master Hollaar"): (1) exceeded his authority; (2) intruded upon Magistrate Judge Mona K. Majzoub's authority; (3) intruded upon this Court's jurisdiction; (4) materially misstates crucial facts; and (5) does not support his recommendations with legal authority.

According to Altair, if the Court adopts Special Master Hollaar's Report and Recommendation ("R&R"), this case will be engulfed in confidentiality battles and the statutory rights of the parties will be violated.

Altair also says the Court should clarify Special Master Hollaar's authority and

1

establish procedures for the future. MSC agrees.

The Court enters a separate order clarifying Special Master Hollaar's authority, and establishing procedures the parties must follow when an opposing party submits discovery problems to Special Master Hollaar for recommendation.

For reasons discussed below, the R&R is adopted in part.

## II. HISTORY OF PROTECTIVE ORDERS REGARDING THE COPYING AND DISSEMINATION OF SOURCE CODE

On January 28, 2008, the parties entered into a "Stipulated Order Regarding Pending Motions" ("Stipulated Order"). (Doc. #91). The parties agreed that source code and source code repository data would be provided directly to the opposing party's expert witnesses.

On February 1, 2008, the parties entered into an "Amended Stipulated Protective Order" ("Protective Order"). (Doc. #93). The Protective Order provides that material exchanged between the parties fell into three categories: (1) Confidential; (2) All Attorneys Eyes Only; or (3) Highly Confidential/Attorneys' Eyes Only ("AEO"). AEO material can only be viewed by: (1) outside counsel; (2) outside counsel's expert witnesses; (3) expert consultants retained by counsel; and (4) court reporters required to transcribe designated testimony. Source code is AEO material.

On March 14, 2008, the parties reached an "Agreement Regarding Copying or Dissemination of Source Code" ("Source Code Agreement"):

1. Unless and until an Order is entered by the Court permitting such duplication, the experts for the respective parties shall not make or cause to be made copies of the source code of the opposing party, or any portion thereof, other than as is necessary to perform the duties as an expert in this case.

2. The experts for the respective parties shall not provide or deliver any copy of the source code of the opposing party, or any portion thereof, to any person other than his employees directly involved in performance of expert duties in this case.

3. Except as provided herein, the experts for the respective parties shall not duplicate or disseminate the source code of the opposing party.

4. This agreement does not prohibit any expert from describing portions of the source code in the course of his or her work, showing counsel for a party the source code or portions thereof (so long as no copy is made), or from incorporating lines of source code into the expert's report as necessary to explain and support conclusions contained within that report.

5. This agreement is being entered into solely to expedite the source code comparison in this case. It is not to be construed to waive or prejudice any argument by any party regarding the meaning of the Court's prior orders.

Doc. #131 and Exh. A.

On June 10, 2008, Magistrate Judge Majzoub entered an "Opinion and Order Granting in Part and Denying in Part the Individual Defendants' Motion to Compel and Granting in Part and Denying in Part Defendant Altair Engineering, Inc.'s Motion to Compel" ("Source Code Order"). (Doc. #169). It incorporates the Source Code Agreement.

## III. SPECIAL MASTER HOLLAAR'S R&R

On September 9, 2008, Special Master Hollaar filed a "Report and Recommendation[] . . . Regarding the Production by Altair Engineering of the Source Code Repository and Development Twiki." (Doc. #185). The R&R makes five recommendations. This is the September 9, 2008 R&R that Altair objects.

### A. Production of the Source Code Repository and Development Twiki

### for MotionSolve/MotionAuto to MSC's Outside Counsel and Special Master Hollaar (Recommendation #1)

Special Master Hollaar recommends that the Court direct "Altair to provide an unredacted version of the source code repository and development twiki for MotionSolve[/MotionAuto] to MSC's outside counsel . . . in the form that it is normally kept with no encryption or other transformations, and to the Special Master in that form or as a TrueCrypt volume."

On August 25, 2008, Special Master Hollaar recommended Altair provide MSC's experts Dr. Joseph F. McGrath, Michael J. Stackpole, and Bob Zeidman, as well as Special Master Hollaar, a complete and unredacted copy of: (1) the current Perforce repository that contains the source code for MotionSolve and MotionAuto; and (2) the current development twiki (including any source code) for MotionSolve and MotionAuto.

MSC informed Special Master Hollaar that it believed its outside counsel should also receive an unredacted copy of the development twiki, or, at the very least, a redacted copy. Subsequently, Special Master Hollaar included MSC's outside counsel in the list of people entitled to receive an unredacted copy of the development twiki. Altair objects to this.

Based on previous orders entered, the Court finds Special Master Hollaar's recommendation is sound. MSC's outside counsel is entitled to view an unredacted version of the source code repository and development twiki.

The Stipulated Order simply says source code and source code repository data must be sent directly to expert witnesses; it does not prohibit MSC's outside counsel from receiving source code or source code repository data.

Indeed, the Protective Order; Source Code Agreement; and Source Code Order (which incorporates the Source Code Agreement), all allow MSC's outside counsel to view Altair's source code. The Protective Order says outside counsel can view AEO material, which includes source code.

The Source Code Agreement/Source Code Order prohibits experts from duplicating and disseminating the opposing party's source code, but explicitly allows experts to show counsel source code it receives. While the Source Code Order is in effect, *See City of Ecorse v. United States Steel*, 2008 WL 686241 at *1 (E.D. Mich. March 13, 2008), nothing prevents Altair from delivering the source code repository and development twiki to MSC's outside counsel.

