**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                    HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN**

        Defendant(s).
_____/

**ORDER CLARIFYING SPECIAL MASTER HOLLAAR'S AUTHORITY
AND ESTABLISHING PROCEDURES TO FOLLOW IN THE FUTURE**

The Court appointed Special Master Hollaar on April 1, 2008. (Doc. #133). That Order said Special Master Hollaar:

1. Will assist the Court with MSC's pending motion for temporary restraining order and/or preliminary injunction.

2. May communicate *ex parte* with the Court regarding the pending motion.

3. May communicate *ex parte* with technical people assembling the information he requires. But, in no case may a technical person be one of the individual Defendants.

4. Will comply with the parties' protective orders.

5. Will review the papers filed by the parties in connection with MSC's motion and provide the Court with a recommendation.

On April 10, 2008, the Court supplemented the April 1st Order and expanded Special Master Hollaar's duties. He also has the ability to:

1

1.  [Have] Access to Magistrate Judge Mona Majzoub, to whom this Court referred outstanding discovery motions. [Special Master] Hollaar will have the ability to communicate with Magistrate Judge Majzoub on an *ex parte* basis also.

2.  Arrange visits with MSC and Altair to determine how each stores and accesses source codes. [Special Master] Hollaar will make recommendations to the Court/Judge Majzoub concerning what each party is to produce in discovery.

3.  Review outstanding discovery production requests, responses and discovery orders entered, to determine what has been complied with. [Special Master] Hollaar will make a recommendation to the Court/Judge Majzoub concerning outstanding discovery.

4.  Review each new test, beta, and commercial version of any software subject to this litigation, in particular, MotionSolve, MotionView, and MotionSolve Auto (includinig "bug fixes" on earlier versions).  Before Altair can provide a new version to an outside source, it is to submit it to [Special Master] Hollaar along with a detailed statement of the changes contemplated to MotionView v9.0 and MotionSolve v9.0.

On August 26, 2008, the Court ordered the parties to submit a list of outstanding discovery issues to Special Master Hollaar.

The parties ask the Court to clarify Special Master Hollaar's authority and establish procedures for the future.

In addition to the duties outlined above, Special Master Hollaar:

1.  Has broad authority to recommend resolutions of any outstanding discovery issue and any that may arise.  He can also make recommendations regarding the appropriate scope and application of protective orders and adjustments to the scheduling order.

2.  Must file recommendations regarding discovery issues with this Court.  The parties have 10 days object, 10 days to respond, and five days to reply.  If the parties do not object within this time frame, the Court will adopt Special Master Hollaar's recommendations.  If a party makes a baseless objection, the Court will consider the imposition of sanctions.

3. Must allow the opposing party to respond to discovery problems. Once a party submits discovery problems to Special Master Hollaar, the opposing party has five days to respond, remedy the problem, or a combination of both. No reply can be filed. Special Master Hollaar may not make a recommendation or respond to the discovery problem until that time has elapsed. The Court will consider the imposition of sanctions on any party who unreasonably fails to remedy the discovery problem.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 13, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 13, 2008.

s/Linda Vertriest
Deputy Clerk