UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                        HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff MSC.Software Corporation's ("MSC") "Motion to Compel Pursuant to Fed. R. Civ. P. 37." (Doc. #200). MSC requests an order compelling discovery from Defendant Altair Engineering, Inc.; the individual Defendants in general; individual Defendant Rajiv Rampalli; and individual Defendant Andrea Pertosa.

MSC also asks the Court to extend the dates in the scheduling order entered on August 26, 2008 by 60 days. The Court did that on November 13, 2008. (Doc. #231). This request is moot.

For the following reasons, MSC's motion to compel is **GRANTED IN PART AND DENIED IN PART**.

1

## II.     MSC's MOTION TO COMPEL DISCOVERY FROM ALTAIR

### A.     Provide Supplemental Responses to MSC's First Non-Expedited Document Requests Numbers 3, 4, 5, 6, 7, 11, and 23

MSC served its "First Set of (Non-Expedited) Discovery Requests Including Interrogatories and Requests for Production of Documents to Altair Engineering, Inc." on August 31, 2007.  Altair responded on October 10, 2007.

MSC believes Altair improperly objected to certain requests for production of documents.  MSC filed a "Motion to Compel Defendant Altair to Provide Complete Responses to MSC's Expedited Discovery Requests and First Set of (Non-Expedited) Discovery Requests, and Motion for Sanctions Pursuant to Fed. R. Civ. P. 37" on November 13, 2007.  (Doc. #67).

On January 28, 2008, this Court entered a "Stipulated Order Regarding Pending Motions" ("Stipulated Order").  (Doc. #91).  The parties agreed that on or before February 1, 2008, Altair shall:

>   (1)   In response to Non-Expedited Document Requests 4, 5, 6, and 7, [produce] documents identifying Altair's development costs for MotionSolve and MotionView (including MotionAutomotive); [and]
>
>   (2)   [S]erve upon MSC supplemental written responses to Non-Expedited Document Requests 3, 4, 5, 6, 7, 11, . . . and 23, setting forth in complete detail the explanation and verification that the materials requested thereby have previously been produced and/or are not records maintained by Altair in the ordinary course of its business.

Altair filed its "First Supplementation of Responses to Plaintiff MSC.Software Corporation's First Set of (Non-Expedited) Requests for Production of Documents" ("Supplemental Responses") on February 4, 2008.  The following requests remain at

issue with respect to Altair.

> **1. "Produce any and all documents that any of the Individual Defendants gave copies of or showed to Altair that in any way relate or refer to MSC or MSC's Adams/Solver or Adams/Car products" (Document Request No. 3)**

In its Supplemental Responses, Altair stated it "has no documents taken from MSC and given or shown to Altair by the Individual Defendants." Further, Altair's letter to Special Master Hollaar dated September 9, 2008 says, "Altair . . . clearly stated that it had no additional documents responsive to Request No. 3."

The Court is satisfied that Altair does not have any documents responsive to request number 3. More importantly, MSC received the requested documents from the individual Defendants who had them in their possession. In addition, MSC will receive supplemental responses from Pertosa and individual Defendant Marc Klinger. *See infra* Section III.

MSC's Requests for Production of Documents to Rampalli; Pertosa; Klinger; and individual Defendants Mark Krueger, Tom Riedeman, and Stephan Koerner required them to "Produce any and all documents that you or anyone acting on your behalf showed or gave copies of to Altair or its agents that in any way relate or refer to MSC, or to MSC's Adams/Solver or Adams/Car Products." This request duplicates document request number 3 to Altair.

Rampalli identified three sets of documents in his "Supplemental Response to First Request for Production of Documents": (1) RR000001 - RR000038; (2) RR000923 - RR030959; and (3) RR041672 - RR041711.

Pertosa indicated he "will produce any responsive documents that he has and

3

that are within the scope of permissible discovery."

Krueger did not respond to the request because MSC indicated it was not directed to him.

Klinger produced "a copy of responsive documents within the scope of permissible discovery."

Riedeman indicated he did not have any responsive documents to produce.

Koerner: (1) indicated he gave an individual a demonstration on how to use the ADAMS online html help, but he does not have a copy of that "document;" and (2) produced a copy of his MSC Employee Confidentiality and Invention Agreement, which he may have sent to Altair before he was hired.

