**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                            HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
                                            /

**ORDER**

On December 22, 2008, the Court entered an "Order Granting in Part and Denying in Part Plaintiff's Motion to Compel." (Doc. #256). On or before January 7, 2009, Altair was required to:

(1)    Supplement its responses to MSC's second (non-expedited) request for documents, numbers 2, 3, 6, 7, 8, 9, and 10;

(2)    Supplement its responses to MSC's third (non-expedited) request for documents, numbers 1-9 and 34; and

(3)    Supplement its response to MSC's third (non-expedited) request for documents, number 35 by submitting to MSC's experts any new test, beta, and commercial version of MotionSolve (including "bug fixes" on earlier versions) it already provided Professor Hollaar. Altair is also required to copy MSC's experts on future submissions.

On or before January 14, 2009, Altair's expert was required to examine Andrea Pertosa's non-Altair computers and produce certain reports.

In a letter dated January 2, 2009, Altair asks the court to: (1) extend the January

1

7, 2009 deadline to supplement its responses to MSC's second (non-expedited) request for documents, numbers 2, 3, 6, 7, 8, 9, and 10 until January 14, 2009; (2) extend the January 7, 2009 deadline to supplement its responses to MSC's third (non-expedited) request for documents, numbers 1-9 and 34 until January 14, 2009; (3) extend the January 14, 2009 deadline until January 23, 2009; and (4) hold in abeyance its requirement to submit new test, beta, and commercial versions of MotionSolve to "MSC's experts" until the Court resolves the situation regarding Douglas Peterson's status as a "consulting expert" for MSC.

MSC responded in a letter dated January 5, 2009. It says: (1) Altair does not need additional time to assemble the majority of the material; (2) Altair should have raised its concerns during a telephone conference with the Court on December 23, 2008; and (3) it will be prejudiced by further delay because it cannot perform a meaningful review of the supplemental material before the scheduled depositions.

Altair's request for an extension of the January 7, 2009 deadlines is **DENIED**. Altair already produced the twiki pages and does not need an additional week to tell MSC where certain documents are located within those twiki pages. It also does not require an additional week for Altair to perform an e-mail search for the terms "MSC," "lawsuit," "litigation," and "trade secrets" and produce the results.

Altair's request for an extension of the January 14, 2009 deadline is **DENIED**. That deadline gives Altair's experts adequate time to perform the limited tasks of: (1) examining Pertosa's hard drive to determine what was in the "Adams_Stuff" directory on July 5, 2007 (and providing the results to MSC); and (2) providing MSC a directory list of

files on Pertosa's non-Altair computers.

Altair's request to hold in abeyance its requirement to submit new test, beta, and commercial versions of MotionSolve to "MSC's experts" is **DENIED** for two reasons. First, Altair must submit the new test, beta, and commercial versions of MotionSolve to MSC's testifying experts – Zeidman, McGrath, and Stackpole – only (not Douglas Peterson).  Second, Douglas Peterson is currently prohibited from viewing that information.  The Court will address whether Douglas Peterson may have access to Altair's new test, beta, and commercial versions of MotionSolve in its order regarding Altair's motion to hold MSC and its attorneys in contempt for violating the Stipulated Protective Order.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 5, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 5, 2009.

s/Linda Vertriest
Deputy Clerk

3