UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MSC.SOFTWARE CORPORATION,

                Plaintiff(s),           CASE NUMBER: 07-12807
                                     HONORABLE VICTORIA A. ROBERTS
v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

                Defendant(s).

_____/


**ORDER DENYING ALTAIR'S
MOTION FOR CONTEMPT SANCTIONS**

## I.    INTRODUCTION

This matter is before the Court on Altair's "Motion and Brief to Find

MSC.Software Corporation and its Counsel in Contempt of this Court's Amended

Stipulated Protective [Order] for Admitted Disclosure of Highly Sensitive Material to an

Unauthorized Person and for Contempt Sanctions."  (Doc. #257).  Altair asks the Court

to find MSC and its attorneys in contempt because: (1) MSC's inside counsel retained

Douglas Peterson ("Peterson") as a "consulting expert"; and (2) Peterson disclosed

Attorneys' Eyes Only ("AEO") material to MSC's inside counsel, in violation of the

"Amended Stipulated Protective Order" ("Protective Order").

For the following reasons, Altair's motion is **DENIED**.

1

II.    **BACKGROUND**

Peterson was MSC's Senior Vice President until his resignation effective August 17, 2008.

On July 31, 2008, Peterson entered into a Consulting Agreement with MSC with an effective date of August 18, 2008.  The Consulting Agreement requires Peterson to provide advice to and consult with MSC's General Counsel, Douglas Campbell ("Campbell").  It prohibits Peterson from contacting any other MSC employee unless Campbell expressly authorizes the contact.

Before the effective date of Peterson's consultation services, he entered into an Amended Consulting Agreement with MSC, which superseded the Consulting Agreement.  The August 15, 2008 Amended Consulting Agreement requires Peterson to provide advice to and consult with outside counsel for MSC, not MSC's General Counsel.  The amendment prohibited Peterson from contacting any MSC employee unless outside counsel requests the contact and Campbell expressly authorizes it.

Peterson's Declaration says he: (1) serves as a "consulting expert" to MSC's outside counsel only; (2) did not receive AEO material until he became a "consulting expert"; and (3) has not revealed any AEO material to MSC's employees.

Campbell's Declaration says: (1) he negotiated a consulting agreement with Peterson under which he would act as a consulting expert to MSC's outside counsel; (2) Peterson has not provided him any AEO material; and (3) he specifically informed Peterson that AEO material should only be disclosed to MSC's outside counsel.

In a letter dated December 30, 2008, MSC's outside counsel confirmed

2

Peterson's retention as a "consultant to Dykema" and says:

> as we have discussed in the past, and as you have always operated since your termination of employment with MSC, your contact with regard to this matter should be solely with Dykema's attorneys; discussions with others should take place only at our express direction. Under no circumstances may you disclose any of the confidential information with which you are being entrusted under this retention with any other person who is not entitled to possess that information under the terms of the Amended Stipulated Protective Order.

## III.   APPLICABLE LAW AND ANALYSIS

The Court entered a Protective Order on February 1, 2008. (Doc. #93).

Paragraph 11 says:

> Information designated as Highly Confidential/Attorneys' Eyes Only shall be subject to all of the restrictions, limitations and conditions pertaining to Confidential Information, and in addition, *information designated as Highly Confidential/Attorneys' Eyes Only shall be viewed only by outside Counsel and their expert witnesses and expert consultants retained by Counsel* who have executed an original of the Undertaking and Court Reporters required to transcribe designated testimony. Any deposition testimony or exhibits that are designated as "Highly Confidential/Attorneys' Eyes Only" should be separately transcribed, sealed and marked as "Highly Confidential/Attorneys' Eyes Only."

(Emphasis added).

Altair has the burden to prove by clear and convincing evidence that the

Protective Order "definitively and specifically" prohibits: (1) MSC's inside counsel from

retaining Peterson; and (2) disclosure of AEO material to inside counsel. *See N.L.R.B.*

*v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (citing *SEC v. First Fin.*

*Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). Altair must also prove MSC

and its attorneys committed those prohibited acts.

Ambiguities in the Protective Order are resolved in MSC's favor. *See United*

States v. Conces, 507 F.3d 1028, 1042 (6th Cir. 2007) (quoting Grace v. Ctr. for Auto Safety, 72 F.3d 1236, 1241 (6th Cir. 1996)).  However, MSC's intention to disobey the order is irrelevant to a finding of contempt.  See In re Jaques, 761 F.2d 302, 306 (6th Cir. 1985) (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)).

