UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                                HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

## ORDER

In a letter dated January 30, 2009, MSC raised three issues: (1) alleged spoliation; (2) deposition of Gisli Ottarsson; and (2) Altair's alleged deficient responses to MSC's Fifth Set of Non-Expedited Discovery Requests.

    **A.**    **Spoliation**

MSC says Andrea Pertosa testified at his deposition that at the request of Altair's General Counsel, Steve Rivkin, he altered the contents of the Altair twiki to eliminate any reference to work done to develop the MotionSolve and MotionAutomotive products past the planned 9.0 release. MSC requested Rivkin's deposition "to determine the purpose and extent of this and any other potential acts of spoliation by Altair."

Altair responded in a letter dated January 30, 2009. Altair says: (1) MSC has the documents it accuses Altair of destroying; and (2) no data was destroyed or removed from the actual twiki database. According to Altair, Pertosa testified that he removed

1

portions of the twiki from a copy of the database.

Altair must provide the Court a copy of Pertosa's entire deposition testimony as soon as it is available, to make an independent assessment for the need to take Rivkin's deposition.

**B.      Deposition of Gisli Ottarsson**

Gisli Ottarsson, an Iceland resident, is a former employee of MSC whom Altair retained to help develop the MotionSolve product.

MSC requests the Court's permission to take Dr. Ottarsson's deposition at a date beyond the current discovery cut-off of February 13, 2009.  MSC says the additional time is required to take steps under international law to compel Dr. Ottarsson's deposition in Iceland.

In an e-mail dated December 18, 2008, Michael Fayz says, "We will arrange a date and location for [Dr. Ottarsson's] deposition."  MSC has a right to rely on that representation, despite the concerns outlined in Mr. Fayz's letter of December 29, 2008. In fact, in the face of several of those concerns, Dr. Ottarsson had already agreed to be deposed in Iceland.  And, the concerns were known to Mr. Fayz when he agreed to arrange the deposition.  Presumably, that would mean that MSC would not need to go through the international procedures to arrange the deposition.  On the other hand, the Court agrees with Mr. Fayz that a simple release and covenant not to sue was not forthcoming from MSC as Mr. Fayz requested.  Perhaps Defendants can propose the language that would be acceptable to Dr. Ottarsson.

Counsel is ordered to resolve this matter by **Friday, February 6, 2009**.

### C.  Altair's Deficient Responses to MSC's Fifth Set of Non-Expedited Discovery Requests

On December 23, 2008, MSC served Altair its Fifth Set of Non-Expedited Discovery Requests. Altair responded on January 26, 2009. MSC says Altair did not provide responsive documents nor the financial information required by MSC's damages experts.

Altair is ordered to produce the documents, subject to the objections noted, to Requests 5, 6, 8, 9, 10, 11, 12, 14, 15, 17, 20, 21, 22, 23, 24, 25, and 26. Production must be by **Friday, February 6, 2009**.

With respect to Requests 28 through 35, Altair is ordered to respond in writing to the concerns raised in MSC's letter of January 30, 2009. The response is to be filed by **Friday, February 6, 2009**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 2, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 2, 2009.
>
> s/Linda Vertriest
> Deputy Clerk