UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                    HONORABLE VICTORIA A. ROBERTS

**v.**

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

ORDER DENYING ALTAIR'S
MOTION TO COMPEL DISCOVERY FROM MSC

**I.    INTRODUCTION**

This matter is before the Court on Altair's "Motion to Compel Discovery from Plaintiff/Counter-Defendant MSC.Software Corporation and for Other Appropriate Remedies." (Doc. #197). Altair asks the Court to: (1) reinstate the template process and require MSC to respond to all template categories by a date certain ("Final Template Responses"); (2) preclude MSC from using material excluded from its Final Template Responses; and (3) stay discovery by MSC until MSC submits its Final Template Responses. When MSC's Final Template Responses are submitted, Altair asks the Court to limit discovery to the items identified with specificity in the template categories.

Altair's motion is **DENIED**.

1

## II. ATTEMPTS TO IDENTIFY MSC'S TRADE SECRET MISAPPROPRIATION CLAIMS WITH SPECIFICITY

### A. Interrogatory Numbers 1 and 3

On August 24, 2007, Altair served discovery requests on MSC, including interrogatory no. 1 and interrogatory no. 3. Interrogatory no. 1 says:

> Describe in detail "[t]he source code for the Adams/Solver and Adams/Car products, as well as the methods and processes utilized by MSC[] in developing that code," and "the integrators, formulas, equations and algorithms that make up the source code" for the following functionalities described by MSC in its complaint and brief:
>
> a) features enabling users to model three dimensionable contact of solid bodies with friction[]
> b) feature enabling users to perform flexible body modeling
> c) feature enabling the use of subroutines written for Adams/Solver
> d) a number of virtual drivers to test cars under a number of driving conditions
> e) the ability to model compliant elements, such as bushing and other frequency dependent elements of a car
> f) Vehicle Event Technology, a feature enabling a user to see the results of a successive series of mini maneuvers rather than a single event
> g) the capability to export static vehicle characteristics, such as longitudinal compliance steer.

Interrogatory No. 3 says:

> Identify with particularity any other "trade secrets" that MSC contends Altair or the individual defendants wrongfully misappropriated and used or will use and for each such item state (a) the basis for contending that the item is a trade secret, and (b) the facts on which you rely to contend that defendants wrongfully misappropriated and used or will inevitably use such trade secret.

MSC responded on September 26, 2007. Altair says the responses were not a good-faith attempt to provide discovery regarding either the "seven functionalities" pled in MSC's Complaint or the "other" trade secrets claims not pled in the Complaint. On

2

February 18, 2008, Altair sent MSC a Request to Supplement its Responses to Interrogatories 1 and 3.

MSC supplemented its responses on April 29, 2008. Altair says the supplemental responses are deficient, and the "Attorneys Eyes Only" designation prevents Defendants from knowing the claims against them.

On August 26, 2008, the Court ordered MSC to supplement its responses by September 8, 2008.

MSC submitted a second supplementation on September 8, 2008. Altair says these supplemental responses are incomplete and still have the "Attorneys Eyes Only" designation.

**B.     Stipulated Order**

On January 28, 2008, Altair and MSC entered into a "Stipulated Order Regarding Pending Motions" ("Stipulated Order"). On or before February 1, 2008, MSC was required to produce or identify:

(1) Documents . . . by Bates number or range or other identifying criteria sufficient to identify the equations, formulas, algorithms and integrators that MSC currently contends are at issue in this case; and

(2) Documents . . . by Bates number or range or other identifying criteria sufficient to identify the trade secrets that MSC currently contends are at issue in this case.

MSC submitted a letter dated February 4, 2008 that says all equations, formulas, algorithms and integrators it contends are at issue in this case are located in the source code. The February 4th letter was designated "Attorneys Eyes Only."

3

Altair says the February 4th letter was not a good-faith attempt to comply with the Stipulated Order.

### C. Motion to Compel MSC to Comply with the Stipulated Order

On February 29, 2008, the individual Defendants and Altair filed a "Motion to Compel Plaintiff MSC.Software Corporation to Comply with Stipulated Order and for Appropriate Sanctions." This motion was referred to the Magistrate Judge.

