UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                        HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC KLINGER, ANDREA PERTOSA, STEPHAN KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
THE INDIVIDUAL DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM MSC**

**I.    INTRODUCTION**

This matter is before the Court on the Individual Defendants' "Motion to Compel Discovery or for Discovery Sanctions." (Doc. #195).

For the reasons stated in the Order dated February 5, 2009, the Court **DENIES** the individual Defendants' request for supplemental responses to:

    (1)    their First Set of Interrogatories numbers 2 and 3; and

    (2)    their Second Request for Production of Documents numbers 7, 8,
             and 15 through 18.

*See* Doc. #271. Those interrogatories and request for documents seek information that MSC must disclose in its expert and/or factual basis reports that are due on or before April 6, 2009.

1

The remainder of the individual Defendants' Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

## II.   ANALYSIS

### A.   Compliance with the Magistrate Judge's Orders dated June 10, 2008 and June 27, 2008

On February 29, 2008, the individual Defendants and Altair filed a "Motion to Compel Plaintiff MSC.Software Corporation to Comply with Stipulated Order and for Appropriate Sanctions."  On May 28, 2008, the individual Defendants filed a "Motion to Re-Designate Material Designated as Attorneys Eyes Only or to Otherwise Permit them to Learn Claims Against them."

These two motions were referred to the Magistrate Judge.

On June 10, 2008, the Magistrate Judge ordered MSC to: (1) produce documents identifying the specific equations, formulas, algorithms and integrators at issue; and (2) reveal to the individual Defendants the three functions of the Adams/Tire product it contends are at issue.

On June 27, 2008, the Magistrate Judge ordered MSC to re-designate two documents as "Confidential": (1) MSC's Responses to the individual Defendants' First Set of Interrogatories; and (2) a letter dated December 18, 2007 that says MSC's trade secret information was used to develop competitive products, including information regarding the derivation of $\mu$ in the SI2 integrator, methods of replacing the UCON constraint in Adams/Car models written for the Fortran Adams/Solver, and information regarding Adams' Tire model.

2

The individual Defendants say MSC did not comply with the Magistrate Judge's Orders. However, on June 24, 2008, the Court stayed the time for the parties to appeal the Magistrate Judge's discovery orders. *See* Doc. #177.

The Court lifted the stay on the June 10th Order only, on November 13, 2008. *See* Doc. #229. Accordingly, until this Court rules on the objections filed to the June 10th Order (and the Court lifts the stay on the June 27th Order and this Court rules on any objections filed), the parties are not required to comply with the Magistrate Judge's discovery orders. (The stay would be meaningless if the parties had to comply with the discovery orders before they received an opportunity to object).

For clarification purposes, the Court's "Order Adopting in Part Special Master Hollaar's Report and Recommendation" is not intended to mean the parties had to comply with the June 10th Order during the stay. *See* Doc. #229 p.5.

Further, the Orders dated June 10, 2008 and June 27, 2008 relate to information MSC must disclose in its expert reports. While MSC may not have complied with those Orders thus far, the individual Defendants will receive the necessary information on or before April 6, 2009.

**B.    Provide a Supplemental Response to the Individual Defendants' First Set of Interrogatories Number 4**

On January 15, 2008, the individual Defendants served MSC their First Set of Interrogatories. Interrogatory number 4 says:

> Please identify each individual that has personal knowledge regarding the [alleged misappropriated trade secrets] and please include in your answer, a summary of the personal knowledge that each identified person is believed to have or is known to have.

The individual Defendants ask the Court to order MSC to provide a supplemental

3

response to interrogatory number 4 that: (1) lists all persons with personal knowledge of the purported trade secrets in both the technical and non-technical trade secret templates; (2) summarizes the personal knowledge that each individual is known or believed to have; and (2) is not designated as "Attorneys Eyes Only."

MSC agrees to list the individuals who have personal knowledge regarding the trade secrets identified in the template that it alleges Defendants misappropriated.

With regard to the individual Defendants' two remaining requests, MSC's factual basis report will contain a summary of the personal knowledge each individual is known or believed to have regarding the alleged misappropriated trade secrets, and both the expert and factual basis report will be designated "Confidential."

### C. Provide Supplemental Responses to the Individual Defendants' Second Request for Production of Documents Numbers 9 through 14 and 20

MSC served its "Response to Individual Defendants' Second Request for Production of Documents" on November 12, 2007.  The individual Defendants say MSC's response to numbers 9 through 14 and 20 are deficient.

