UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE, INC.,

    Plaintiff,

vs                                        Case No: 07-12807
                                        Honorable Victoria A. Roberts

ALTAIR ENGINEERING, INC., ET AL,

    Defendants.
_____/

## ORDER GRANTING MOTION TO PARTIALLY DISMISS
## CLAIMS PREDICATED UPON THE INEVITABLE DISCLOSURE DOCTRINE

**I.    INTRODUCTION**

This matter is before the Court on Defendants' (except Michael Hoffman) "Motion to Partially Dismiss Claims Predicated Upon the 'Inevitable Disclosure' Doctrine." (Doc. #189). These Defendants ask the Court to dismiss all aspects of MSC's First Amended Complaint that rely upon the "inevitable disclosure" doctrine, including paragraph 64. MSC bases this cause of action on Employee Confidentiality and Inventions Agreements signed by all individual Defendants except Michael Hoffman.

In an e-mail dated November 26, 2008, the Court required supplemental briefs on two issues: (1) the elements of an inevitable disclosure claim under Michigan law; and (2) whether the Court can apply California law to a claim under the Michigan Uniform Trade Secrets Act ("MUTSA").

The parties filed supplemental briefs on December 3, 2008. Neither party

1

addressed the second issue.

Defendants' motion is **GRANTED**.

## II. BACKGROUND

On June 18, 2008, MSC filed a First Amended Complaint. Count III alleges all individual Defendants misappropriated trade secrets in violation of the MUTSA.

Paragraph 64 is in Count III. It says:

> if the individual Defendants have not yet used, disclosed, or otherwise misappropriated MSC.Software Proprietary Information for the benefit of Altair, it is inevitable that they will do so in the future in the normal course of their employment with Altair.

Paragraph 64 is the only paragraph that relies on the "inevitable disclosure" doctrine. Importantly, because MSC captions this Count "Misappropriation of Trade Secrets in Violation of Michigan Uniform Trade Secrets Act", the Court finds MSC intends to limit this Count to a statutory claim. Therefore, this Count does not consider the Agreements entered into by the individual Defendants.

## III. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)).

However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.  APPLICABLE LAW AND ANALYSIS

The Court first decides what law applies.

Defendants ask the Court to apply California law regarding "inevitable disclosure" to MSC's claim under the MUTSA, and argue that the claim should be dismissed since California does not recognize a cause of action for inevitable disclosure. In their Reply Brief, Defendants say even if Michigan law applies, the Court should dismiss the claim. MSC says Michigan law applies.

A federal court sitting in diversity must apply the law of the forum state, including its choice of law rules. *Auto. Logistics Productivity Improvement Sys. Inc. v. Burlington Motor Carriers, Inc.*, 986 F.Supp. 446, 447-48 (E.D. Mich. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Erie v. Tompkins*, 304 U.S. 64 (1938); *In re Air Crash Disaster at Detroit Metro. Airport v. Northwest Airlines*, 757 F.Supp. 804, 807 (E.D. Mich. 1989)).

Misappropriation of trade secrets is a tort. *Mike's Train House, Inc. v. Lionel,*

3

*L.L.C.*, 472 F.3d 398, 413 (6th Cir. 2006) (citing *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F.Supp.2d 943, 948-49 (W.D. Mich. 2003); *Vic's Quality Fruit Market, III, Inc. v. Busch's, Inc.*, 2002 WL 1374174 at *4 (Mich.Ct.App. June 25, 2002)). Under Michigan's choice of law rules, Michigan law applies to tort actions absent a "rational reason" to displace it with the law of a foreign jurisdiction. *See Whitfield v. Bic Corp.*, 1994 WL 520892 at *6 (6th Cir. Sept. 21, 1994) (citing *Olmstead v. Anderson*, 428 Mich. 1 (1987)). To determine if a "rational reason" exists, the Court engages in a two-step analysis. First, it determines if a foreign state has an interest in having its law applied. If no other state has an interest, Michigan law applies. If another state has an interest, the Court determines if Michigan's interests mandate that Michigan law be applied despite the foreign state's interests. *Foster v. Fed. Express Corp.*, 2005 WL 3369484 at *3 (E.D. Mich. Dec. 12, 2005) (quoting *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286 (1997)).

Defendants say "rational reasons" exist for the Court to apply California law: (1) MSC chose California law to govern the individual Defendants' Agreements; (2) MSC's principal place of business and world headquarters are in California (MSC only has an office in Michigan); and (3) the Agreements govern the post-employment behavior of the individual Defendants.

The Court disagrees.

Paragraph 64 relates to MSC's claim under the MUTSA, not its breach of contract claim. The State of California does not have an interest in having its law applied to a claim brought under a specific Michigan statute. Accordingly, the Court applies Michigan law to MSC's "inevitable disclosure" claim.

4

Michigan has not endorsed the "inevitable disclosure" doctrine. *See Degussa Admixtures, Inc. v. Burnett*, 277 Fed.Appx. 530, 535 (6th Cir. 2008). Nonetheless, that doctrine has been mentioned in federal and state cases arising in Michigan.

