UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                        HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

ORDER DENYING DEFENDANTS'
MOTION FOR ENTRY OF ORDER FOR EXPEDITED DISCOVERY

On June 19, 2009, Defendants filed an "Emergency Motion and Brief for Expedited Relief for Violation of the Amended Stipulated Protective Order." (Doc. #306). The essence of Defendants' argument was that MSC violated the Amended Stipulated Protective Order by providing Defendants' highly confidential and trade secret material to MSC employees. Defendants asked the Court for the right to discover the extent of disclosure through expedited discovery or an evidentiary hearing.

Oral argument was heard on July 14, 2009.

Following oral argument, the Court entered an Order allowing both sides to discover the extent of disclosure and requiring the parties to file a Stipulated Proposed Order that addressed the issues raised at the hearing. *See* Order dated July 14, 2009 (Doc. #322).

On July 17, 2009, the Court entered a Stipulated Order Regarding Defendants'

1

Emergency Motion for Expedited Relief for Violation of the Amended Stipulated Protective Order.  (Doc. #323):

> "I.  On or before July 28, 2009, MSC will provide sworn statements under oath from each person (other than experts) who received any portion of any expert report or trade secret template containing any summary or description of material designated by any Defendant as Attorneys Eyes Only, stating:
>
>   A.  A complete description and identification of all materials received.
>
>   B.  The date(s) the material was received.
>
>   C.  Where the material was received and the location(s) of the material since its receipt.
>
>   D.  The manner or mode of delivery of the material.
>
>   E.  The form (e.g., hardcopy, electronic) in which the material was received.
>
>   F.  Whether copies were made or disseminated by the affiant to any other person, and if so, provide the detail required in sections I.A. thru I.E above as to each other person.
>
>   G.  Were the contents disclosed by the affiant to any other person, other than experts or in a privileged communication, and if so provide the detail required in sections I.A. thru I.E above.
>
>   H.  Verifying that materials and any and all copies have been returned to counsel.
>
> Defendants retain the right to inspect the returned materials, subject to applicable privilege."

This Stipulated Order resolved the Emergency Motion filed by Defendants on June 19th.  As stipulated, MSC submitted sworn statements on August 4, 2009 from Douglas Campbell, Doug Hargett, Brett Harris, John Hoban, Ian Hubert, Jacco Koppenaal, Jagan Kypa, John A. Mongelluzzo, Ashfaq Munshi, Jose Ortiz, Mark

2

Pickelmann, Ingo Porsche, Andrei Schaffer, Vikram Sohoni, and Jan Van Oosten.

On August 7, 2009, Altair sent MSC a document called "Expedited Special Discovery Regarding MSC's Distribution of Defendants' Attorneys' Eyes Only Material." Altair asked MSC to confirm in writing by August 10, 2009 that it would provide the requested information through verified responses and all documents by August 21, 2009. MSC did not respond.

Defendants have now filed a "Supplemental Brief in Support of Defendants' Emergency Motion for Expedited Relief for Violation of the Amended Stipulated Protective Order and Request for Entry of Order for Expedited Discovery." (Doc. #330) (Even though an Order entered disposing of that motion). Defendants say the sworn statements submitted by MSC are deficient, and that MSC has not accounted for the "who, what, when, where and how" of the dissemination of the Protected Material. Defendants say the sworn statements are incomplete, ambiguous and, in several instances, contradictory. MSC responded to Defendants' Supplemental Brief.

The Court reviewed the sworn statements MSC submitted; they comply with the July 17, 2009 Order.

Defendants' motion for expedited discovery is **DENIED**.

However, Defendants may arrange a time and place to inspect the materials MSC's employees returned to counsel for MSC.

In addition, counsel for MSC has until September 4, 2009 to ensure: (1) Ashfaq Munshi destroyed all documents he received; (2) Jan Van Oosten permanently deleted the material he received from his Outlook achieve folder on his MSC-issued laptop, and from MSC's backup files; and (3) all MSC employees who received Protected Material

3

filed sworn statements that comply with the July 17, 2009 Order.  If it is discovered after September 4, 2009 that all documents were not destroyed or returned, or that all MSC employees did not file sworn statements, counsel for MSC is subject to sanctions.

Further, Defendants may use depositions to obtain information about material MSC's employees received and information contained in the sworn statements.

Finally, counsel for MSC is prohibited from sharing Protected Material with any unauthorized individual, including potential purchasers of MSC.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 27, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 27, 2009.

s/Linda Vertriest
Deputy Clerk