UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                          HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC KLINGER, ANDREA PERTOSA, STEPHAN KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

### ORDER GRANTING ALTAIR'S
### MOTION TO LIMIT THE TESTMONY OF DOUGLAS PETERSON

On December 23, 2008, Altair filed a "Motion and Brief to find MSC.Software Corporation and its Counsel in Contempt of this Court's Amended Stipulated Protective [Order] for Admitted Disclosure of Highly Sensitive Material to an Unauthorized Person and for Contempt Sanctions." Altair asked the Court to find MSC and its attorneys in contempt because: (1) MSC's inside counsel retained Douglas Peterson as a consulting expert; and (b) Peterson disclosed Attorneys' Eyes Only ("AEO") material to MSC's inside counsel, in violation of the Amended Stipulated Protective Order.

On January 7, 2009, the Court denied Altair's motion for contempt sanctions. Over Altair's objection, the Court held that Peterson, MSC's former Vice President of Product Development, could continue to serve as a consulting expert for MSC, but only if he was employed by MSC's outside counsel (as opposed to employed directly by MSC). With respect to Altair's concern that any testimony given by Peterson as a Fed.

1

R. Civ. P. 30(b)(6) witness should be restricted to testimony he gave at the Preliminary Injunction hearing and at his deposition on May 19, 2008 – before he viewed AEO material – this Court reserved ruling, stating only that Altair's recommendation was sound, and that the Court would address the matter in a more formal motion in limine. That motion is now before the Court as Altair's "Motion to Limit the Testimony of Douglas Peterson and Compel MSC.Software Corporation to Comply with Rule 30(b)(6) Notices of Deposition."  (Doc. #308).

Oral argument was heard on September 1, 2009.

The parties agree on the following: (1) any testimony given by Peterson would be limited to testimony about information known or reasonably available to MSC, *See* Fed. R. Civ. P. 30(b)(6), and to information Peterson has without reference to AEO material (gained before his employment with MSC ended on August 17, 2008); (2) a party's 30(b)(6) witness can be a former employee; (3) Peterson identified the alleged misappropriated trade secrets both before and after he became an expert consultant; and (4) Peterson has viewed Altair's AEO material since he became a consulting expert hired by MSC on August 18, 2008, and he continues to view AEO material.

Altair objects to MSC's designation of Peterson as its 30(b)(6) witness because he had access to AEO material as a consulting expert.  Altair argues that there will be no way to discern if Peterson's testimony is derived from knowledge he gained as an employee of MSC, or from knowledge he derived from AEO material he viewed as a consulting expert.

MSC says it will identify and produce witness(es) in addition to Peterson to testify regarding subject matters Peterson does not have knowledge of.

The Court **GRANTS** Altair's motion.

Altair seeks a 30(b)(6) witness who can:

"testify regarding the complete basis, including all documents and information referred to or relied upon, of any determination by MSC or its agents that each of the alleged trade secrets described as Trade Secret Nos. 1 through 50 in the Technical Trade Secret Template Responses of August 2008 and/or in Plaintiff MSC.Software Corporation's Supplemental Technical Trade Secret Descriptions of April 2009 met all criteria necessary to constitute a "trade secret," including the complete basis of any determination by MSC or instruction to Dr. McGrath/Mr. Stackpole:

(a)  That each alleged trade secret was at all times the intellectual property of MSC not acquired from public sources or by licensure or misappropriation from others, and a precise description of the actions taken by MSC to independently develop such trade secret;

(b)  That MSC derives or derived at any relevant time economic value from each item;

(c)  That each alleged trade secret was at all relevant times not generally known to or readily ascertainable by other persons who can obtain economic value from its disclosure or use;

(d)  That MSC made efforts to maintain the secrecy of each alleged trade secret, and a precise description of all such efforts;

(e)  That MSC had not disclosed or allowed others to disclose each alleged trade secret through on-online help, product manuals, product documentation or in any form or fashion to customers or the public; and

(f)  That any effort by MSC to maintain the secrecy of each alleged trade secret was reasonable under the circumstances."

While Peterson may be the most knowledgeable person who can testify regarding the subjects Altair identified in its 30(b)(6) notices, MSC admits there are other individuals who are knowledgeable as well, and who have not had access to AEO material.  MSC acted at its peril when it provided AEO material to the person it believes is most knowledgeable about this litigation, and who might be its best 30(b)(6) witness.

Peterson could have served as an expert consultant to MSC's outside counsel and not reviewed AEO material.  Then he would have been preserved as a legitimate 30(b)(6) witness, even testifying to specialized knowledge he gained as an MSC employee.  Counsel did not choose that path.  Instead, it allowed Peterson to prepare himself as Drs. Stackpole and McGrath have, diminishing Peterson's capacity and effectiveness as a mere fact witness.

MSC must notify Altair by **September 11, 2009**, who of the 13 people identified in MSC's letter of June 9, 2009, will be presented as 30(b)(6) witnesses on the subjects identified in Altair's notices.

If Peterson prepares the named 30(b)(6) witnesses for deposition, he is not to use any knowledge he gained from reviewing Altair's AEO material in his preparation of witnesses.

Further, experts and counsel for both sides are likewise admonished if they assist in the preparation of 30(b)(6) witnesses.

MSC's request for attorneys' fees is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 4, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 4, 2009.

s/Carol A. Pinegar
Deputy Clerk

4