UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                     HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC KLINGER, ANDREA PERTOSA, STEPHAN KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

## ORDER GRANTING MSC'S
## MOTION TO DISMISS ALTAIR'S COUNTER-COMPLAINT

MSC sued Defendants on July 5, 2007. On June 18, 2008, MSC filed a First Amended Complaint. Altair responded on September 15, 2008 and asserted a Counter-Complaint. The Counter-Complaint says MSC violated Section 2 of the Sherman Antitrust Act by filing an objectively baseless lawsuit, designed to preserve MSC's monopoly power and cause Altair competitive harm. *See* 15 U.S.C. §2:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by [a] fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

Before the Court is MSC's "Motion to Dismiss Defendant/CounterPlaintiff's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and/or 56(c)." (Doc. #206).

1

Supplemental briefing was completed by June 29, 2009.

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)).

However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

The *Noerr-Pennington* doctrine protects MSC from antitrust liability unless Altair proves the lawsuit is objectively baseless. *See Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993).

MSC says Altair's Counter-Complaint must be dismissed pursuant to Fed. R. Civ.

P. 12(b)(6) because it does not allege that MSC's entire lawsuit is objectively baseless. To survive a motion to dismiss and avoid *Noerr-Pennington* immunity, MSC says Altair's Counter-Complaint must contain more than general allegations that the seven functionalities pled in the First Amended Complaint are objectively baseless; it must contain specific allegations that MSC's tortious interference claim and the 62 trade secrets identified in discovery are objectively baseless. *See DirecTV, Inc. v. Rayborn*, 2003 WL 23200248 at *5-6 (W.D. Mich. May 21, 2003) (general allegations do not adequately explain why plaintiff's lawsuit is objectively baseless) (citing *Raines v. Switch Mfg.*, 1997 WL 578547 at *6 (N.D. Cal. July 28, 1997) ("if a bare allegation of bad faith litigation were sufficient to defeat the *Noerr-Pennington* bar, every claimant would be able to avoid the intent of the Supreme Court merely by alleging bad faith on the part of the party seeking to enforce the patent")); *see also Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F.Supp.2d 1214, 1221-22 (E.D. Cal. 2005) (defendant's allegation that one claim is objectively baseless does not bring plaintiff's entire complaint within the "sham" exception to the *Noerr-Pennington* doctrine when plaintiff's complaint contained seven additional claims).

Altair says it will amend its Counter-Complaint to specify how MSC's additional claims are objectively baseless when MSC files a complaint that includes all the trade secrets it alleges Defendants misappropriated.

MSC says it cannot file a complaint that contains all evidence of misappropriation without exposing its alleged trade secrets, nor is it required to do so. Altair did not disagree when MSC made this assertion in open court on September 1, 2009.

3

That said, MSC's claims against Altair are broader than the seven functionalities that Altair's Counter-Complaint alleges are objectively baseless. For that reason, MSC's motion to dismiss Altair's Counter-Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**, and Altair's Counter-Complaint is **DISMISSED WITHOUT PREJUDICE**. *See VAE Nortrak N. Am., Inc. v. Progress Rail Services Corp.*, 459 F.Supp.2d 1142, 1166 (N.D. Ala. 2006) ("[t]his court's understanding of *Noerr-Pennington* is that the entire lawsuit - not just certain alleged claims - must be objectively baseless and brought with the requisite level of subjective mal-motive in order for the doctrine not to apply.").

Altair has 60 days to amend its Counter-Complaint in response to MSC's allegations that Defendants misappropriated non-technical trade secrets and 39 technical trade secrets. Altair's amended Counter-Complaint must also address MSC's tortious interference claim; this claim is still part of MSC's lawsuit. *See* Order dated June 4, 2009 (denying Altair's request for leave to file a motion to dismiss MSC's tortious interference claim and requiring MSC to provide Defendants the factual basis for its tortious interference claim, as well as the documents and witnesses it intends to rely upon at trial to support this claim). Altair's amended Counter-Complaint must be filed under seal and assert a factual basis for its allegations that MSC's claims are objectively baseless.

Because the Court dismisses Altair's Counter-Complaint pursuant to Fed. R. Civ. P. 12(b)(6), it need not address MSC's arguments that it should be dismissed pursuant to Fed. R. Civ. P. 56(c) and/or Fed. R. Civ. P. 12(f).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 10, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 10, 2009.

s/Carol A. Pinegar

Deputy Clerk

---

5