UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),　　　　CASE NUMBER: 07-12807
　　　　　　　　　　　　　　　　　HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC KLINGER, ANDREA PERTOSA, STEPHAN KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

**ORDER**

**I.　BACKGROUND AND PROCEDURAL HISTORY**

On June 19, 2009, Defendants filed an Emergency Motion and Brief for Expedited Relief for Violation of the Amended Stipulated Protective Order. The essence of Defendants' argument was that MSC violated the Amended Stipulated Protective Order by providing Defendants' highly confidential and trade secret material to MSC employees. Defendants asked the Court for the right to discover the extent of disclosure through expedited discovery or an evidentiary hearing.

On July 17, 2009, the Court entered a Stipulated Order Regarding Defendants' Emergency Motion for Expedited Relief for Violation of the Amended Stipulated Protective Order. This Stipulated Order resolved the Emergency Motion filed by Defendants on June 19th.

As stipulated, MSC submitted sworn statements on August 4, 2009 from Douglas

1

Campbell, Doug Hargett, Brett Harris, John Hoban, Ian Hubert, Jacco Koppenaal, Jagan Kypa, John A. Mongelluzzo, Ashfaq Munshi, Jose Ortiz, Mark Pickelmann, Ingo Porsche, Andrei Schaffer, Vikram Sohoni, and Jan Van Oosten.

On August 7, 2009, Altair sent MSC a document called Expedited Special Discovery Regarding MSC's Distribution of Defendants' Attorneys' Eyes Only ("AEO") Material. Altair asked MSC to produce five documents and respond to eight interrogatories:

**Special Document Request No. 1**: For each transmission of AEO Protected Materials to any MSC employee, produce any records evidencing the date of each transmission, including all FedEx or other shipping labels, cover letters, and/or emails attaching or enclosing the AEO Protected Materials.

**Special Document Request No. 2**: Produce all correspondence regarding any protective order entered in this litigation sent to or from any MSC employee who received AEO Protected Material.

**Special Document Request No. 3**: Produce any document sent to or from any MSC employee who received AEO Protected Material discussing or concerning Altair, the Individual Defendants, or this litigation any time from and after April 1, 2009.

**Special Document Request No. 4**: Produce any communication between John Mongelluzzo and Ashfaq Munshi regarding the contents of the AEO Protected Materials any time from or after April 1, 2009.

**Special Document Request No. 5**: Produce any communication between John Mongelluzzo and Douglas Campbell regarding the contents of the AEO Protected Materials any time from or after April 1, 2009.

**Special Interrogatory No. 1**: Has any MSC employee received AEO Protected

2

|  |  |
|---|---|
|  | Material who has not provided a declaration pursuant to . . . Section I of the Court's July 17 Order?  If so, for each individual, provide the information required in Section I of the Court's July 17 Order. |
| **Special Interrogatory No. 2**: | For each Declarant, identify by name each individual with whom the Declarant spoke about the contents of the AEO Protected Materials, the identities of any other person present at the time of the conversation, the dates on which the Declarant discussed the AEO Protected Materials, and the general subject matter of the conversation. |
| **Special Interrogatory No. 3**: | For Douglas Campbell, identify the following: |

    a.)    the exact dates he had any AEO Protected Materials in his custody
    b.)    the name of any individual who sent him any AEO Protected Materials
    c.)    specifically where he kept the AEO Protected Materials
    d.)    the subject of any conversation, including specific comments, regarding the AEO Protected Materials.

**Special Interrogatory No. 4**:    For John Mongelluzzo, identify the following:

    a.)    the exact dates he had any AEO Protected Materials in his custody
    b.)    the name of anyone who sent him any AEO Protected Materials
    c.)    specifically where he kept the AEO Protected Materials
    d.)    the subject of any conversation, including specific comments, regarding any AEO Protected Materials.

**Special Interrogatory No. 5**:    For Asfaq[sic] Munshi, identify the following:

    a.)    the names of anyone who sent him any AEO Protected Materials
    b.)    how and when he destroyed any AEO Protected Materials
    c.)    the name of anyone with whom he discussed

                                        any AEO Protected Materials, and the dates on which they spoke

                        d.)    the subject of any discussion, including specific comments, he had regarding AEO Protected Materials.

**Special Interrogatory No. 6:**    Describe how Jan Van Oosten "permanently deleted" the AEO Protected Materials and whether he "permanently deleted" the AEO Protected Material from the MSC network and from his MSC-issued laptop.

**Special Interrogatory No. 7**:    Identify whether and how MSC back-up tapes or back-up files containing AEO Protected Materials sent to any MSC employee, including Jan Van Oosten, were destroyed.

**Special Interrogatory No. 8**:    Identify any individual who could access Jan Van Oosten's Outlook files or MSC email account. For each individual, identify whether he or she viewed any AEO Protected Materials.

    MSC did not respond to Altair's Special Discovery.

