UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        **Plaintiff(s),**        **CASE NUMBER: 07-12807**
                                      **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ALTAIR ENGINEERING, INC., MARC**
**KLINGER, ANDREA PERTOSA, STEPHAN**
**KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI**
**MARK KRUEGER, and MICHAEL HOFFMAN,**

        **Defendant(s).**
_____/

**ORDER**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On November 13, 2008, the Court entered a revised scheduling order for

discovery and the production of expert reports. MSC's discovery cut-off date was

February 13, 2009.

    **A.    Seventh Set of (Non-Expedited) Interrogatories and Document Requests**

On February 6, 2009, MSC served its Seventh Set of (Non-Expedited)

Interrogatories and Document Requests:

**Interrogatory Number 1**: For each Altair customer provided with a copy of HyperWorks including MotionSolve since January 1, 2003, and who had leased or purchased at least 38 HyperWorks Units or 3800 GridWorks Units during that time, please provide:

        a.    That[sic] name of the customer;

        b.    The date the customer first was provided with a copy

1

        of HyperWorks and version of HyperWorks first provided;

c.    The date(s) that customer was provided a copy of any successive version of HyperWorks by Altair and the version of HyperWorks provided on each date or dates (if the particular date an upgraded version was provided is not known, Altair should provide its best estimate of the dates successive versions were released[)];

d.    The number of HyperWorks Units and/or GridWorks Units purchased or leased by that customer for each year they had been provided with a copy of HyperWorks since January 1, 2003 (for multiple calendar year licenses, the responses should identify the dates for which those licenses were valid; for example, Customer A licensed 380 HyperWorks units for a one year period, commencing July 1, 2004 and ending June 30, 2005);

e.    Whether that customer had leased or purchased the HyperWorks Units and/or GridWorks Units (or, if some were purchased and some leased, the number of units leased and purchased over time);

f.    The price paid by that customer each year for the HyperWorks Units and/or GridWorks units purchased or leased since January 1, 2003;

g.    The amount of maintenance fees paid by each customer each year for maintenance of HyperWorks;

h.    The number of instances of MotionSolve and MotionView that a customer would be able to run at a single time for each period they had purchased or licensed HyperWorks Units or GridWorks Units.

**Document Request Number 1**: Any price list for HyperWorks issued between January 1, 2003 and the present.

**Document Request Number 2**: A copy of any communication between Altair and Toyota or within Altair regarding the transfer or installation of the msautoutils.dll file at Toyota in the autumn of 2008 as described by Mr. Krueger at his

          deposition.

**Document Request Number 3**: Any agreement between Altair and any third party by which Altair is obligated to pay any royalty or licensing fee to that third party as a result of the inclusion of that third party's work in a software product distributed by Altair.

### B. Eighth Set of (Non-Expedited) Interrogatories and Document Requests

On February 12, 2009, MSC served its Eighth Set of (Non-Expedited) Interrogatories and Document Requests:

**Interrogatory Number 1**: In Altair's Amended Statement in Response to Order Dated March 14, 2008 (dated March 21, 2008), Altair represented to the Court that 'any delay of the HyperWorks release will cause significant competitive harm to Altair, in addition to anticipated incremental revenues in excess of $50,000 per day.' With regard to this statement, please provide:

    a. The method by which Altair determined that it would receive additional incremental revenues in excess of $50,000 per day upon release of HyperWorks 9.0

    b. Any documents substantiating Altair's claim that it would receive incremental revenues in excess of $50,000 by the release of HyperWorks 9.0

    c. Any documents showing the actual incremental increase in revenues experienced by Altair each day after the release of HyperWorks 9.0.

**Document Request Number 1**: An electronic copy of the draft source code authored by Rajiv Rampalli for the CON999 routine that emulated GTCMAT that Mr. Rampalli testified at his deposition he authored in Fortran and kept on the hard drive of his computer prior to forwarding that code to other Altair personnel for modification and inclusion in the Perforce repository.

**Document Request Number 2**: The monthly enterprise financial document for each month between January, 2003 and the present, as

|   |   |
|---|---|
|   | described by Altair's 30(b)(6) witness during his deposition. |
| **Document Request Number 3**: | Altair'[s] annual audited financial statements from 2003 to the present, as described by Altair's 30(b)(6) witness during his deposition.  If the 2008 audited financial statement is not yet complete, an unaudited financial statement for 2008 may be substituted. |
| **Document Request Number 4**: | The 'billing budgets' described by Altair's 30(b)(6) witness during his deposition for each year from 2003 to the present. |
| **Document Request Number 5**: | The "sales pipeline" Excel spreadsheets described by Altair's 30(b)(6) witness during his deposition for each month from January, 2003 to the present. |
| **Document Request Number 6**: | The Salesforce.com database described by Altair's 30(b)(6) witness during his deposition. |
| **Document Request Number 7**: | The competitive analysis of the MBD Market performed by "KK" as described by Altair's 30(b)(6) witness during his deposition. |

### C.   Procedural History

Altair responded to MSC's Seventh Set of (Non-Expedited) Interrogatories and Document Requests on February 13, 2009, but did not provide documents or respond to the interrogatory.

