UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),                CASE NUMBER: 07-12807
                                                        HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC KLINGER, ANDREA PERTOSA, STEPHAN KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
        _____/

## ORDER

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    **A.    MSC's First Set of (Non-Expedited) Discovery Requests and Stipulated Order**

MSC served its "First Set of (Non-Expedited) Discovery Requests Including Interrogatories and Requests for Production of Documents to Altair Engineering, Inc." on August 31, 2007:

**Document Request Number 4**:    Produce all financial statements of Altair for each year that MotionView and/or MotionSolve was in production through the present including, without limitation, annual profit and loss statements, and monthly financial reports.

**Document Request Number 5**:    Produce any and all documents that in any way relate or refer to Altair's forecasting or projecting what the anticipated costs would be to bring MotionView, MotionSolve, and/or any of either products' subsequent releases to market.

**Document Request Number 11**: Produce any and all documents that relate or refer in any way to the gross revenues from the sale of MotionView and/or MotionSolve, or any subsequent releases of either product.

Altair responded on October 10, 2007.

On November 13, 2007, MSC filed a "Motion to Compel Defendant Altair to Provide Complete Responses to MSC's Expedited Discovery Requests and First Set of (Non-Expedited) Discovery Requests, and Motion for Sanctions Pursuant to Fed. R. Civ. P. 37."

On January 28, 2008, this Court entered a Stipulated Order Regarding Pending Motions:

> "III. With regard to Plaintiff MSC's Motion to Compel Defendant Altair To Provide Complete Responses to MSC's Expedited Discovery Requests And First Set of (Non-Expedited Discovery Requests, And Motion For Sanctions Pursuant To Fed.R.Civ.P. 37 (Docket No. 67):
> 
> . . .
> 
> C. On or before February 1, 2008, Altair shall produce and deliver to MSC the following, any and all of which may be subject to designation as "Highly-Confidential, Attorneys' Eyes Only" with the protection attendant thereto under the terms of the Stipulated Protective Order (Docket No. 34) as entered on August 16, 2007 or the Amended Stipulated Protective Order described in Section II of this Stipulated Order:
> 
> . . .
> 
> 2. In response to Non-Expedited Document Requests 4, 5, 6 and 7, documents identifying Altair's development costs for MotionSolve and MotionView (including MotionAutomotive);
> 
> . . .
> 
> E. On or before February 1, 2008, Altair shall serve upon MSC supplemental written responses to Non-Expedited Document Requests 3, 4, 5, 6, 7, 11, 12 and 23, setting forth in

2

      complete detail the explanation and verification that the
      materials requested thereby have previously been produced
      and/or are not records maintained by Altair in the ordinary
      course of its business[.]"

 Altair filed its "First Supplementation of Responses to Plaintiff MSC.Software Corporation's First Set of (Non-Expedited) Requests for Production of Documents" on February 4, 2008.

 On October 3, 2008, MSC filed a "Motion to Compel Pursuant to Fed. R. Civ. P. 37." MSC requested an order compelling Altair to respond to document request numbers 3, 4, 5, 6, 7, 11, and 23.

 On December 22, 2008, the Court issued an Order Granting in Part and Denying in Part MSC's Motion to Compel. The Court held:

1.  the Stipulated Order only required Altair to produce "documents identifying Altair's development costs for MotionSolve and MotionView (including MotionAutomotive)", and Altair satisfied document request numbers 4 and 5 when it produced information regarding the development costs for MotionSolve and MotionView (including MotionAutomotive).

2.  Altair fulfilled its obligation under the Stipulated Order and satisfied document request number 11 when Altair said:

  "gross revenues from the sale of MotionView and/or MotionSolve" are not collected nor maintained in the ordinary course of Altair's operation for the reasons that: (a) Altair clients purchase "tokens" that provide them a time period of access to and use of the entire suite of Altair's products, rather than access to and use of specific products such as those at issue in this case; and (b) although the number of tokens that must be redeemed for a period of use of Altair products varies among the products in the Altair suite, Altair does not have the ability to track, has not tracked and cannot identify the number of tokens redeemed for or the time periods of use of any specific product, including those at issue in this case. Consequently, Altair has not collected or identified and cannot collect or identify revenues from the sale of tokens on the basis of specific or individual products and, accordingly "gross revenues from the sale of MotionView and/or MotionSolve" are not collected nor maintained in the ordinary course of Altair's operation.

