UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                      HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION TO RE-DESIGNATE DOCUMENTS IMPROPERLY DESIGNATED
HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY

On September 15, 2009, MSC filed a "Motion to Re-Designate Documents Improperly Designated Highly Confidential/Attorneys' Eyes Only." (Doc. #356). MSC asks the Court to re-designate approximately one thousand documents and deposition testimony to a different level of protection.

MSC's motion was referred to Special Master Hollaar. He recommends the Court deny the motion because MSC's re-designation requests are not "in line" with the definitions in the Protective Order. (Doc. #371).

MSC says the Court should reject Special Master Hollaar's recommendation; he did not review the documents and deposition testimony to determine if re-designation is proper.

Defendants re-designated some of the documents that were included in MSC's

1

motion for re-designation, and Altair is currently reviewing other documents. The documents Defendants re-designated are either no longer at issue, or the parties disagree on the designated status.

While the Court **DECLINES TO ADOPT** Special Master Hollaar's reasoning, it does accept his recommendation to **DENY** MSC's request to re-designate material as "All Attorneys," "Confidential," or "no designation," and does so without prejudice. MSC may re-file its motion for re-designation after compliance with the procedure outlined below.

If MSC has not already done so, it must ask the proper Producing Party in writing to change the status of the documents and deposition testimony MSC believes were improperly designated. If the Producing Party (a) refuses to grant MSC's request or (b) fails to respond to MSC's request within five business days, it may include that document or deposition testimony in the motion for re-designation.

If a Producing Party needs more than five business days to respond to a request, it must send a letter to MSC within the five day period indicating the date on which a response will be provided.

On or before **November 20, 2009**, Altair must send a letter to MSC indicating the date on which it will provide a response to the requests it is currently reviewing. In addition, on or before **November 20, 2009**, all Producing Parties must either re-designate any documents and deposition testimony in which MSC previously requested a different level of protection, or send a letter to MSC indicating the date on which it will respond. If MSC does not hear from a Producing Party regarding a previous re-

designation request, it may treat the failure to respond as a refusal and include that document or deposition testimony in the motion for re-designation.

If a Producing Party re-designates documents or deposition testimony to a status that MSC disagrees with, the parties must confer to resolve the disputed designation before MSC may include that document or deposition testimony in its motion for re-designation.

If MSC re-files its motion for re-designation, the Court will refer it to Special Master Hollaar.  Special Master Hollaar will review the documents and deposition testimony MSC believes were improperly designated, and submit his draft recommendation to the parties.  The parties will submit any objections, responses, and replies to Special Master Hollaar.  Special Master Hollaar will communicate with the parties and attempt to resolve the objections before finalizing and submitting his recommendation to the Court.  If objections remain to the recommendation submitted to the Court, the parties may file objections, responses, and replies with the Court.

MSC's failure to file a motion that only includes documents and deposition testimony that relate to claims remaining in the case, and in which there is a good faith dispute over the proper designation may result in sanctions.

**IT IS ORDERED.**


                                                    S/Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated:  November 16, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 16, 2009.

s/Carol A. Pinegar
Deputy Clerk

4