UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                                HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

**ORDER ADOPTING SPECIAL MASTER HOLLAAR'S
REPORT AND RECOMMENDATION**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On August 3, 2009, the individual Defendants filed a "Motion to Permit Individual Defendants to Re-Designate Knowledge Based Articles as Confidential and Review Source Code that they Checked into Plaintiff's Source Code Repository." (Doc. #327). This motion was referred to Special Master Hollaar.

On September 2, 2009, Special Master Hollaar made five recommendations (Doc. #341):

**Recommendation #1**:    that the articles in the Knowledge Base that are available from a public source, have no designation.

**Recommendation #2**:    that the articles that were in the external Knowledge Base before November 2007, have no designation.

**Recommendation #3**:    that the articles that were added to the external Knowledge Base after November 2007, be re-designated as

1

"Confidential."

**Recommendation #4**: that the articles that were never available in the external Knowledge Base, remain designated as "Highly Confidential/Attorneys' Eyes Only."

**Recommendation #5**: that the individual Defendants' request to see MSC source code that they may have authored, be denied, because the protective order says "information designated as Highly Confidential/Attorneys' Eyes Only shall be viewed only by outside Counsel and their expert witnesses and expert consultants retained by Counsel."

The individual Defendants object to recommendation #5.

## II.   ARGUMENTS AND ANALYSIS

MSC produced a DVD that contains source code MSC says the individual Defendants authored and checked into MSC's source code repository. The DVD is designated as "Highly Confidential/Attorneys' Eyes Only" ("AEO").

While the individual Defendants agree the DVD is properly designated as AEO, they say the protective order does not prevent them from reviewing source code they authored. According to the individual Defendants, if MSC thought that the protective order did not allow individuals to review documents they authored, it would not have allowed Dr. Gisli Ottarsson and John Griffin to view the AEO documents they authored.

MSC says Altair employees working on competitive products cannot access MSC's source code without causing competitive harm. According to MSC, if the individual Defendants do not recall MSC's source code, they will after reviewing a fresh copy.

The Court agrees with Special Master Hollaar's interpretation of the protective order; it only allows outside Counsel and their expert witnesses and consultants to view

2

AEO information.  While MSC showed Dr. Ottarsson and Mr. Griffin AEO information, Defendants did not object, and there was no danger of competitive harm to Defendants.

While the Court agrees with the individual Defendants that their due process rights include "a reasonable opportunity to know the claims of the opposing party and to meet them," *See E.B. Muller & Co. v. FTC*, 142 F.2d 511, 518 (6th Cir. 1944) (citing *Morgan v. United States*, 304 U.S. 1, 18 (1938)), the Court finds their due process rights were satisfied when the Court entered an Order that allowed them to review redacted versions of MSC's expert reports containing the trade secrets MSC claims a particular individual misappropriated.  *See* Order dated April 10, 2009; *see also* Order dated February 6, 2009 (the individual Defendants will receive the equations, formulas, algorithms, and integrators at issue; and, MSC's factual basis report will contain a summary of the personal knowledge each individual Defendant is known or believed to have regarding the alleged misappropriated trade secrets).

### III.     CONCLUSION

Because neither party objects to Special Master Hollaar's recommendations #1-4, the Court **ADOPTS** them.  The individual Defendants' Motion to Re-Designate Knowledge Based Articles as Confidential is **GRANTED IN PART AND DENIED IN PART** as stated in recommendations #1-4.

The Court **ADOPTS** Special Master Hollaar's recommendation #5 as well.  The individual Defendants' Motion to Review Source Code that they Checked into Plaintiff's Source Code Repository is **DENIED**.  They can have experts review the source code they authored at MSC and compare it to the work they perform at Altair.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 30, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 30, 2009.

s/Linda Vertriest
Deputy Clerk

---