**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORPORATION,**

        **Plaintiff(s),**　　　　　**CASE NUMBER: 07-12807
　　　　　　　　　　　　　　　　　　　HONORABLE VICTORIA A. ROBERTS**

**v.**

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        **Defendant(s).**
_____/

**ORDER**

This matter is before the Court on Altair's "Motion to Prevent MSC from Disclosing Attorneys Eyes Only Material to Zeidman Consulting." (Doc. #473). Altair asks the Court to prevent MSC from disclosing Defendants' Highly Confidential/Attorneys Eyes Only ("AEO") material to Ilana Shay, a Research Engineer for Zeidman Consulting, and any other Zeidman Consulting employee. Altair says there is no legitimate purpose to disclosure of this material, when Zeidman Consulting failed to provide an expert report, and is barred from offering expert testimony. According to Altair, MSC's dissemination of Defendants' AEO material to Zeidman Consulting is a "pretext for unauthorized rounds of expert reports, depositions and testimony."

The only issue before the Court now is whether Ms. Shay, or any other Zeidman Consulting employee, can view Defendants' AEO material as non-testifying consulting experts for MSC.

1

Altair knew Zeidman Consulting employees had access to Defendants' AEO material. Altair did not object to these employees viewing the material, there is no evidence that Ms. Shay poses a competitive threat to Altair, and there is no evidence that Ms. Shay will use Defendants' AEO material improperly.

Altair's motion is **DENIED**. Zeidman Consulting employees, including Ms. Shay, may view Defendants' AEO material as non-testifying consulting experts. As such, they do not need to submit expert reports. *See* Fed. R. Civ. P. 26(b)(4)(B):

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

If MSC believes it is necessary to file an expert report from Zeidman Consulting in response to James McInerney's expert report, MSC must file a motion for leave to file such a report.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 7, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 7, 2010.

s/Linda Vertriest
Deputy Clerk