**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MSC.SOFTWARE CORPORATION,**

        Plaintiff(s),        CASE NUMBER: 07-12807
                                           HONORABLE VICTORIA A. ROBERTS

**v.**

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

        Defendant(s).
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
ALTAIR'S MOTION FOR PROTECTIVE ORDER OR TO
QUASH MSC'S SUBPOENA FOR DOCUMENTS TO GENERAL ATLANTIC**

On January 26, 2010, MSC served a subpoena to General Atlantic, LLC, a private equity investor in Altair. The subpoena was issued from the United States District Court for the District of Delaware.

This matter is before the Court on Altair's "Motion for Protective Order or to Quash MSC.Software Corporation's Subpoena for Documents to General Atlantic." (Doc. #453). Altair says the subpoena is untimely, requests documents relating to products that are irrelevant, and does not provide a sufficient time to respond. Altair asks the Court to enter a protective order forbidding the discovery MSC requests from General Atlantic.

In the alternative, Altair asks the Court to quash the subpoena and enter a broad protective order prohibiting any additional third-party discovery.

1

The Court **DENIES** Altair's request that the Court quash the subpoena.

Under Fed. R. Civ. P. 45(c), only the issuing court – the District Court of Delaware – can quash the subpoena. Accordingly, the Court will not address Altair's argument that the subpoena does not allow a reasonable time to comply, or its argument that the subpoena was untimely.

Altair's request for a protective order is governed by Fed. R. Civ. P. 26, which allows this Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Altair has standing to bring a motion under Rule 26(c)(1): "A party . . . may move for a protective order."

Altair requests a protective order that forbids disclosure of information regarding MotionView, and information regarding Altair's market share or market position. Altair does not address the remaining document requests.

The Court **GRANTS IN PART** Altair's request for a protective order. General Atlantic need not produce "Any documents or electronic data regarding Altair's . . . MotionView . . . product[]." *See* Order dated December 22, 2008 (Doc. #256) (information regarding MotionView is irrelevant and not discoverable at this juncture).

With regard to MSC's request for "[a]ny documents reflecting Altair's market share or market position between January 1, 2005 and the date of this subpoena," the Court needs additional information.

By **July 12, 2010**, MSC must explain how its request is different from Altair's Document Request No. 500 that requested "all documents relating to MSC's plans or

2

analysis of market share or market potential for MBD solvers," and to which MSC objected. Altair has until **July 16, 2010** to file a response.

With the exception of MSC's request for documents regarding the MotionView product, General Atlantic must produce the documents requested in the subpoena by **July 20, 2010**. The Court will rule on MSC's request for market share or market position documents after it receives the supplemental briefs.

MSC's request for attorneys' fees is **DENIED**.

**IT IS ORDERED**.

                                        s/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: July 7, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 7, 2010.
>
> s/Linda Vertriest
> Deputy Clerk