UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MSC.SOFTWARE CORPORATION,**

           Plaintiff(s),        CASE NUMBER: 07-12807
                                            HONORABLE VICTORIA A. ROBERTS

v.

**ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN,**

           Defendant(s).
_____/

**ORDER**

This matter is before the Court on Altair's "Motion for Preclusion and for Reference to Special Master for Determination of Alleged 'Trade Secrets' that do not Comply with the Court's Prior Orders and are not Identified in Response to Altair's Renewed Fifth Set of Document Requests." (Doc. #441). Altair says the Court entered several Orders requiring MSC to address each element of its Michigan Uniform Trade Secrets Act ("MUTSA") claim with specificity, but MSC's discovery responses fail to address essential elements.

Altair asks the Court to refer its motion to Special Master Hollaar for a recommendation on which, if any, of MSC's alleged trade secret or misappropriation claims comply with the Court's Orders and the threshold requirements of a MUTSA claim. Altair says the Court should preclude any trade secret or misappropriation claim that Special Master Hollaar says does not comply.

1

Altair relies on Fed. R. Civ. P. 37(b)(2)(A)(ii) and Fed. R. Civ. P. 37(c)(1). Fed. R. Civ. P. 37(b)(2)(A)(ii) says:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include . . . prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Fed. R. Civ. P. 37(c)(1) says:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

On December 17, 2009, the Court said it "will not accept dispositive motions until after the depositions of rebuttal experts are completed." *See* Doc. #427. As of now, dispositive motions are due on September 13, 2010. *See* Scheduling Order dated October 30, 2009.

The Court finds Altair's motion is essentially a motion for partial summary judgment, and it declines to decide dispositive motions at this juncture.

Altair's motion is **STRICKEN**. If Altair files a motion for summary judgment at the appropriate time, the Court will then decide whether there is a genuine issue of material fact regarding whether MSC established all elements of a MUTSA claim for each of the trade secrets MSC identified. If the Court grants summary judgment on any of MSC's claims, MSC will be precluded from introducing that claim at trial, and Altair may file a motion for attorneys' fees.

**IT IS ORDERED**.

                                                  s/Victoria A. Roberts
                                                 Victoria A. Roberts
                                                 United States District Judge

Dated: July 7, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 7, 2010.

s/Linda Vertriest
Deputy Clerk

---