UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

        Plaintiff(s),        CASE NUMBER: 07-12807
                                      HONORABLE VICTORIA A. ROBERTS
v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

        Defendant(s).
_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT ALTAIR'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Altair's Motion for Reconsideration of Order [Doc. # 602] Requiring Defendant Altair Engineering, Inc. to Produce MetaComp Tool used by Expert Witness James McInerney and to Produce Royalty Agreements. (Doc. # 603).

Local Rule 7.1(h)(3) provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for

1

reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

The scope of discovery under the Federal Rules of Civil Procedure is broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 26(b) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b). "[T]he [C]ourt construes discovery under Rule 26 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Stewart v. Orion Fed. Credit Union*, — F. Supp. 2d ----, 2012 WL 3064738, at *1 (W.D. Tenn. July 23, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The MetaComp tool is relevant to a potential challenge to McInerney's proposed expert witness testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Therefore, it is discoverable and the Court did not err by ordering its production.

However, Altair is correct that the Court set a firm deadline of April 6, 2009 for MSC to allege all of its claims in expert witness and factual basis reports. Therefore,

the Court agrees with Altair that MSC may not use the tool to offer new evidence that Altair is liable for misappropriation. Instead, MSC may only use the tool to challenge McInerney's credentials and/or methodology.

With respect to Altair's argument regarding its program agreements, at a July 23, 2012 Status Conference, the Court ordered Altair to produce unredacted copies of its ISV Enablement Program Agreements by August 13, 2012, which resolves this objection to the Court's original Order.

Defendant's Motion to Reconsider is **DENIED IN PART AND GRANTED IN PART.** Altair must produce unredacted copies of its ISV Enablement Program Agreements, as well as the MetaComp tool. However, MSC must not use the MetaComp tool to bring new claims.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 6, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2012.

s/Carol A. Pinegar
Deputy Clerk

3