UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

          Plaintiff(s),        CASE NUMBER: 07-12807
                                     HONORABLE VICTORIA A. ROBERTS
v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

          Defendant(s).
                                       /

**ORDER**

       This matter is before the Court on MSC's "Motion to Allow/Compel Discovery and Defer Consideration of Defendants' Motion for Partial Summary Judgment." (Doc. # 571). The motion is fully briefed and ready for decision.

       MSC's motion is **DENIED**.

       On September 27, 2011, the parties stipulated to reserve ruling on Technical Trade Secrets ("TTS"): 15, 20, 21, 24, 26, 29, 41, 42, 43, 44, and 46. In its October 28, 2011 ruling, the Court denied Altair's summary judgment motion on TTS 20. The Court reserved ruling on the remaining TTSs pending the outcome of this motion.

       With respect to TTSs: 15, 42, 43, 44 and 46, MSC asks the Court to grant it 60 days to conduct discovery, so that it can establish Defendants' post-September 2008 misappropriation of these TTSs. MSC asks the Court to compel Altair to produce: (1) current, updated copies of the source code repository for MotionSolve and MotionAutomotive; (2) current, updated copies of the twiki pages for MotionSolve and MotionAutomotive; and (3) email correspondence between

1

named individuals related to GSE's, mini-maneuvers, a driver simulator, quasi-static steady state and/or bushings.

With respect to TTSs: 20, 21, 24, 26, 29 and 41, MSC asks the Court to grant it the right to depose Rajiv Rampalli ("Rampalli") and Andrea Pertosa ("Pertosa").

MSC also asks the Court for leave to file a brief supplementing its initial response to Altair's partial motion for summary judgment, based on the outcome of this additional discovery.

MSC says this discovery is necessary for it to defend against the remaining TTSs. Altair says this requested discovery is duplicative. Altair also says that liability discovery is closed and MSC cannot establish that it is entitled to additional discovery under 56(d) of the Federal Rules of Civil Procedure. Finally, Altair argues that MSC is not entitled to this additional discovery because MSC has been dilatory in discovery efforts.

The Court will not allow additional discovery. The Sixth Circuit held that a district court, in its discretion, may grant a motion under Rule 56(d) of the Federal Rules of Civil Procedure provided the moving party submits an affidavit which establishes "the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered." *Siggers v. Campbell*, 652 F.3d 681, 696 (6th Cir. 2011). In deciding whether to grant a Rule 56(d) motion, a district court must weigh factors "such as (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests." *Id.* (quoting *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)).

With respect to TTSs: 15, 42, 43, 44 and 46, MSC says the additional discovery is needed

to support its claim for threatened misappropriation if not actual misappropriation. However, MSC did not plead a claim of threatened misappropriation. And, this Court dismissed MSC's claim for inevitable disclosure. Thus, there is no need for additional discovery to support these claims. Additionally, MSC must establish that Altair actually misappropriated its TTSs by the date the action was filed. MSC failed to show that the discovery requested will support its claim of actual misappropriation.

Importantly, Altair provided most of the information MSC seeks. For example, prior to 2008, Altair provided MSC with a copy of its repository code. The repository code is a collection of source codes. To date, MSC's experts have received copies of all changes to Altair's relevant source codes when they were provided by Altair to Special Master Hollaar for his review before the related changes were released to Altair's customers. This includes thirty separate productions since MSC filed its motion on June 2, 2011, comprising almost 6,000 source code files. MSC has the information it needs to create an updated repository code.

With respect to the depositions of Rampalli and Pertosa, the Court denies MSC's request because MSC's actions are dilatory. *See Siler v. Webber*, 443 Fed. Appx. 50 (6th Cir. 2011)(a Rule 56(d) motion does not shield counsel who were dilatory or lazy in conducting discovery); see also *Steele v. City of Cleveland*, 375 Fed. Appx. 536, 541 (6th Cir. 2010). MSC provides no explanation as to why it did not ask these deponents pertinent questions during their first, and in the case of Rampalli, second deposition. MSC's only explanation is that it did not anticipate Rampalli's and Pertosa's responses provided in support of Altair's motion for summary judgment. Because MSC does not dispute that it deposed these witnesses and had the opportunity -- but did not ask these witnesses about the functionality of Altair's software -- the

Court denies its request.

MSC says it has already provided the Court with enough information to create a genuine issue of fact. If this is true, no additional discovery is necessary. This case has been pending for over five years and discovery has been ongoing. MSC has had ample time to discover the requested information.

MSC's motion is **DENIED**. Additionally, the Court requires that MSC file a new motion and brief for summary judgment concerning TTSs 15, 20, 21, 24, 26, 29, 41, 42, 43, 44 and 46. The deadline to file this motion is May 15, 2013.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 31, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2013.

S/Linda Vertriest
Deputy Clerk

4