UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

        Plaintiff,

                                      CASE NUMBER: 07-12807
v.                                HONORABLE VICTORIA A. ROBERTS

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMANN,

        Defendants.
_____/

**ORDER DENYING IN PART AND DEEMING MOOT IN PART
MSC'S MOTION TO REDESIGNATE DOCUMENTS (DOC. # 686)**

Before the Court is MSC's motion to redesignate documents. (Doc. # 686). On January 16, 2014, the Court entered an Order requiring the parties to provide a joint notice updating the list of documents to be reviewed and explaining any trial protocol issues the parties have; the Court also required supplemental briefing on the outstanding issues. The parties have fully briefed these matters. Many of the documents MSC sought to be redesignated are no longer relevant, and Altair has agreed to redesignate many others – making those issues moot. The Court addresses the remaining issues.

MSC asks the Court to make relevance and redesignation determinations on 23 documents. Altair has agreed to redesignate 18 of them to "Confidential"; thus, the Court no longer needs to review those documents. For the five remaining documents – all of which contain source code – Altair has agreed to an "All Attorneys" designation. The Court finds this designation appropriate; it maintains the protection for Altair's

sensitive proprietary information while allowing MSC's general counsel to review the documents in preparation of trial.

MSC also asks the Court to review 85 documents that Altair redesignated as All Attorneys; Altair maintains a relevance objection. At this juncture, the Court will not individually address the relevancy issue of these documents – many of which are the subject of outstanding motions in limine. MSC can adequately prepare for trial under their current designation of All Attorneys.

Altair says the parties have agreed to treat the MSC and Altair source code repositories included in the joint exhibit list as "Highly Confidential Attorneys Eyes Only" (AEO) for pretrial preparations and trial. Thus, these remain designated as AEO; the Court need not address this issue. If MSC has any objections, they may raise them at the Final Pretrial Conference (FPC). For trial, Altair requests that testimony related to source code and its "new MotionSolve formulation" be designated as AEO. These issues will be discussed and decided at the FPC.

In addition, the parties raise several trial protocol issues. For example, the parties disagree as to who can attend trial as the corporate representative and whether a substitute representative may attend in his or her place; they also disagree on whether the parties and corporate representatives at trial must treat the confidential and trade secret information that is presented as Confidential, All Attorneys, or AEO. The Court will address all trial protocol issues at the FPC.

MSC's Motion to Redesignate Documents is **DENIED IN PART** and **MOOT IN PART**.

**IT IS ORDERED**.

                                                       S/Victoria A. Roberts
                                                       Victoria A. Roberts
                                                       United States District Judge

Dated: January 23, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 23, 2014.
>
> s/Linda Vertriest
> Deputy Clerk