UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

        Plaintiff(s),        CASE NUMBER: 07-12807
                                      HONORABLE VICTORIA A. ROBERTS

v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

        Defendant(s).
_____/

FILED UNDER SEAL

ORDER DENYING DOC. # 710

This matter is before the Court on Hoffmann's "Motion to Exclude Evidence and Argument Relating to Plaintiff's Claim for Damages that are not Consequential to the Breach as Found by the Court." The motion is fully briefed and ready for decision.

MSC's motion is **DENIED**.

On May 15, 2013, the parties filed summary judgment motions. MSC requested judgment as a matter of law against Hoffmann for breach of 8(1) of his Termination Agreement. Hoffmann requested summary judgment in his favor saying that he did not breach 8(1) of his Termination Agreement which imposes a duty on him to not disclose MSC's internal affairs.

The Court ruled that there was no genuine fact dispute; Hoffmann disclosed MSC's internal affairs in an email he sent one week before the expiration of his Termination Agreement. The Court did not address damages, nor any other provision of the Termination Agreement because no party moved for summary judgment on other provisions.

1

Hoffmann now seeks to limit his damages; he says MSC may only recover for one week of damages because the breach occurred one week before the expiration of his Termination Agreement. Specifically, Hoffmann says MSC is not entitled to all consideration it paid for the Termination Agreement.

MSC disputes that it can only recover for one week of damages. It says under German law, it is entitled to recover for all consequential damages arising from the breach.

MSC's damages are not limited to one week. Under German law "[i]f the obligor breaches a duty arising from the obligation, the obligee may claim compensation for the loss resulting from this breach." § 280 BGB. MSC is entitled to damages resulting from the breach even if those damages extend beyond a week. The question becomes, what would be those damages?

MSC does not submit any German law that says MSC is entitled to all consideration paid for the Termination Agreement, which is what MSC requests. MSC does, submit federal substantive and Michigan state law. The law submitted is insufficient because this issue of damages is governed by German law as set forth in the Termination Agreement. MSC must provide the Court with adequate German law pertaining to the scope of damages on this claim before trial begins.

Hoffmann also says that MSC is precluded from recovering for other breaches under the Termination Agreement; this is not true.

A party is entitled to any relief proved at trial. *See* Fed. R. Civ. P. 15(b). MSC alleged breach of 8(2) and (3) in paragraphs 49 and 50 of its First Amended Complaint. MSC says that it has evidence to establish liability and damages under these sections of the Termination Agreement. These issues have not been decided by the Court. MSC may present its evidence at

2

trial.

Hoffmann's motion is **DENIED**. MSC is entitled to consequential damages resulting from Hoffmann's breach of 8(1); MSC may put on evidence of liability and damages for breach of sections 8(2) and 8(3) of the Termination Agreement.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 27, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.

s/Linda Vertriest
Deputy Clerk

3