UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

           Plaintiff(s),        CASE NUMBER: 07-12807
                                        HONORABLE VICTORIA A. ROBERTS

v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

           Defendant(s).
_____/

FILED UNDER SEAL

ORDER DENYING DOC. # 712

This matter is before the Court on Altair's "Motion to Preclude MSC From Seeking Damages for Tortious Interference (Count IV)." The motion is fully briefed and ready for decision.

Altair's motion is **DENIED**.

On December 18, 2013, the Court found there is a genuine fact dispute concerning Altair's liability for Klinger's alleged solicitation of Riedeman. The parties dispute the extent of Altair's possible damages.

Altair argues that MSC is not entitled to damages on this claim because: (1) MSC did not disclose its damage theory against Altair until the close of fact discovery; (2) even if damages were properly disclosed, MSC is only entitled to nominal damages because Altair allegedly interfered with contracts of at-will employees; and (3) MSC's damages are speculative.

1

MSC argues that it timely disclosed its damage theories and may recover for the interference of an at-will employee who had a non-solicitation agreement because the harm is the breach of contract, which does not depend on the nature of the relationship. Even if it did depend on the nature of the relationship, Michigan law allows recovery. Finally, MSC says it does not seek constructive trust or diminishment in competitive position damages; it only seeks to recover loss of investment damages.

MSC did timely disclose its damages theories. On October 12, 2012, while discovery was ongoing, MSC informed Defendants by supplemental answer to an interrogatory that it intended to seek damages for tortious interference of contract:

> . . . MSC also has been damaged by violation of valid non solicitation agreements (or tortious interference with those agreements) by the loss of an extensive investment in the education and training of the employees in question that cannot be recovered through lateral hiring. That investment is quantified by the salaries paid to each of them during their employment with MSC. From the time of their hire through the time they left MSC to take jobs for Altair, MSC paid the employees in question in excess of the following amounts:
> Klinger: $348,181
> Koerner: $500,715
> Krueger: $543,436
> McDevitt: $565,249
> Pertosa: $255, 291
> Rampalli: $666,923
> Riedeman: $420, 683
> Additional investments were made by MDI and other predecessors to MSC in the form of salary payments. . . Finally, MSC incurred "out of pocket" expenses for recruiting, search, relocation, and other expenses associated with filling positions that were vacated (or filling other positions vacated to fill Adams open positions) as a result of breach of the nonsolicit agreements and Altair's tortious interference with them. The total amount of the replacement costs incurred to date are [sic] at least $228,638.35, though MSC continues to accumulate information on this issue and will further supplement as additional information is gathered.

This was sufficient notice.

Further, MSC is not limited to nominal damages for damages arising out of or related to

the termination of at-will contracts. In *Health Call v. Atrium Home & Health Care Servs.*, 268 Mich. App. 83, 701 N.W.2d 843 (Mich. Ct. App. 2005), the Michigan Court of Appeals held that:

> It appears to us that the conflict issue more properly and precisely stated is whether it is appropriate to limit recovery to nominal damages as a matter of law in all cases in which the damages sought arose out of or are related to the termination of an at-will contract. But, because we agree with the Health Call panel's assessment that the facts are sufficient to survive summary disposition and that more than nominal damages may be recoverable, and because this case presents a sound basis for rejecting any rule of nominal damages only, we shall discuss the facts as they relate to the law of damages without fear of treading on the sanctity of the special order that convened this panel.

*Id.* at 100.

This ruling depended on the court finding what it considered a "unique factual situation."

> We first note that our opinion specifically indicates that this case presents a unique factual situation, and we foresee that in other cases involving tortious interference with at-will contracts, the plaintiffs may struggle to present evidence sufficient to proceed to trial on the issue of future damages, with nominal damages being the limit of any recovery.

*Id.* at 102-03.

The *Health Call* court described how a plaintiff could prove more than nominal damages:

> We do think it would suffice if a plaintiff presents documentary evidence in which the party who terminated an at-will contract specifically indicates that it was completely satisfied with the plaintiff's services under the contract and would have continued the contract indefinitely but for the wrongful interference.

*Id.*

In *Health Call* plaintiff sued for tortious interference of contract when several home health care nurses left it to work for a competitor even though they continued to service the same patients. *Id.* at. 88. The *Health Call* court held that the close relationship between the nurses and the family presented a unique set of facts upon which Health Call was entitled to more than

3

nominal damages. *Id.* at 100.

If MSC can present proofs which satisfy the *Health Call* standard, it may not be limited to the collection of nominal damages.

Finally, Altair argues that the damages MSC seeks are speculative. The Court has already held that an employer may recover for the loss of investment in at-will employees; it need not reconsider the argument. MSC's loss of investment damages are not speculative.

Altair's motion is **DENIED**. This tortious interference of contract claim will proceed to trial and MSC is not limited to a request for nominal damages. If the jury finds Altair liable, MSC may recover for its loss of investment damages, provided MSC submits sufficient proof.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 27, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.

s/Linda Vertriest
Deputy Clerk