UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

        Plaintiff(s),        CASE NUMBER: 07-12807
                                    HONORABLE VICTORIA A. ROBERTS

v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

        Defendant(s).
_____/

FILED UNDER SEAL

**ORDER DENYING DOC. # 707**

This matter is before the Court on Altair's "Motion to Preclude MSC From Introducing Evidence on Count IV [Tortious Interference of Contract]." The motion is fully briefed and ready for decision.

Altair's motion is **GRANTED**.

On December 18, 2013, the Court found there is a genuine fact dispute concerning Altair's liability for Klinger's alleged solicitation of Riedeman. The parties now dispute whether this ruling precludes the presentation of evidence that Klinger engaged in other solicitations.

Altair argues that the Court limited Altair's potential liability under this claim to Klinger's alleged solicitation of Riedeman.

MSC argues that the claim to be tried is much broader. It says the Court did not consider Altair's role in interfering with Klinger's non solicitation agreement when Klinger solicited

Koerner or Pertosa.  MSC says that the Court did not consider whether Altair is liable for Rampalli's breach of his non-solicitation agreement.  MSC says the Court was not required to consider these potential breaches because it found an issue of fact with respect to one Defendant, and that was sufficient to stop the inquiry and preserve the broader issue for trial.

The Court's December 18th ruling pertained to whether Altair is liable for Klinger's solicitation of Riedeman only.  The elements of tortious interference with a contract are (1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant. *Mahrle v. Danke*, 216 Mich. App. 343, 350; 549 N.W.2d 56 (1996); *Jim-Bob, Inc. v. Mehling*, 178 Mich. App. 71, 95-96; 443 N.W.2d 451 (1989);  see also M Civ. JI 125.01 (adding the necessary damage element to the cause of action).

At summary disposition, MSC argued that when soliciting Riedeman, Klinger questioned the validity of his non solicitation agreement and Dagg told Klinger not to worry about being sued.  Only then did Klinger give Dagg Riedeman's contact information.  MSC did not provide evidence to support a claim that Klinger was **induced** by Altair to solicit any other MSC employee.  Indeed, in MSC's Response to Altair's Motion for Summary Judgment, it concedes that Pertosa initiated contact with Altair: "Individual Defendants, with the exception of Klinger, Hoffmann, and Pertosa, did not reach out to Altair until after Klinger and Hoffmann gave Altair a list of preferred colleagues and their personal contact information through which Altair could contact them without MSC's knowledge."

Because the evidence was sparse, and the argument practically nonexistent, the Court could not find a triable question concerning Altair's liability for Klinger's alleged solicitation of Koerner or Pertosa; MSC may not present evidence on this theory at trial.

The same is true for Rampalli's solicitations; no argument or evidence was presented to

show how Altair induced Rampalli into breaching his non solicitation agreement.

With respect to this count, MSC may only present evidence concerning Klinger's solicitation of Riedeman.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 27, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.

s/Linda Vertriest
Deputy Clerk