UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

                Plaintiff(s),      CASE NUMBER: 07-12807
                                         HONORABLE VICTORIA A. ROBERTS

v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

                Defendant(s).
                                            /

FILED UNDER SEAL

ORDER DENYING DOC. # 719

This matter is before the Court on Defendants's "Motion . . to Bar Plaintiff From Offering Evidence, Argument or Examination Related to Claims That Have Been Dismissed and to Limit Testimony and Evidence Submitted Through Plaintiff's Expert Joseph McGrath to Evidence That is Both Relevant and Disclosed by his Report." Although not listed in the title, Altair also seeks to bar the testimony of Expert Dr. Gavin Huntley. The motion is fully briefed and ready for decision.

Defendants' motion is **GRANTED IN PART**.

Defendants ask the Court to prohibit MSC from introducing evidence beyond that sufficient to support the claims that remain. MSC says that it intends to limit the evidence as Altair requests.

Defendants also ask the Court to limit Dr. McGrath's testimony to that described in the

1

April, 2009 and June, 2009 Trade Secret Templates. MSC agrees to limit his testimony as requested.

Also, Defendants say Dr. McGrath cannot testify as a fact witness to matters he did not list in his expert report or to matters that are not consistent with the Trade Secret Templates (See Order of October 28, 2011 where the Court rejected Dr. McGrath's fact testimony as being inconsistent with the Trade Secret Templates).

MSC says Dr. McGrath does not intend to testify in a manner inconsistent with the Trade Secret Templates; but, he is competent to testify as a fact witness because he has personal knowledge.

The Court finds that Dr. McGrath may testify at trial as a fact witness to that which he has personal knowledge of; however, he may not testify in a manner that is inconsistent with the Trade Secret Templates.

Finally, Defendants move to bar the testimony of Dr. Gavin Huntley. They say Dr. Huntley's testimony is irrelevant because it can only be used to support a claim which has been twice rejected by the Court: threatened misappropriation.

MSC says that it will only use Dr. Huntley to support its claim of actual misappropriation. It is Dr. Huntley's opinion that "[o]nce the individual defendants were allowed to work on products similar to those they previously developed at MSC.Software, they used confidential information that they acquired from their former employer." This opinion, if supported, pertains to a claim of misappropriation, and will be allowed.

Altair's motion is **GRANTED IN PART**.

**IT IS ORDERED**.

2

                                                          s/Victoria A. Roberts
                                                          Victoria A. Roberts
                                                          United States District Judge

Dated: January 27, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.
>
> s/Linda Vertriest
> Deputy Clerk