UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

        Plaintiff(s),        CASE NUMBER: 07-12807
                                    HONORABLE VICTORIA A. ROBERTS

v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

        Defendant(s).
_____/

FILED UNDER SEAL

ORDER DENYING DOC. # 706

This matter is before the Court on Altair's "Motion in Limine to Limit Damages on Count III (Trade Secret Misappropriation) to a Running Royalty as Disclosed by MSC's Damages Expert." The motion is fully briefed and ready for decision.

MSC's motion is **DENIED**.

On October 12, 2012, while discovery was ongoing, MSC informed Defendants by supplemental answer to an interrogatory that it intended to calculate damages, but could only do so if Altair provided accurate accounting information:

> MSC intends to seek damages from Altair and the Individual Defendants for misappropriation of the technical trade secrets and breach of confidentiality agreements related to technical information in an amount to be finally calculated by its previously designated expert, upon receipt and analysis of information that repeatedly has been requested from Altair and not provided. The ultimate liability of each Defendant for to [sic] total amount of those damages is to be determined by the jury, following submission of evidence and testimony at trial regarding each Defendant's culpability.

1

After MSC's unsuccessful attempts to collect Altair's financial information from Federal Rule of Civil Procedure 30(b)(6) depositions of Mr. Perring and Martin Nichols, the Court held a conference in chambers.  MSC said that Mr. Nichols did not/could not answer a number of questions related to Altair's financial affairs.

However, Mr. Nichols did provide the names of Mr. Chouinard and Mr. Poussier, whom were identified by Mr. Nichols as potentially able to answer a number of questions that he was unable to answer at his deposition. During the meeting, the parties disputed whether Brett Chouinard and Antoine Poussier would be deposed.

The Court entered an Order instructing Altair to produce Mr. Chouinard for deposition. The Court said if there were questions that Mr. Chouinard could not answer, Altair must produce Mr. Poussier for deposition.

MSC deposed Mr. Chouinard and Mr. Poussier.

In this motion, Altair argues that after the close of discovery and after it presented Mr. Poussier for deposition, MSC developed a new "paid-up" license theory.  Altair says this theory is untimely, MSC has not identified who will present this theory, and MSC disclaimed the right to use lay testimony to present damages.

MSC says while the damage theory is new, it is not untimely.  MSC says it timely disclosed the "paid-up" license theory after deposing Mr. Poussier and learning that Altair would not provide MSC with sufficient evidence for its expert to perform unjust enrichment or lost profits damage calculation.  MSC says its Chief Financial Officer ("CFO") will testify concerning what MSC would charge for an unlimited use of its trade secrets in question, i.e., for a "paid- up" license.

Rule 26 provides that a party must automatically disclose:

>A computation of each category of damages claims by the disclosing party—who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Discovery disclosures must be supplemented as new information comes to light. Fed. R. Civ. P. 26(e).  If a party fails to disclose such information during discovery, it may not use that information against the opposing party at trial, unless the failure to disclose was substantially **justified** or is harmless. Fed. R. Civ. P. 37(c)(1)(emphasis added).

MSC's failure to disclose its theory earlier was justified.  MSC specifically told Altair that it would need financial information to calculate damages.  Altair refused to produce a witness on numerous occasions who could provide MSC with Altair's financial information.  When it was clear to MSC that it was not going to get the information necessary to establish its disclosed damage theories, MSC sought alternative ways to prove damages.  MSC developed the "paid up" license theory which is the cost that MSC would license its trade secrets for.  This testimony can be given by the CFO of MSC; it is reliable.

Altair's motion is **DENIED**.  MSC may present this theory at trial.

**IT IS ORDERED**.

    /s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  January 27, 2014

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.<br><br>s/Linda Vertriest<br>Deputy Clerk |

3