UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

        Plaintiff,

v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMANN,

        Defendants.
_____/

**\*\*FILED UNDER SEAL\*\***

CASE NUMBER: 07-12807
HONORABLE VICTORIA A. ROBERTS

## ORDER REGARDING INDIVIDUAL DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF DIFFERENT TYPES OF DAMAGES DOCS. # 714, 717, and 721

**I.  INTRODUCTION**

On January 13, 2014, the individual defendants (Defendants) filed four motions in limine to exclude evidence related to MSC's claims for damages. The motions are fully briefed. The Court waives oral argument under L.R. 7.1(e)(2). The Court orders that:

(1) Klinger and Rampalli's Motion In Limine Regarding MSC's Claim for Damages Relating to "Replacement Costs" for their Alleged Violations of Non-Solicitation Agreements (Count II) (Doc. # 714) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Klinger, Rampalli, and Hoffmann's Motion In Limine to Exclude Evidence Relating to MSC's Claim for Damages In the Form of Diminished Competitive Position (Doc. # 717) is **GRANTED IN PART** and **DENIED IN PART**; and

(3) Klinger and Rampalli's Motion In Limine to Exclude Evidence of a "Constructive Trust" Remedy In Relation to their Alleged Violations of Non-Solicitation Agreements (Doc. # 721) is **MOOT**.

**II.  ANALYSIS**

**A.  Klinger and Rampalli's Motion In Limine Regarding MSC's Claim for Damages Relating to Replacement Costs for their Alleged Violation of Non-Solicitation Agreements (Doc. # 714)**

MSC seeks damages against Klinger and Rampalli under Count II, breach of non-solicitation agreements, for the costs it incurred in replacing Pertosa, Koerner, Riedeman, McDevitt, and Krueger (collectively the "Solicited Employees").

Defendants say evidence of damages relating to costs MSC incurred in replacing the Solicited Employees should be excluded under Fed. R. Evid. 401 and 402 as irrelevant. They say this evidence is not relevant because MSC did not provide "evidence establishing that any of the (approximately) 12 [hired] individuals **actually replaced** any of the [Solicited Employees]"; they also say that some of the alleged costs were incurred too long after the Solicited Employees left MSC.

The Court finds that MSC did submit some evidence linking costs incurred to the replacement of the Solicited Employees; the duration that elapsed before the Solicited Employees were replaced and whether MSC provides evidence establishing that one of the 12 hired individuals "actually replaced" a Solicited Employee, are issues the jury must consider in determining whether MSC established the required causation for damages. Moreover, Defendants' motion is an improper summary judgment motion disguised as a motion in limine; it seeks to argue the merits of the case and dispose of an entire theory of MSC's. *See Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266 274-75 (E.D. Mich. 2009) (collecting cases).

Evidence of the costs MSC incurred in replacing the Solicited Employees is relevant. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to

2

make a fact more or less probable than it would be with the evidence; and (b) the fact is of consequence in determining the action.). MSC may present evidence on this issue.

MSC, however, is limited to presenting evidence of costs incurred to replace only the Solicited Employees; evidence of costs incurred in replacing any other employee is not relevant and not admissible.

In the alternative, Defendants say that even if relevant, MSC's evidence related to replacement costs damages should be excluded under Fed. R. Evid. 403, because the dangers of unfair prejudice, confusing the issues, or misleading the jury substantially outweighs its probative value. The Court disagrees; the evidence is admissible under Rule 403. If the jury finds that MSC established the other elements of Count II (Breach of Contract – Solicitation), then the damages issue is rather basic: whether MSC incurred any costs in replacing one of the Solicited Employees. Jurors can use common sense in weighing evidence of which positions were vacated, which were filled, how much time elapsed before the position was filled, etc. to make a reasoned conclusion as to whether costs MSC incurred were linked to one of the Solicited Employees who left. The dangers of unfair prejudice, confusion, and misleading the jury do not substantially outweigh the probative value of this evidence. Accordingly, relevant evidence is admissible.

Next, Defendants argue that evidence of damages related to replacement costs should be excluded under California contract law – which governs Count II. *See* CA. Civ. Code § 3300 (the measure of damages for a breach of contract is "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would likely to result therefrom").

3

California follows the damages principle in *Hadley v. Baxendale,* 9 Ex. 314, 156 Eng. Rep.R. 145 (1854), which limits damages to those that would naturally arise from a occurrence (breach) or that might have been reasonably foreseeable or contemplated by the parties when they entered the contract. *See Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 969, 102 P.3d 257, 262 (2004).

Defendants say that filling the five Solicited Employees' positions with 12 new employees does not naturally arise from the alleged breach of contract and it would not be reasonably foreseeable by the parties when they made the contract. Notwithstanding the fact that this argument improperly seeks to argue the merits of the case, *see Dunn* 264 F.R.D. at 274-75, MSC cites evidence that would allow a jury to find that having to hire multiple people to replace Solicited Employees was something that naturally arose out of the breach or was reasonably foreseeable; for example, Klinger sent Altair's recruiter multiple emails referring to Riedeman as the "holy grail" who "is worth pulling out all the stops to try and get" because he "is worth probably 5 normal developers, maybe more." The finder of fact must determine whether the damages fit within the *Hadley* limitation.