A copy of Altair's complete, current, and unredacted development twiki for MotionSolve/MotionAuto must be sent to MSC's outside counsel and Special Master Hollaar unencrypted.

Altair already sends source code for bug fixes to Special Master Hollaar unencrypted as an e-mail attachment. Altair must send Special Master Hollaar a copy of its complete, current, and unredacted source code repository for MotionSolve/MotionAuto unencrypted.

On the other hand, Altair may send MSC's outside counsel a copy of its complete, current, and unredacted source code repository as a TrueCrypt volume to alleviate Altair's concern that a misplaced, unencrypted copy of source code could destroy the value of that intellectual property. While source code repository sent as a TrueCrypt volume adds a level of complication – especially for people who are not technical experts – MSC's outside counsel may contact Special Master Hollaar for

5

assistance.

### B. Production of Operational Copies of the Latest Version of MotionSolve and MotionAuto to MSC's Outside Counsel and Special Master Hollaar (Recommendation #2)

Special Master Hollaar recommendes that the Court direct Altair "to provide operation[al] copies of the latest version of MotionSolve as distributed to customers, including all documentation, and of the latest version of MSAuto if it has been provided to any customer, to MSC's outside counsel and to the Special Master."

This recommendation stems from Special Master Hollaar's experience in similar litigation where he served as an expert. In those cases, Special Master Hollaar believed a running copy of the program gave him a better perspective of the source code he was examining.

However, MSC's outside counsel need not receive it because he is not analyzing source code. Altair must provide this material to Special Master Hollaar and to Dr. McGrath, Mr. Stackpole, and Mr. Zeidman.

### C. Supersede Magistrate Judge Majzoub's Source Code Order (Recommendation #3)

Special Master Hollaar recommends the Court supersede Magistrate Judge Majzoub's Source Code Order so experts can duplicate the opposing party's source code and disseminate it to any person who agreed to abide by the Protective Order.

This recommendation does not exceed Special Master Hollaar's authority. *See* Order dated April 10, 2008 (Special Master Hollaar may review discovery orders entered and make recommendations to the Court concerning outstanding discovery).

Nevertheless, the proper procedure for reviewing a magistrate judge's non-

dispositive order is set forth in Fed. R. Civ. P. 72(a): "[a] party may serve and file objections to [a magistrate judge's] order within 10 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

After the parties expressed a desire to object to Magistrate Judge Majzoub's discovery Orders, the Court stayed the time for the parties to file objections. (Doc. #176).

Because the Court must now decide whether to modify or set aside the Source Code Order, it is appropriate to lift the stay, but only on the parties' time to object to Magistrate Judge Majzoub's Source Code Order.

### D. Extend the Deadline for MSC's Expert Reports (Recommendation #4)

MSC's five expert reports are currently due by February 6, 2009. *See* Order dated August 26, 2008. Special Master Hollaar recommends that the Court "extend[] the date . . . to February 16, 2009, to compensate for the delay in the production of the MotionSolve[/MotionAuto] source code repository and development twiki."

The Court enters a separate order extending the deadlines in the scheduling order.

### E. Special Master Hollaar's Visit to Altair's Site or Sites that Contain the MotionSolve/MotionAuto Source Code Repository and Development Twiki (Recommendation #5)

Special Master Hollaar recommends that the Court direct Altair to "arrange with the Special Master [a] visit [to] the site or sites having the MotionSolve[/MotionAuto] source code repository and development twiki to confirm that the copies produced to

MSC represent all the information as they are kept in the usual course of business, with the Special Master's time and expenses paid solely by Altair."

While the Court agrees a visit is required, the parties will continue to pay Special Master Hollaar's expenses in equal shares. See Order dated April 10, 2008.

**IV. CONCLUSION**

Special Master Hollaar's first recommendation is **ADOPTED**. On or before **November 19, 2008**, Altair must send:

- MSC's outside counsel and Special Master Hollaar a copy of its complete, current, and unredacted development twiki for MotionSolve/MotionAuto unencrypted.

- Special Master Hollaar a copy of its complete, current, and unredacted source code repository for MotionSolve/MotionAuto unencrypted.

- MSC's outside counsel a copy of its complete, current, and unreadacted source code repository for MotionSolve/MotionAuto in a TrueCrypt volume.

Special Master Hollaar's second recommendation is **ADOPTED IN PART**. On or before **November 21, 2008**, Altair must provide Dr. McGrath, Mr. Stackpole, Mr. Zeidman, and Special Master Hollaar an operational copy of the latest version of: (1) MotionSolve as distributed to customers, including all documentation; and (2) MotionAuto, if it was provided to any customer.

The Court **DECLINES TO ADOPT** Special Master Hollaar's third recommendation. The stay on Magistrate Judge Majzoub's Source Code Order is lifted; the stay on the time for the parties to object to Magistrate Judge Majzoub's remaining discovery Orders is still in effect. The briefing schedule is:

- All objections due on or before **November 24, 2008**.
- All responses due on or before **December 4, 2008**.
- All replies due on or before **December 10, 2008**.

As to Special Master Hollaar's fourth recommendation, a separate order extends all deadlines in the scheduling order.

Special Master Hollaar's fifth recommendation is **ADOPTED IN PART**. Altair must contact Special Master Hollaar on or before **November 19, 2008** to arrange a visit to the site(s) with the source code repository and development twiki for MotionSolve/MotionAuto. Special Master Hollaar's expenses will be paid by the parties in equal shares.

**IT IS ORDERED**.

s/Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated: November 13, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 13, 2008.

s/Linda Vertriest
Deputy Clerk

9