### 2. Non-Expedited Document Requests Numbers 4, 5, 6, and 7

The Court reviews MSC's motion to compel Altair to provide supplemental responses to MSC's First Non-Expedited Document Requests numbers 4, 5, 6, and 7 together:

> **Document Request Number 4**: Produce all financial statements of Altair for each year that MotionView and/or MotionSolve was in production through the present including, without limitation, annual profit and loss statements, and monthly financial reports.
>
> **Document Request Number 5**: Produce any and all documents that in any way relate or refer to Altair's forecasting or projecting what the anticipated costs would be to bring MotionView, MotionSolve, and/or any of either products' subsequent releases to market.
>
> **Document Request Number 6**: Produce any and all documents that relate or refer in any way to the capital expenditures made by Altair to produce MotionView and any subsequent releases of MotionView.
>
> **Document Request Number 7**: Produce any and all documents that relate or refer in any way to the capital expenditures made by Altair to

produce MotionSolve and any subsequent releases of MotionSolve.

To satisfy document requests numbers 4, 5, 6, and 7, the parties agreed in the Stipulated Order that Altair must produce "documents identifying Altair's development costs for MotionSolve and MotionView (including MotionAutomotive)."

MSC does not dispute that Altair produced information regarding the development costs for MotionSolve and MotionView (including MotionAutomotive). MSC's complaint is that Altair only produced a summary of its development costs. According to MSC, "[n]o source for that information was provided, and no underlying documents were produced."

MSC does not indicate how the source behind the development costs is relevant to this litigation. *See* Fed. R. Civ. P. 26(b)(1). The Stipulated Order simply requires Altair to *identify its development costs*. The Court is satisfied that Altair fulfilled its obligation.

> **3. "Produce any and all documents that relate or refer in any way to the gross revenues from the sale of MotionView and/or MotionSolve, or any subsequent releases of either product" (Document Request No. 11).**

In its Supplemental Responses, Altair says:

"gross revenues from the sale of MotionView and/or MotionSolve" are not collected nor maintained in the ordinary course of Altair's operation for the reasons that: (a) Altair clients purchase "tokens" that provide them a time period of access to and use of the entire suite of Altair products, rather than access to and use of specific products such as those at issue in this case; (b) although the number of tokens that must be redeemed for a period of use of Altair products varies among the products in the Altair suite, Altair does not have the ability to track, has not tracked and cannot identify the number of tokens redeemed for or the time periods of use of any specific product, including those at issue in this case. Consequently, Altair has not collected or identified and cannot collect or identify revenues

5

from the sale of tokens on the basis of specific or individual products and, accordingly "gross revenues from the sale of MotionView and/or MotionSolve" are not collected nor maintained in the ordinary course of Altair's operation.

The Court is satisfied that Altair fulfilled its obligation under the Stipulated Order; it explained that the materials requested are not records maintained by Altair in the ordinary course of business.

> **4.** **"Produce any and all correspondence that relates or refer in any way to the marketing of any versions of MotionView and/or MotionSolve" (Document Request No. 23)**

In its Supplemental Responses, Altair says, "(1) the requested material is in the public domain and available to MSC; and (2) it will produce copies of the responsive material that it has retained in the ordinary course of operation." MSC says Altair's response is defective because Altair withheld individual sales presentations.

Altair construed MSC's document request number 23 as a request to produce "nonduplicative and general marketing (rather than specific sales) material." Altair says it previously produced thousands of pages and/or presentations relating to its specific sales efforts and identified clients.

The Court is satisfied that Altair complied with document request number 23 and with the Stipulated Order; it indicated that the requested documents were already produced.

> **B.** **Produce all Documents Responsive to MSC's Second Set of Non-Expedited Discovery Requests for Production of Documents**

MSC served its "Second Set of (Non-Expedited) Discovery Requests Including Requests for Production of Documents to Altair Engineering, Inc.," on October 19, 2007.

6

Altair responded on November 19, 2007.

On October 17, 2008, Altair submitted its "Second Supplementation of Response to Plaintiff's Second Set of (Non-Expedited) Discovery Requests Including Requests for Production of Documents." MSC says this supplementation is insufficient; Altair simply states the documents are contained "within the tens of thousands of [twiki] pages produced by the individual defendants, but they have not identified a bates number, a bates range or even a date on which that production took place." In support of its argument that a generic referral to a mass of documents is not permitted under the Federal Rules, MSC directs the Court to Fed. R. Civ. P. 34(b)(2)(E)(i): "Unless otherwise stipulated or ordered by the court, . . . [a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

MSC's document requests do not specify the form in which Altair has to produce the twiki pages or other electronically stored information. Under Fed. R. Civ. P. 34(b)(2)(E)(ii), "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Altair delivered electronically stored information (e.g., source code repository) to Special Master Hollaar and the opposing party's experts on an external hard disk or USB flash memory in searchable format. Altair sent hard copies of emails to the opposing party with a bates number. The Court finds this procedure complies with Fed. R. Civ. P. 34(b)(2)(E)(ii), and is an efficient way to deliver a mass amount of electronic information.