### A.    Retention of Peterson by MSC's Inside Counsel

Altair says the phrase in the Protective Order:  "expert consultants retained by Counsel" clearly means expert consultants must be retained by outside counsel.

The Court does not find Altair's argument persuasive.

The word "Counsel" in that phrase is ambiguous.  It can be interpreted to include both inside and outside counsel.  This ambiguity is resolved in MSC's favor, and the Court finds Altair did not meet its burden to prove the Protective Order "definitely and specifically" prohibits MSC's inside counsel from retaining Peterson.

Even assuming the Protective Order only allows MSC's outside counsel to retain Peterson, Altair has not provided clear and convincing evidence that MSC's General Counsel exerted any control over Peterson.  Indeed, MSC entered into an Amended Consulting Agreement with Peterson to make clear his services were to MSC's outside counsel.

The Sixth Circuit Court of Appeals construes language in protective orders broadly.  In Grace v. Ctr. for Auto Safety, 72 F.3d 1236 (6th Cir. 1996), the parties entered into a protective order that allowed "the parties, their attorneys and office staff; and the deponent and his attorneys" access to a deposition.  Grace, 72 F.3d at 1240.  A "young" attorney was instructed to send the deposition to an attorney who had not entered an appearance in the case.  Id.  The Sixth Circuit held contempt sanctions were

4

inappropriate because: (1) the protective order does not "clearly and unambiguously" limit dissemination of the deposition to attorneys of record; (2) the protective order must be read to permit dissemination of the deposition to anyone functioning as an attorney for the defendants; and (3) the attorney assisted in the defense for months before the deposition occurred. *Id.* at 1241.

Further, the Court does not believe Altair suffered harm because MSC's inside counsel retained Peterson. Altair does not seem to dispute that MSC could retain Peterson; it simply argues that only MSC's outside counsel has the authority to do so. Altair's argument puts "form over substance."

### B.    Disclosure of AEO Material to MSC's Inside Counsel

The Court agrees with Altair that the Protective Order "definitively and specifically" prohibits the disclosure of AEO material to MSC's inside counsel.

To support its argument that Peterson violated the Protective Order by disclosing AEO material to MSC's inside counsel (and MSC allowed Peterson to do so), Altair says Peterson had telephone conversations with inside counsel as a "consulting expert."

Peterson says he has not revealed any AEO material to MSC's employees and did not discuss AEO material in the telephone conversations with inside counsel.

Altair does not present "clear and convincing evidence" to contradict Peterson.

## IV.    CONCLUSION

The Court exercises its discretion to **DENY** Altair's motion for contempt sanctions. *See Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989) ("a finding of civil contempt is within the discretion of the district court, so that the standard of review in

5

contempt cases is whether the court abused its discretion") (citation omitted).

Peterson may resume his consulting services for MSC's outside counsel. This includes the ability to access AEO material, including Altair's new test, beta, and commercial versions of MotionSolve.

The Court is concerned about section IV.B.1. of Peterson's Amended Consulting Agreement, which allows MSC to terminate Peterson "for Cause." MSC informed the Court that it terminated Peterson's Amended Consulting Agreement on December 31, 2008 and replaced it with a consulting agreement directly with Dykema, but it does not provide the Court a copy of the revised agreement. If the revised consulting agreement does not already do so, MSC must ensure the revised agreement allows Dykema complete control over Peterson as a "consulting expert," including the ability to terminate his services.

The parties must immediately amend the Protective Order to include a provision that: (1) the adverse party must be given notice of additional persons who will sign onto the protective order; and (2) the adverse party has three days to object. *See* Corrected Order dated January 5, 2009. If the parties are unable to agree on the language of the amendment, they may contact the Court for assistance.

Finally, Altair raises an issue concerning Peterson's ability to testify as a fact witness in light of his retention now as a consulting expert for MSC and his access to AEO information. The remedy suggested by Altair is that Peterson as a fact witness be restricted to the subjects of his prior testimony as a witness at the Preliminary Injunction Hearing and as a 30(b)(6) designee at the deposition of MSC on May 19, 2008. This is a sound recommendation. However, the Court will formalize any restriction on Peterson

6

as a fact witness in the context of a motion in limine, if this case proceeds to trial.

The hearing set for January 7, 2009 at 2:30 p.m. is cancelled.  *See* L.R.

7.1(e)(2).

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 7, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 7, 2009.
>
> s/Linda Vertriest
> Deputy Clerk

7