On June 10, 2008, the Magistrate Judge ordered MSC to: (1) produce documents identifying the specific equations, formulas, algorithms and integrators at issue; and (2) reveal the three functions of the Adams/Tire product it contends are at issue. Altair says MSC did not comply.

### D. Template Process

On June 24, 2008, the Court entered a Corrected Order that initiated the template process. The template process assisted MSC with identifying its trade secrets with greater specificity; it was not intended to be MSC's final proof of misappropriation.

As a result of the template process, MSC identified 50 technical trade secrets it claims are at issue.

After some revision, the Court determined the template provided sufficient clarity into MSC's trade secret claims. MSC provided the template to counsel for Altair and counsel for the Individual Defendants on August 4, 2008.

On August 4, 2008, the Court ordered MSC to produce a complete and detailed listing of its non-technical trade secrets on or before August 15, 2008. MSC submitted a Non-Technical Trade Secret Designation Report on August 18, 2008.

Altair says MSC's template does not describe with specificity the technical trade secrets it claims are at issue, and the non-technical trade secret report contains broad generalities that are grossly inadequate.

## III.     APPLICABLE LAW AND ANALYSIS

Altair relies on *Dura Global Technologies, Inc. v. Magna Donnelly*, 2007 WL 4303294 (E.D. Mich. Dec. 6, 2007) in support of its position that the Court should prevent MSC from proceeding with discovery until MSC specifically identifies the trade secrets it claims Defendants misappropriated.

Plaintiffs in *Dura Global Technologies, Inc.*, described the trade secrets defendant allegedly misappropriated as "valid and subsisting trade secrets, including, but not limited to, trade secrets relating to our sliding window assemblies for motor vehicles." *Dura Global Technologies, Inc.*, 2007 WL 4303294 at *3.  The *Dura Global Technologies, Inc.* Court held plaintiffs' references were too general to specify the trade secrets at issue.  *Id.* at *4, relying on *AutoMed Technologies, Inc. v. Eller*, 160 F.Supp.2d 915, 925 (N.D. Ill. 2001) (plaintiff is normally required to identify with reasonable particularity the matter it claims constitutes a trade secret before it can compel discovery of its adversary's trade secrets).  The Court ordered plaintiffs to file a particularized trade secret list under seal and stayed discovery of defendant's trade secret information until plaintiffs identified the alleged misappropriated trade secrets with reasonable particularity.  *Dura Global Technologies, Inc.*, 2007 WL 4303294 at *5.

Here, MSC used the template process to identify with reasonable particularity the trade secrets it claims Defendants misappropriated.  While all the template categories

5

may not be as specific as Altair would like, the template contains greater specificity than the trade secrets alleged in *Dura Global Technologies, Inc.*, and provides Altair an adequate idea of the trade secrets Defendants allegedly misappropriated.

MSC will continue to conduct discovery until February 13, 2009, its discovery cut-off date.

**IV.    CONCLUSION**

The Court declines to stay discovery and reinstate the template process. The template process that MSC previously engaged in identified with reasonable particularity the trade secrets MSC alleges Defendants misappropriated.

Further, MSC's five expert reports are due on or before April 6, 2009. The reports must specifically address all technical and non-technical trade secrets MSC alleges Defendants misappropriated in separate sections for each allegation. The expert reports will be a clear, complete, and binding list of all trade secrets MSC claims are at issue. Once Altair receives MSC's expert reports, it will have notice of all claims it must defend. Altair will have a fair opportunity to respond to the claims through its expert reports and dispositive motions.

On or before April 6, 2009, MSC must also provide the factual basis for every element of its trade secret misappropriation claim, if it is not included in the expert reports.

The Court will not exclude evidence pursuant to Fed. R. Civ. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

6

MSC's failure to supplement its responses to interrogatory no. 1 and interrogatory no. 3 to Altair's satisfaction was harmless. The template process provided Altair a description of the claims against it with reasonable particularity, and Altair will receive a complete list of the trade secrets MSC alleges Defendants misappropriated when it receives MSC's expert reports.

Altair's Motion to Compel is **DENIED**.

**IT IS ORDERED**.

        s/Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated:  February 5, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 5, 2009.

s/Linda Vertriest
Deputy Clerk

---