> **1.** **"In response to Altair's Interrogatory 2, you state that your 'software program also tracks who has checked in and out which portion of the source code and when those actions took place.'  Please produce a copy of every document that shows what portion(s) of source code at issue in this case was ever checked out by [Marc Klinger, Andrea Pertosa, Stephan Koerner, Tom Riedeman, Rajiv Rampalli, and Mark Krueger], the dates and times on which each such portion of source code was checked out and checked in by [Klinger, Pertosa, Koerner, Riedeman, Rampalli, and Krueger] and the changes that [they] made to this source code" (Request Numbers 9 through 14)**

While MSC's current position is that the individual Defendants can obtain this

4

information themselves using MSC's source code, source code repository, and product life cycle documents, MSC's initial response to the individual Defendants' request for documents says it will "attempt to generate a report containing the dates of check in and the defendants involved."

Because the individual Defendants have a right to rely on MSC's initial response, MSC must provide counsel for the individual Defendants a report that contains the dates and times that each portion of the source code at issue was checked in by Klinger, Pertosa, Koerner, Riedeman, Rampalli, and Krueger (the repository does not track when someone "checks out" source code).  The report must also contain the changes made to the source code at issue.

> **2.    "Please produce a copy of every document that you believe describes what is 'confidential' under or otherwise protected by the terms of any agreement between Plaintiff and any of the individual Defendants and was otherwise communicated to or delivered to any of the individual Defendants while employed with Plaintiff"  (Request Number 20)**

MSC produced the confidentiality agreements that the individual Defendants signed.  However, in an e-mail dated June 19, 2008 to counsel for the individual Defendants, counsel for MSC says he will determine whether "copies of policies, etc., that further confirm [the confidentiality agreements already produced] or other confidentiality obligations" exists.  If such documents exist, MSC must provide them to counsel for the individual Defendants.

5

> **D.  Provide Supplemental Responses to the Individual Defendants' Third Request for Production of Documents Numbers 45, 48, 51 through 53, 55, and 58**

The individual Defendants say MSC's response to their Third Request for Production of Documents numbers 45, 48, 51 through 53, 55, and 58 are deficient.

> **1.  "Please produce a copy of any reports, results, or summaries of any inspection, inventory, audit, or examination of any computers, including laptops, PC's, Macs, handhelds, PDA's, Blackberry devices, or similar machines, any device capable of storing documents or ESI that you provided to Marc Klinger, Andrea Pertosa, Stephan Koerner, Tom Riedeman, Rajiv Rampalli, or Mark Krueger during his[sic] employment with you" (Request Number 45)**

In an e-mail dated June 19, 2008 to counsel for the individual Defendants, counsel for MSC said, "I do not believe (but cannot currently recall) if there are any reports, summaries, etc., of any inspection, but I will check." MSC confirms that no responsive documents exist.

The Court is satisfied that MSC fulfilled its obligation.

> **2.  "With respect to any website you have used for the seven years preceding the filing of your Complaint, including http://www.mscsoftware.com and the links found on this website for your "Knowledge Base," "VPD Community Forums," "Product Updates," "Conference Papers," and "Anonymous FTP Server," please produce all comments, discussions, communications, "white papers," Webinars, posts, publications, documents, and ESI that refer or relates to any Adams product, as referenced in Paragraph 15 of the Complaint and any trade secrets or "MSC.Software Proprietary Information," as referenced in Paragraph 61 of the Complaint" (Request Number 48)**

MSC objects to this request as either unintelligible or overbroad in that it seeks the production of irrelevant documents and information, or the production of publicly

available information.  MSC agrees to respond if the individual Defendants narrow and/or clarify this request.

The individual Defendants say they can access all portions of MSC's website except for its "Knowledge Base."

The Court orders MSC to produce documents from its "Knowledge Base" that are responsive to the individual Defendants' request to produce number 48.

### 3. Request for Production of Documents Numbers 51 through 53

The individual Defendants' request for production of documents numbers 51 through 53 ask for the minutes of MSC's Board of Directors' meetings over the last seven years, resolutions made by the Board of Directors over the last seven years, and a copy of all documents (e.g., notices, minutes, and resolutions) related to MSC's shareholder meetings during the last seven years.

MSC says these requests are overbroad and seek the production of irrelevant documents and information.  MSC says it will respond further if the individual Defendants narrow or revise these requests.

The individual Defendants say they need this information for three reasons.  First, if MSC's marketing and development plans were revealed in the minutes or resolutions, they are not confidential.