In *Allis-Chalmers Mfg. Co. v. Cont'l Aviation & Eng'g Corp.*, 255 F.Supp. 645 (E.D. Mich. 1966), the Court granted a preliminary injunction because the hearing led to the following conclusions:

(1)   the former employer had confidential proprietary information which constituted protectable trade secrets that were not disclosed to the public;

(2)   the nature of the research and development work performed by the employee at his former place of employment, and the type of work that the employee would perform at his future place of employment led to an "inevitable and imminent" danger of disclosure of the former employer's trade secrets and use of those trade secrets by the future employer; and

(3)   it was virtually impossible for the employee to perform his duties for the future employer to the best of his ability without giving the future employer the benefit of the former employer's confidential information.

*Allis-Chalmers Mfg. Co.*, 255 F.Supp. at 654.

In *CMI Int'l, Inc. v. Intermet Int'l Corp.*, 251 Mich.App. 125 (2002), the plaintiff appealed, *inter alia*, the trial court's order denying a preliminary injunction and granting defendants summary disposition on plaintiff's claim under the MUTSA. The appellate court affirmed the trial court's decision, stating that although a court can enjoin actual or threatened misappropriation of a trade secret, "[n]o Michigan case has interpreted the statutory provision concerning threatened misappropriation." *CMI Int'l, Inc.*, 251 Mich.App. at 132-33 (citing MCLA §445.1903). According to the court, even if a threatened misappropriation claim encompasses the concept of inevitable disclosure, a former employer could not compromise an employee's right to change jobs. *See id.* at

5

133-34 (citing *Hayes-Albion Corp. v. Kuberski*, 421 Mich. 170, 188 (1984)).

*CMI, Int'l, Inc.* made it clear that "for a party to make a claim of threatened misappropriation, whether under a theory of inevitable disclosure or otherwise, the party must establish more than the existence of generalized trade secrets and a competitor's employment of the party's former employee who has knowledge of trade secrets." *See id.* at 134 (citing *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269 (7th Cir. 1995)); *see also Strenstrom Petroleum Services Group, Inc. v. Mesch*, 375 Ill.App.3d 1077, 1096 (2007) ("The fact that a former employee accepted a similar position with a competitor, without more, will not demonstrate inevitable disclosure.  Courts also consider the level of competition between the parties and the new employer's actions to prevent unlawful disclosure of trade secrets") (citing *Liebert Corp. v. Mazur*, 357 Ill.App.3d 265, 284 (2005)).

MSC's Complaint does not allege anything more than what the Court in *CMI, Int'l, Inc.* found to be insufficient.

In *PepsiCo, Inc.*, a case arising under The Illinois Trade Secret Act, there was evidence that the employee demonstrated a lack of trustworthiness and a willingness to misuse the former employer's trade secrets:

> [The employee's] lack of forthrightness on some occasions, and out and out lies on others, in the period between the time he accepted the position with defendant Quaker and when he informed plaintiff that he had accepted that position leads the court to conclude that [the employee] could not be trusted to act with the necessary sensitivity and good faith under the circumstances in which the only practical verification that he was not using plaintiff's secrets would be [the employee's] word to that effect.

*PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995).

Count III of MSC's First Amended Complaint does not allege that the individual Defendants engaged in deceitful conduct or could not be trusted with MSC's trade secrets. It simply says the individual Defendants had access to MSC's Proprietary Information; "[u]pon information and belief," the individual Defendants misappropriated MSC's Proprietary Information for Altair's benefit; and it is inevitable that the individual Defendants will misappropriate MSC's Proprietary Information in the future.

In its supplemental brief, MSC says the individual Defendants are likely to misappropriate its trade secrets because: (1) Rajiv Rampalli told Mr. McDevitt to destroy certain documents evidencing trade secret misappropriation; (2) Rampalli told Mr. Krueger to destroy troubling documents; and (3) e-mails exist which demonstrate efforts to stop discussions "on line" to avoid leaving evidence of misappropriation.

The destruction and concealment of evidence is always troubling. However, these allegations are outside of the pleadings. The Court confines itself to the allegations in the First Amended Complaint for purposes of considering this Rule 12(b)(6) motion.

The individual Defendants have knowledge of MSC's alleged trade secrets, MSC and Altair are strong competitors, and the individual Defendants may perform the same type of work at Altair that they performed at MSC, and use general knowledge gained from MSC at Altair. However, the fact that trade secrets may exist, and the fact that Altair employs the individual Defendants, who have knowledge of the alleged trade secrets are insufficient to allege a threatened misappropriation claim.

Since discovery is ongoing, MSC may be in a position to amend its First Amended Complaint to add a threatened misappropriation claim, or seek injunctive

7

relief.

**V.    CONCLUSION**

Defendants' motion is **GRANTED**.  Paragraph 64 under Count III of the First Amended Complaint is **DISMISSED** as to all individual Defendants except Michael Hoffman.

While the Court believes only paragraph 64 relies on the "inevitable disclosure" doctrine, MSC is prohibited from arguing that the individual Defendants (except Michael Hoffman) will "inevitably disclose" its confidential or proprietary information in breach of their Agreements (count I of the First Amended Complaint).  *See* Order dated April 10, 2008 at p.15-16.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  June 25, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 25, 2009.

s/Linda Vertriest
Deputy Clerk

---