    On August 27, 2009, the Court entered an Order denying Defendants' motion for Special Discovery. The Order says:

(1)    the sworn statements MSC submitted comply with the July 17, 2009 Order;

(2)    Defendants may arrange a time and place to inspect the materials MSC's employees returned to counsel for MSC;

(3)    counsel for MSC has until September 4, 2009 to ensure (a) Ashfaq Munshi destroyed all documents he received (b) Jan Van Oosten permanently deleted the material he received from his Outlook achieve folder on his MSC-issued laptop, and from MSC's backup files and (c) all MSC employees who received Protective Material filed sworn statements that comply with the July 17, 2009 Order;

(4)    if it is discovered after September 4, 2009 that all documents were not destroyed or returned, or that all MSC employees did not file sworn statements, counsel for MSC is subject to sanctions; and

(5)   Defendants may use depositions to obtain information about material MSC's employees received and information contained in the sworn statements.

Before the Court is Defendants' Motion for Reconsideration and Clarification of the Order Denying its Emergency Motion for Expedited Relief for Violation of the Amended Stipulated Protective Order. (Doc. #352). Defendants filed an ERRATA sheet on September 15, 2009.

## II.   DEFENDANTS' MOTION FOR CLARIFICATION

Defendants ask the Court to clarify its August 27, 2009 Order. It requests an order that says the August 27th Order: (1) requires MSC to respond to Defendants' Special Discovery; (2) authorizes Defendants to copy the materials MSC's employees returned to counsel for MSC; and (3) requires MSC to provide documentation that proves Ashfaq Munshi destroyed all documents he received and Jan Van Oosten permanently deleted the material he received.

### A.   Defendants' Request for Responses to their Special Discovery

Defendants say they need responses to their Special Discovery to prepare for depositions, to properly examine witnesses on the scope of MSC's improper disclosure of Defendants' AEO material, and to alleviate the damage to Altair given the impending merger and the fact that the depositions will not be completed before the merger.

The Court **DENIES** Defendants' request. The Court concluded in the August 27, 2009 Order that MSC did not have to respond to Defendants' Special Discovery.

Defendants may use depositions to inquire about the ambiguous and contradictory information Defendants say is contained in the sworn statements.

However, Mr. Koppenaal was already deposed. Defendants say Mr. Koppenaal

did not indicate at the deposition that he received the August 2008 Technical Trade Secret Report. On September 3, 2009, Mr. Koppenaal filed an Amended Declaration that says he received the August 2008 Technical Trade Secret Report. On or before **September 18, 2009**, Mr. Koppenaal must file a supplement to his Amended Declaration that answers five questions:

1. Who sent him the August 2008 Technical Trade Secret Report?

2. At which e-mail address did he receive the report?

3. Did he forward the report to any other e-mail accounts?

4. How and when did he delete the report from the e-mail accounts?

5. If the report was ever sent to an e-mail account accessible by MSC, has the report been deleted from all MSC back-up files or anywhere else accessible by MSC employees?

### B. Defendants' Request to Copy the Materials MSC's Employees Returned to Counsel for MSC

On September 3, 2009, counsel for Altair inspected the materials MSC's employees returned to counsel for MSC. Defendants now want copies of those materials to prepare for and conduct depositions.

The Court **DENIES** Defendants' request. The July 17, 2009 Stipulated Order says "Defendants retain the right to *inspect* the returned materials, subject to applicable privilege." (Emphasis added). If Defendants wanted to copy the materials, the Stipulated Order could have included the ability to do so.

### C. Confirmation that Ashfaq Munshi Destroyed All Documents he Received and Jan Van Oosten Permanently Deleted the Material he Received

MSC need not submit documentation to confirm how and when Mr. Munshi and

6

Mr. Van Oosten destroyed/deleted materials they received. The August 27, 2009 Order only requires MSC to ensure all documents were destroyed/deleted.

During depositions, Defendants may inquire about how material was destroyed/deleted.

### III.   DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants ask the Court to reconsider its conclusion that the sworn statements comply with the July 17, 2009 Order. Defendants say it is unclear from the statements which counsel discussed Defendants' AEO material with the declarants, and whether counsel for MSC shared Defendants' AEO material with MSC's potential purchasers.

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

The Court **DENIES** Defendants' motion for reconsideration; the Court's August 27, 2009 does not suffer from a palpable defect. The sworn statements MSC submitted comply with the July 17, 2009 Order.

However, on or before **September 18, 2009**, counsel for MSC must determine whether Defendants' AEO material was shared with any of MSC's potential purchasers,

any counsel who represents MSC for its potential merger, and counsel for any of the other pending litigation matters mentioned in MSC's Company Disclosure Schedule. If those individuals did not receive Defendants' AEO material, counsel for MSC must submit a sworn statement on or before **September 21, 2009** that attests to that fact.

If any of those individuals received any portion of any expert report or trade secret template containing any summary or description of material designated by Defendants as AEO, they must submit sworn statements on or before **September 23, 2009** that comply with the July 17, 2009 Stipulated Order.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 16, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 16, 2009.

s/Linda Vertriest
Deputy Clerk