Altair responded to MSC's Eight Set of (Non-Expedited) Interrogatories and Document Requests on March 18, 2009, but did not provide documents or respond to the interrogatory.

According to Altair, the interrogatory and document requests are untimely because they require Altair to provide discovery after MSC's February 13, 2009 deadline.  In addition, Altair says MSC's interrogatories exceeds the 40 interrogatories

the parties agreed to at the Rule 16 conference early last year.

Now before the Court is MSC's letters dated February 25, 2009 (Doc. #375) and June 3, 2009 (Doc. #376). MSC asks the Court to address Altair's failure to respond to its Seventh and Eighth Sets of (Non-Expedited) Interrogatories and Document Requests.

The Court treats MSC's letters as motions to compel.

As an initial matter, the Court intended for MSC to serve all written discovery so that responses would be due before February 13, 2008. Nonetheless, based on the complexity of this case and the fact that both parties have conducted discovery past the deadlines imposed, the Court overrules Altair's objection that it need not respond to MSC's Seventh and Eighth Sets of (Non-Expedited) Interrogatories and Document Requests because they are untimely.

The Court now addresses each interrogatory and document request.

## II.  SEVENTH SET OF (NON-EXPEDITED) INTERROGATORIES AND DOCUMENT REQUESTS

### A.  Interrogatory Number 1

Fed. R. Civ. P. 33(a)(1) says:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

While the term "discrete subparts" does not have a precise meaning, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'"

*State Farm Mut., Auto. Ins. Co. v. Pain & Injury Rehab. Clinic, Inc.*, 2008 WL 2605206 at *2 (E.D. Mich. June 30, 2008) (quoting *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006)).

Because the subparts to MSC's interrogatory number 1 are necessarily related to the primary question, interrogatory number 1 and its subparts count as MSC's 35th interrogatory. Altair's objection, that it need not respond to interrogatory number 1 because it exceeds the 40 interrogatories allowed, is overruled.

On or before **October 23, 2009**, Altair must respond to interrogatory number 1 (including its subparts). If Altair does not have the information requested, or if Altair previously provided the information responsive to interrogatory number 1 (or its subparts), it must provide MSC and the Court a sworn statement that says so on or before **October 16, 2009**.

With regard to interrogatory number 1 subpart h, Altair need not identify the number of instances of MotionView that a customer would be able to run at a single time for each period the customer purchased or licensed HyperWorks Units or GridWorks Units.

### B.  Document Request Number 1

Altair need not respond to document request number 1; this request duplicates document request number 30 from MSC's Fifth Set of (Non-Expedited) Discovery Requests.

### C.  Document Request Number 2

On or before **October 23, 2009**, Altair must respond to document request

6

number 2. If Altair previously provided documents responsive to document request number 2, it must provide MSC and the Court a sworn statement that says so on or before **October 16, 2009**.

### D. Document Request Number 3

Altair need not respond to document request number 3; the Court does not believe this request is relevant to any of MSC's claims. *See* Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]").

## III. EIGHTH SET OF (NON-EXPEDITED) INTERROGATORIES AND DOCUMENT REQUESTS

### A. Interrogatory Number 1

Because the subparts to MSC's interrogatory number 1 are necessarily related to the primary question, interrogatory number 1 and its subparts count as MSC's 36th interrogatory. *See State Farm Mut., Auto. Ins. Co.*, 2008 WL 2605206 at *2 (E.D. Mich. June 30, 2008). Altair's objection that it need not respond to interrogatory number 1 because it exceeds the 40 interrogatories allowed is overruled.

On or before **October 28, 2009**, Altair must respond to interrogatory number 1 (including its subparts). If Altair does not have the information requested, or if Altair previously provided the information responsive to interrogatory number 1 (or its subparts), it must provide MSC and the Court a sworn statement that says so on or before **October 16, 2009**.

### B. Document Request Numbers 1, 2, 5, 6, and 7

On or before **October 28, 2009**, Altair must respond to document request

numbers 1, 2, 5, 6, and 7.  If Altair previously provided documents responsive to these requests, it must provide MSC and the Court a sworn statement that says so on or before **October 16, 2009**.

### C.     Document Request Number 3

Altair need not respond to document request number 3; this request duplicates document request number 28 from MSC's Fifth Set of (Non-Expedited) Discovery Requests.

### D.     Document Request Number 4

Altair need not respond to document request number 4; this request duplicates document request numbers 33-35 from MSC's Fifth Set of (Non-Expedited) Discovery Requests.

## IV.    CONCLUSION

MSC's requests are **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 14, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 14, 2009.

s/Linda Vertriest
Deputy Clerk

---

8