3. Altair is entitled to the attorney fees and costs it incurred while responding to MSC's motion to compel Altair to supplement its responses to MSC's first (non-expedited) document requests numbers 3, 4, 5, 6, 7, 11, and 23.

### B. MSC's Fifth Set of (Non-Expedited) Discovery Requests

On December 23, 2008, MSC served Altair its Fifth Set of (Non-Expedited) Discovery Requests:

**Document Request Number 28**: The income statements, balance sheets, and cash flow statements of Altair Engineering for each year between 2003 and the present, including audited statements and internal reporting statements.

**Document Request Number 29**: Any document showing the monthly and/or annual unit and dollar sales of MotionSolve, MotionView, and/or HyperWorks from 2003 to the present, including any monthly and/or annual profit and loss statements related to any of those products.

**Document Request Number 30**: Documents that describe the pricing for MotionSolve, MotionView and/or HyperWorks from 2003 to the present.

**Document Request Number 31**: Documents that describe the revenue generated by each customer of Altair from 2003 to the present, including, if available, any breakout by product line (such as HyperWorks).

**Document Request Number 32**: Documents that show any revenue and expense breakdown from 2003 to the present by any groupings that Altair tracks, such as by specific products.

**Document Request Number 33**: Any document showing a projection, forecast, or budget relating to the MotionSolve, MotionView, and/or HyperWorks products from 2005 to the present.

**Document Request Number 34**: Any document showing a projection, forecast,

>or budget by customer of Altair relating to the MotionSolve, MotionView, and/or HyperWorks products from 2005 to the present.

**Document Request Number 35**: Any document showing a projection, forecast, or budget for Altair Engineering from 2005 to the present.

Altair responded on January 26, 2009, but did not provide documents.

Now before the Court is MSC's letter dated January 30, 2009 (Doc. #374). MSC asks the Court to address Altair's failure to appropriately respond to its Fifth Set of (Non-Expedited) Discovery Requests. MSC says it needs Altair's financial information so its damages expert can create his report.

The Court treats MSC's letter as a motion to compel.

On February 2, 2009, the Court entered an Order requiring Altair to respond to MSC's motion. Altair responded on February 6, 2009; MSC responded on February 11, 2009.

In a letter dated February 12, 2009, Altair asks the Court to strike MSC's Response because it exceeds five pages. Altair's request is **DENIED**.

## II. ANALYSIS

### A. Document Request Number 28

Document request number 4 from MSC's First Set of (Non-Expedited) Discovery Requests asked Altair to produce its annual profit and loss statements and monthly financial reports for each year that MotionView and/or MotionSolve was in production.

Document request number 28 from MSC's Fifth Set of (Non-Expedited) Discovery Requests asks Altair to produce its income statements, balance sheets, and

cash flow statements from 2003 through the present.

While document request number 4 and document request number 28 are similar, they are not duplicative. In addition, the documents MSC request in document request number 28 are relevant to MSC's damages claim.

On or before **October 21, 2009**, Altair must produce documents responsive to document request number 28. If Altair does not maintain these documents in the ordinary course of its business, it must provide MSC and the Court a sworn statement that says so on or before **October 19, 2009**.

**B.     Document Request Number 29**

Document request number 4 from MSC's First Set of (Non-Expedited) Discovery Requests substantially duplicates document request number 29 from MSC's Fifth Set of (Non-Expedited) Discovery Requests. Document request number 29 simply narrows the time period in which MSC requests information, and adds a request for documents relating to HyperWorks.

Altair satisfied document request number 4 and the Stipulated Order when it provided MSC the development costs for MotionSolve and MotionView.