Finally, Defendants argue that since MSC never produced any evidence during discovery linking the replacement employees with the Solicited Employees – and because that failure was neither "substantially justified nor harmless" – it should be prohibited from introducing new evidence establishing this causal link at trial. *See Consolidated Rail Corp. V. Grand Trunk W. R.R. Co.*, 853 F. Supp. 2d 666, 670 (E.D. Mich. 2012) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii) and 37(c)(1)). Defendants also say MSC should be precluded from offering testimony as to damages relating to

4

replacement costs that were not known to its Rule 30(b)(6) designee, Douglas Neill, at his deposition.

MSC has produced evidence linking replacement costs to Solicited Employees; as stated, the jury must determine whether MSC presents sufficient evidence showing the causal link. The Court does, however, agree with Defendants that MSC cannot introduce evidence or elicit testimony regarding facts that were not disclosed during discovery. *See id.*

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Exclude Evidence Regarding Replacement Costs (Doc. # 713). MSC cannot introduce evidence: (1) of costs that it incurred in replacing any employee other than the Solicited Employees; and (2) that was not disclosed during discovery. In all other respects, Defendants' motion is DENIED.

### B. Klinger, Rampalli, and Hoffmann's Motion In Limine to Exclude Evidence Relating to MSC's Claim for Damages in the Form of Diminished Competitive Position (Doc. # 717)

MSC seeks damages in the form of "diminishment of [its] competitive position" for the alleged breaches of confidentiality agreements and non-solicitation agreements – Counts I and II, respectively.

Defendants move to exclude evidence relating to damages in the form of diminished competitive position, relying on many of the same arguments raised in their motion to exclude replacement cost evidence. For example, Defendants argue that evidence of damages related to diminished competitive position should be excluded because: (1) MSC failed to present sufficient evidence under California law, Cal. Civ.

5

Code §§ 3300 and 3301; (2) MSC has not established the necessary causal link between the alleged diminished competitive position and their breaches to make the evidence probative of their claims; and (3) even if the evidence is relevant, it should be excluded under Rule 403.

MSC says Defendants cannot use a motion in limine to argue the merits of one of its claims, because it is an improper attempt to dispose of claims. The Court agrees. *See Dunn*, 264 F.R.D. at 274-75 (E.D. Mich. 2009) (collection of cases noting: "motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses"; "denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case"; and "[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions") (citations omitted). MSC must be allowed to present its case; whether it can present sufficient evidence to prove these damages is a question of fact for the jury.

Defendants argue that MSC is barred from presenting evidence of diminished competitive capacity to the extent it would be a double recovery. Specifically, they say MSC cannot present evidence of these damages in relation to Rampalli's alleged breach of Count I – breach of confidentiality agreement – because Count I is linked to Count III – misappropriation of trade secrets – for which it seeks other forms of damages. MSC concedes this issue; it says "MSC should be permitted to introduce at trial the mountain of evidence supporting its claim that Hoffmann's breach of his termination agreement and Klinger and Rampalli's breaches of their nonsolicitation agreements have damages [its] competitive position, specifically as reflected in loss of

6

sales." Because MSC concedes it is not seeking these damages for Rampalli's breach of the confidentiality agreement, the Court need not address this issue.

Klinger, Rampalli, and Hoffmann's Motion In Limine to Exclude Evidence Relating to MSC's Claim for Damages In the Form of Diminished Competitive Position (Doc. # 717) is **GRANTED IN PART** and **DENIED IN PART**. Since MSC concedes this point, evidence of damages in the form of diminished competitive capacity in relation to Rampalli's alleged breach of the confidentiality agreement (Count I) is excluded; in all other respects, Defendants' motion is DENIED.

### C. Motion In Limine to Exclude Evidence of a Constructive Trust Remedy in Relation to their Alleged Violations of Non-Solicitation Agreements (Doc. # 721)

Defendants move to exclude evidence related to damages in the form of a constructive trust in relation to their alleged violations of non-solicitation agreements. (Doc. # 721). In response, MSC says that it will not seek damages in the form of a constructive trust. Accordingly, this issue is MOOT.

## III. CONCLUSION

The Court orders:

(1) Klinger and Rampalli's Motion In Limine Regarding MSC's Claim for Damages Relating to "Replacement Costs" for their Alleged Violations of Non-Solicitation Agreements (Count II) (Doc. # 714) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Klinger, Rampalli, and Hoffmann's Motion In Limine to Exclude Evidence Relating to MSC's Claim for Damages In the Form of Diminished Competitive Position (Doc. # 717) is **GRANTED IN PART** and **DENIED IN PART**; and

(3) Klinger and Rampalli's Motion In Limine to Exclude Evidence of a

"Constructive Trust" Remedy In Relation to their Alleged Violations of Non-Solicitation Agreements (Doc. # 721) is **MOOT**.

**IT IS ORDERED**.

                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  January 27, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.
>
> s/Linda Vertriest
> Deputy Clerk