Nevertheless, MSC says a search of the MotionAutomotive twiki database does

not return documents responsive to its requests related to the October 2007 meeting at Porsche, Audi, and BMW.

Because MSC cannot locate documents Altair says it produced, it is reasonable for Altair to supplement its responses to MSC's second request for documents, numbers 2, 3, 6, 7, 8, 9, and 10. Altair must identify the responsive documents previously produced by bates number, or, in a way in which MSC can easily locate them.

### C. Produce all Documents in Altair's Possession, Custody, or Control that would Evidence Altair's Communications with Third Parties who may have Assisted in the Misappropriation of MSC Trade Secrets, as Requested in MSC's Third Set of Non-Expedited Discovery Requests

MSC served its "Third Set of (Non-Expedited) Discovery Requests to Altair Engineering, Inc." on January 11, 2008. Altair responded on February 11, 2008.

On October 17, 2008, Altair submitted its "First Supplementation of Response to Plaintiff's Third Set of (Non-Expedited) Discovery Requests Including Requests for Production of Documents."

#### 1. Document Requests Numbers 1 through 12

MSC says Altair's October 17th supplementation to requests 1 through 12 is insufficient because it is a "wholesale referral to the twiki database without any specificity." According to MSC, a search of the MotionSolve database for "Charter" and "Milestone" does not return documents.

The Court finds only document requests numbers 1 through 9 relate to the charter or development milestones for MotionSolve.

Because MSC cannot locate documents Altair says it produced, it is reasonable for Altair to supplement its responses to MSC's third request for documents, numbers 1

through 9.  Altair must identify the responsive documents previously produced by bates number, or, in a way in which MSC can easily locate them.

## 2. Document Requests Numbers 13 through 24

MSC's document requests numbers 13 through 24 requests information related to MotionView.

On August 26, 2008, the Court stayed discovery on MotionView because the Template Process revealed that MSC does not assert a claim against MotionView. Accordingly, it does not matter when MSC asked for this information; it is irrelevant information and not discoverable at this juncture.  *See* Fed. R. Civ. P. 26(b)(1).

## 3. "Provide any correspondence written by Jim Scapa, James Brancheau, Rajiv Rampalli, Marc Klinger, Andrea Pertosa, Stephan Koerner, Mark Krueger, Michael Hoffmann, Jin-Fan Liu, Jon Quigley, or Uwe Schramm regarding this lawsuit" (Document Request No. 34)

MSC wants Altair to perform a computer search of emails for the terms "MSC," "lawsuit," "litigation," or "trade secrets" and produce the results.  MSC acknowledges this request encompasses privileged documents, but it asks Altair to produce the non-privileged documents and a privilege log that identifies the documents withheld.

Altair says this request is unduly burdensome, the information was previously produced, and the information is privileged.

The Court finds a search for the terms "MSC," "lawsuit," "litigation" ***and*** "trade secrets" is not unduly burdensome and will return emails that are more responsive to MSC's request than if Altair uses the "or" connector.

Altair must perform that search and produce emails that relate to "this lawsuit" –

not MSC's products. If Altair withholds information it believes is privileged, Altair must: (1) say the information is privileged; and (2) describe the nature of the information in a manner that will enable MSC to assess the claim. *See* Fed. R. Civ. P. 26(b)(5).

> **4. "Please supplement your September 13, 2007 discovery responses to include all documents responsive to those requests that were created subsequent to the collection of documents for that production" (Document Request No. 35)**

MSC asks Altair to produce updated email correspondence, marketing plans, and time records regarding the development of MotionSolve and MotionAutomotive. According to MSC, it needs this discovery to determine whether Altair continues to misappropriate trade secrets.

While Altair continues to develop its products, Altair is required to:

> submit each new test, beta, and commercial version of any software subject to this litigation, in particular, MotionSolve, MotionView, and MotionSolve Auto (including "bug fixes" on earlier versions) to Professor Lee A. Hollaar before Altair provides it to an outside source. With each submission, Altair is also to provide Professor Hollaar with a detailed statement of the changes contemplated to MotionSolve v9.0 and MotionView v9.0.