Second, the individual Defendants say they stopped working for MSC due to changes in MSC's management structure.  According to the individual Defendants, information about these changes should be documented in the minutes and resolutions.

Finally, the individual Defendants say the requested minutes and resolutions should contain information about MSC's management decisions that caused customers

and employees to alienate themselves.  The individual Defendants say this information is relevant to damages and causation.

The Court orders MSC to provide counsel for the individual Defendants the minutes and resolutions that contain: (1) marketing and development plans it alleges the individual Defendants disclosed to third parties; (2) information regarding changes in MSC's management structure that occurred during the time period in which the individual Defendants resigned; and (3) information about the decisions MSC's management was making during the time that customers and employees began to alienate themselves.

> **4.     "Please produce all documents, such as emails, correspondence or notes, that are related to any complaints that you have received from any customers regarding your support of either Adams/Car or Adams/Solver" (Request Number 55)**

MSC says this request is vague, ambiguous, unintelligible, and overbroad because there is no database of "complaints" from MSC customers.  MSC says it may respond further if the individual Defendants revise and clarify this request.

The individual Defendants say customer complaints regarding the lack of support on the Adams/Car and Adams/Solver products relate to why MSC's customers are considering alternatives to those products and why the individual Defendants stopped working for MSC.

The Court orders MSC to provide counsel for the individual Defendants any complaints it has from customers regarding the lack of support for the Adams/Solver and Adams/Car products (e.g., recordings from the customer support or help desk lines,

letters, notes, and e-mails). The response need not include MSC's resolution to the complaint, which MSC claims could be a highly confidential trade secret.

> **5.     "Please produce all documents, such as press releases [and] marketing materials, that are related to your promotion of Plaintiff's SIM Office product line" (Request Number 58)**

MSC says this request seeks the production of irrelevant documents because the "SimOffice" project was terminated or redirected in late 2005 or early 2006, when the "SimXpert" product became the development focus at MSC. According to MSC, "the request for press releases, marketing, etc. related to SimOffice are not relevant. What is relevant is press releases and marketing regarding SimXpert."

In a letter to Professor Lee Hollaar dated September 2, 2008, MSC said it changed the name of the project from "SimOffice" to "SimXpert" in mid-2006. MSC, therefore, must produce "all documents, such as press releases and marketing materials, that are related to its promotion of the SimXpert product line."

To avoid confusion, MSC is prohibited from alleging the individual Defendants disclosed confidential information or trade secrets related to the "SimOffice" product. In the future, all discovery requests and allegations should related to the "SimXpert" product.

## III.   CONCLUSION

The Court **DENIES** four of the individual Defendants' requests:

(1)   for supplemental responses to their First Set of Interrogatories numbers 2 and 3;

(2)   for supplemental responses to their Second Request for Production of Documents numbers 7, 8, and 15 through 18 (MSC's expert reports must clearly specify which integrators Rampalli developed and/or tuned while he

9

    was an employee of MSC. *See* the individual Defendants' Second
    Request to Produce numbers 7 and 8);

(3)  to require MSC to comply with the Magistrate Judge's Orders dated June 10, 2008 and June 27, 2008; and

(4)  for a supplemental response to their Third Request to Produce number 45.

The individual Defendants' request for a supplemental response to their First Set of Interrogatories number 4 is **GRANTED IN PART AND DENIED IN PART**. On or before **February 17, 2009**, MSC must tell counsel for the individual Defendants, who has personal knowledge about the technical and non-technical trade secrets identified in the templates that MSC claims were misappropriated. MSC need not include a summary of the personal knowledge; that information must be disclosed in MSC's factual basis report.

The individual Defendants' request for supplemental responses to their Second Request for Production of Documents is **GRANTED**. On or before **February 17, 2009**, MSC must produce:

(1)  a report that contains the information outlined in section II.C.1; and

(2)  copies of any documents that further confirm the confidentiality agreements already produced or other confidentiality obligations;

The individual Defendants' request for supplemental responses to their Third Request for Production of Documents is **GRANTED**. On or before **February 17, 2009**, MSC must produce:

(1)  documents from its "Knowledge Base" that are responsive to request number 48;

(2)  the minutes and resolutions as outlined in section II.D.3;

10

    (3)    the information outlined in section II.D.4; and

    (4)    "all documents, such as press releases and marketing materials that are related to its promotion of the SimXpert product line."

**IT IS ORDERED**.

                                      s/Victoria A. Roberts
                                      Victoria A. Roberts
                                      United States District Judge

Dated: February 6, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 6, 2009.

s/Linda Vertriest
Deputy Clerk

---