Nonetheless, Uwe Schramm, an employee of Altair, testified at his deposition on December 8, 2008 (after the Stipulated Order was entered) that HyperWorks 9.0 (already released) allows Altair to obtain usage data from clients (with the client's permission) and determine whether a program within HyperWorks is being used by a client.

While Altair objects to document request number 29 on the grounds that it

"demands product specific financial information despite Altair having repeated[sic] and previously provided unambiguous instruction to MSC that such product specific financial information is not maintained by Altair in the ordinary course of its business," based on Schramm's testimony, Altair's objection may be incorrect. Altair may now have documents that track which program of HyperWorks a client accessed, and how many HyperWorks Units the client used to access that program.

Altair must consult with Schramm about its ability to track the number of HyperWorks Units and/or GridWorks Units a client used to access either MotionSolve or HyperWorks. On or before **October 21, 2009**, Altair must produce documents responsive to document request number 29. If, after it consults with Schramm, Altair determines it does not have documents responsive to document request number 29, it must provide MSC and the Court a sworn statement that says so on or before **October 19, 2009**.

**C.     Document Request Number 30**

Altair agreed to produce pricing information for MotionSolve only in response to document request number 30 from MSC's Fifth Set of (Non-Expedited) Discovery Requests. According to Altair, information related to MotionView and HyperWorks is irrelevant and not discoverable.

The Court reviewed MSC's Response, and finds the pricing information it requests in document request number 30 is relevant to its damages claim.

On or before **October 21, 2009**, Altair must produce: (1) the price of a HyperWorks Unit in 2003, 2004, 2005, 2006, 2007, 2008, and 2009; (2) the price of a

GridWorks Unit in 2003, 2004, 2005, and 2009; and (3) the number of HyperWorks Units and/or GridWorks Units required to run programs within HyperWorks in 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

### D.     Document Request Numbers 31 and 32

According to MSC, document request numbers 31 and 32 from MSC's Fifth Set of (Non-Expedited) Discovery Requests seek the same information but in different formats.

The Court concludes that document request number 11 from MSC's First Set of (Non-Expedited) Discovery Requests duplicates document request number 31 from MSC's Fifth Set of (Non-Expedited) Discovery Requests.

Nonetheless, based on Schramm's testimony that HyperWorks 9.0 allows Altair to obtain usage data from a client (with the client's permission) and determine whether a program within HyperWorks is being used by a client, Altair's objection to document request number 31, that it "demands product specific financial information despite Altair having repeated[sic] and previously provided unambiguous instruction to MSC that such product specific financial information is not maintained by Altair in the ordinary course of its business," may be incorrect. Altair may now have documents that track how many HyperWorks Units a client used to access programs within HyperWorks.

Altair must consult with Schramm about its ability to track the number of HyperWorks Units and/or GridWorks Units a client used to access MotionSolve or HyperWorks. On or before **October 21, 2009**, Altair must produce documents responsive to document request number 31. If, after it consults with Schramm, Altair

determines it does not have documents responsive to document request number 31, it must provide MSC and the Court a sworn statement that says so on or before **October 19, 2009**.

### E.     Document Request Numbers 33-35

According to MSC, document request numbers 33-35 from MSC's Fifth Set of (Non-Expedited) Discovery Requests seek the same information but in different formats.

The Court concludes that document request number 5 from MSC's First Set of (Non-Expedited) Discovery Requests substantially duplicates document request numbers 33-35 from MSC's Fifth Set of (Non-Expedited) Discovery Requests. Document request numbers 33-35 simply narrow the time period in which MSC requests information, and adds a request for documents relating to HyperWorks.

Because MSC added a request for HyperWorks documents, on or before **October 21, 2009**, Altair must produce documents that show a projection, forecast, or budget for Hyperworks from 2005 to the present. If Altair does not maintain these documents in the ordinary course of its business, it must provide MSC and the Court a sworn statement that says so on or before **October 19, 2009**.

### III.    CONCLUSION

MSC's request is **GRANTED** consistent with this Order. The Court **DENIES** both parties' request for sanctions.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 16, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2009.

s/Linda Vertriest
Deputy Clerk

10