*See* Order dated April 10, 2008. Altair has complied with this obligation.

To obviate the need for Altair to continuously supplement its responses, Altair must provide MSC's experts: (1) a copy of any new test, beta, and commercial version of MotionSolve(including "bug fixes" on earlier versions) that it already submitted to Professor Hollaar; and (2) a detailed statement of the changes contemplated to MotionSolve v9.0. Altair must copy MSC's experts on future submissions to Professor Hollaar.

**III. MSC'S MOTION TO COMPEL DISCOVERY FROM THE INDIVIDUAL**

**DEFENDANTS**

MSC asks the Court to compel the individual Defendants to supplement their responses to MSC's document requests in which the individual Defendants indicated they will produce documents "within the scope of permissible discovery."

The Court construes "within the scope of permissible discovery" to mean the individual Defendants only produced "relevant and nonprivileged" information. *See* Fed. R. Civ. P. 26(b)(1).

If the individual Defendants withheld information because they believed it was "irrelevant," they must expressly indicate in their response why the information is irrelevant. *See* Fed. R. Civ. P. 34(b)(2)(B) ("the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, *including the reasons*") (emphasis added); *see also PML North Am. L.L.C. v. World Wide Personnel Servs. of Virginia, Inc.*, 2008 WL 1809133 at *1 (E.D. Mich. April 21, 2008) (filing boilerplate objections is like filing no objections at all).

If the individual Defendants withheld information because they believed it was "privileged," they must: (1) say the information is privileged; and (2) describe the nature of the information in a manner that will enable MSC to assess the claim. *See* Fed. R. Civ. P. 26(b)(5). The individual Defendants must supplement as follows:

Klinger: 1, 2, 6, 7, 8, 9, 10, and 11.

Pertosa: 1, 5, 6, 7, 8, 9, 10, 11, and 13.

Koerner: 3, 7, 9, 10, 11, and 13.

Riedeman: 5, 7, 8, 9, 10, 11, and 13.

Rampalli: 4, 5, 7, 8, 9, 10, 11, and 13.

11

Krueger: 4, 5, 7, 9, 10, 11, and 13.

Hoffmann: 2, 6, 7 and 8.

All supplemental responses must comply with Fed. R. Civ. P. 34(b)(2)(B) and/or Fed. R. Civ. P. 26(b)(5).

**IV.     MSC's MOTION TO COMPEL DISCOVERY FROM RAMPALLI**

   **A.     Different Versions of Email Attachments**

MSC says Rampalli submitted a "mass of email" and "many attachments," but says he did not produce every version of the attachments. MSC says it needs to review all versions to determine if differences exist and whether subsequent revisions occurred. MSC asks the Court to compel Rampalli to:

(1) Produc[e] all documents attached to emails produced by Mr. Rampalli in compliance with an Order entered by the Court over a year ago; and

(2) Cur[e] ongoing defects in Rampalli's production that have prevented MSC from being able to determine what documents are outstanding or associat[e] those documents with particular emails.

The Court recognizes Rampalli's efforts to produce the email attachments he inadvertently omitted due to a technological limitation.

However, Fed. R. Civ. P. 26(e)(1) says:

A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response[] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

If different versions of the email attachments exist, Rampalli's disclosure is

incomplete. He must produce the other versions pursuant to Rule 26(e).

### B. Duplicate Production of Documents and Missing Bates Numbers

MSC says Rampalli's document production is defective because: (1) he produced documents with bates numbers RR05081-055096 twice, on two separate documents; (2) he produced two separate documents with bates numbers RR056890-56897; and (3) MSC is missing documents with bates ranges RR055953-RR055954, RR056168-RR056169, RR056248, RR056402-RR056403, RR56509-RR056510, RR056512, and RR56606-RR56607.

Counsel for Rampalli says MSC did not bring these issues to his attention, but he will review the problems now that he is aware of them.

### V. MSC's MOTION TO COMPEL DISCOVERY FROM PERTOSA

### A. Responses to Interrogatories 5 and 6

On December 14, 2007, MSC submitted its "Second Set of Discovery Requests Including Interrogatories and Requests for Documents to Defendants Marc Klinger, Andrea Petrosa[sic] Stephen Koerner, Tom Riedeman, Rajiv Rampalli, and Mark Krueger."

Interrogatory number 5 asks Pertosa to:

Describe in detail [his] specific role in developing and/or improving each of the following MotionSolve product features: (1) enables users to model three dimensional contact of solid bodies with friction; (2) enables users to perform flexible body modeling; and (3) allows the use of subroutines written for Adams Solver.

Interrogatory number 6 asks Pertosa to:

Describe in detail [his] specific role in developing and/or improving each of the following MotionView/MotionAutomotive product features: (1) allows a

13

number of virtual 'drivers' to test cars under a number of driving
conditions; (2) the ability to model compliant elements, such as bushing
and other frequency dependent elements of a car; (3) Vehicle Event
Technology, which enables users to see the results of a successive series
of 'mini maneuvers' rather than a single event; and (4) the capability to
export static vehicle characteristics, such as longitudinal compliance steer.

MSC says Pertosa only provided his MotionSolve and MotionView 8.0 role – he did not answer the interrogatories regarding the 8.0SR1 release, the 9.0 release, or any subsequent planned releases of MotionSolve and MotionView. MSC asks the Court to compel Pertosa to describe his involvement in the creation of MotionSolve and MotionView (including MotionAutomotive) to include descriptions beyond his involvement in the 8.0 release of those products.

Pertosa agrees to supplement his response to interrogatory number 5 regarding the release of MotionSolve 9.0. Pertosa's supplemental response must also include information regarding the release of MotionSolve 8.0SR1 and any subsequent planned releases of MotionSolve.

On August 26, 2008, the Court stayed discovery on MotionView because the Template Process revealed that MSC does not assert a claim against MotionView. Accordingly, Pertosa is not required to supplement his response to interrogatory number 6 regarding the release of MotionView. MSC may ask Pertosa questions about MotionView and MotionAutomotive (a component to MotionView) during depositions.

**B. MSC's Request for Production of Pertosa's Employment Agreement, Drafts of Employment Agreements, or Correspondence Relating to Pertosa's Employment with Altair**

MSC asked Pertosa to "Produce any and all documents that relate or refer in any way to [his] employment with Altair including, without limitation, any employment

14

agreements, drafts of employment agreements, or correspondence." On September 3, 2008, Pertosa agreed to produce a copy of his employment agreement. MSC asks the Court to compel Pertosa to produce drafts of his employment agreements and correspondence relating to his employment with Altair.

Pertosa produced documents with bates numbers AP004323 to AP004341, which supports one revision to Pertosa's employment agreement and includes emails exchanged before Pertosa agreed to work for Altair. These same documents were produced to MSC in response to MSC's request to produce number 4 (labeled with bates numbers AP004342 to AP004360).

The Court denies MSC's request.

### C. Production of Hard Drives from Pertosa's Computers

MSC's request for production number 14 asks Pertosa to "Produce all hard drives, thumb drives or USB drives from any and all personal (non-Altair) computers for inspection and imaging." Pertosa did not produce any hard drives.

MSC asks the Court to compel Pertosa to produce hard drives from his work and personal computers so they can be submitted for forensic examination. According to MSC, an Excel spreadsheet shows Pertosa had a file folder on his computer (after he left MSC) called "Adams_Stuff," which it says he used to develop a template for Altair's attempt to develop MotionAutomotive. MSC wants to examine: (1) the hard drive that contains the "Adams_ Stuff" file to determine what is in it, where it came from, and what else may have been taken; and (2) all of the hard drives from Pertosa's computers to determine if there is other MSC electronic data in Pertosa's possession.

While Pertosa provided MSC the contents of the "Adams_Stuff" directory, he

15

denies MSC access to the hard drives. According to Pertosa, "possession of publicly available documents does not justify an inspection of the hard drive on any computer that he has because when or how he acquired public documents does not affect any issue in this lawsuit." Pertosa says his hard drives contain confidential information irrelevant to this litigation.

While forensic imaging during the course of civil discovery is not uncommon, *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citation omitted), compelled forensic imaging is not appropriate in all cases. *Id.* at 460. "[C]ourts must consider the significant interests implicated by forensic imaging before ordering such procedures." *Id.* The forensic imaging must be premised on an interest significant enough to override the risk of improperly exposing confidential or private information. *Id.*

The Court finds that forensic imaging is inappropriate due to the sensitive nature of this case and MSC's broad discovery request. However, Altair's expert must examine Pertosa's hard drive to determine what was in the "Adams_Stuff" directory on July 5, 2007 (the date on which this litigation started). He must provide the results to MSC with an "Attorneys' Eyes Only" designation.

Altair's expert must also examine the hard drives of Pertosa's non-Altair computers and provide MSC a directory list. If MSC believes a particular directory is relevant, it must send a letter to Altair asking for the contents of that directory. Any documents produced must be designated "Attorneys' Eyes Only."

## VI.   CONCLUSION

### A.   MSC's Motion to Compel Discovery from Altair

MSC's motion to compel Altair to supplement its responses to MSC's first (non-

16

expedited) document requests numbers 3, 4, 5, 6, 7, 11, and 23 is **DENIED**.

MSC's motion to compel Altair to supplement its responses to MSC's second (non-expedited) document requests is **GRANTED IN PART**. Altair must supplement its responses to requests numbers 2, 3, 6, 7, 8, 9, and 10 by **January 7, 2009**. Altair's response must tell MSC where the documents related to the October 2007 meeting at Porsche, Audi, and BMW are located within the twiki pages already produced. Altair is not required to supplement its responses to requests numbers 1, 4, and 5.

MSC's motion to compel Altair to supplement its responses to MSC's third (non-expedited) document requests is **GRANTED IN PART**. Altair is not required to supplement its responses to requests numbers 10 through 24. Altair must:

(1) supplement its responses to requests numbers 1 through 9 by **January 7, 2009**. Altair's response must tell MSC where the documents related to the charter and development milestones for MotionSolve are located within the twiki pages already produced;

(2) supplement its response to request number 34 by **January 7, 2009**, as set forth in Section II.C.3, *supra*; and

(3) supplement its response to request number 35 by: (a) submitting to MSC's experts by **January 7, 2009** any new test, beta, and commercial version of MotionSolve(including "bug fixes" on earlier versions) it already provided Professor Hollaar; and (b) copying MSC's experts on future submissions.

B. **MSC's Motion to Compel Discovery from the Individual Defendants**

MSC's motion to compel the individual Defendants to supplement responses to MSC's document requests – where the individual Defendants said they will produce documents "within the scope of permissible discovery" – is **GRANTED**. The individual Defendants must supplement their responses as set forth in Section III, *supra*.

### C. MSC's Motion to Compel Discovery from Rampalli

MSC's motion to compel Rampalli to produce different versions of email attachments is **GRANTED**. Rampalli must supplement the email attachments by **January 7, 2009**.

MSC's complaint that Rampalli: (1) produced duplicate documents; and (2) did not produce documents with certain bates numbers is being reviewed by counsel for Rampalli. Counsel for Rampalli must fix the problem with duplicate bates numbers and ensure MSC has the missing documents by **January 7, 2009**.

### D. MSC's Motion to Compel Discovery from Pertosa

MSC's motion to compel Pertosa to supplement his response to interrogatory number 5 is **GRANTED**. On or before **January 7, 2009**, Pertosa must describe in detail his role regarding the release of MotionSolve 8.0SR1, 9.0, and any subsequent planned releases of MotionSolve.

MSC's motion to compel Pertosa to supplement his response to interrogatory number 6 is **DENIED**.

MSC's motion to compel Pertosa to produce drafts of his employment agreements and correspondence relating to his employment with Altair is **DENIED**.

MSC's motion to compel Pertosa to produce his hard drives for imaging is **DENIED**. On or before **January 14, 2009**, Altair's expert must: (1) examine Pertosa's hard drive to determine what was in the "Adams_Stuff" directory on July 5, 2007 and produce the results to MSC; and (2) examine Pertosa's non-Altair computers and provide MSC a directory list. All submissions to MSC must be designated "Attorneys'

Eyes Only."

### E.     Defendants' Request for Sanctions

#### 1.     Altair

Altair's request for sanctions is **GRANTED IN PART**. MSC must pay Altair's attorney fees and costs it incurred while responding to MSC's motion to compel Altair to supplement its responses to:

(1)   MSC's first (non-expedited) document requests numbers 3, 4, 5, 6, 7, 11, and 23.

(2)   MSC's third (non-expedited) document requests numbers 13 through 24.

#### 2.     The Individual Defendants

The individual Defendants' request for sanctions is **GRANTED IN PART**. MSC must pay the individual Defendants' attorney fees and costs they incurred while responding to:

(1)   MSC's complaint that Rampalli: (1) produced duplicate documents; and (2) did not produce documents with certain bates numbers; and

(2)   MSC's motion to compel Pertosa to produce drafts of his employment agreements and correspondence relating to his employment with Altair.

**IT IS ORDERED**.

                                             s/Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated: December 22, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 22, 2008.

s/Linda Vertriest
Deputy Clerk