UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

            Plaintiff(s),      CASE NUMBER: 07-12807
                                     HONORABLE VICTORIA A. ROBERTS
v.

ALTAIR ENGINEERING, INC., MARC
KLINGER, ANDREA PERTOSA, STEPHAN
KOERNER, TOM RIEDEMAN, RAJIV RAMPALLI
MARK KRUEGER, and MICHAEL HOFFMAN

            Defendant(s).
_____/

**FILED UNDER SEAL**

**ORDER DENYING DOC. #709, GRANTING DOC. # 715, DENYING DOC. # 716 &
GRANTING IN PART DOC. # 718**

MSC.Software Corporation ("MSC") filed four motions to limit testimony and/or evidence: (1) Motion in Limine to Preclude Defendants from Referring to, or Introducing Evidence Regarding, the Delisting of MSC's Stock by the Securities and Exchange Commission and a Consent Agreement Entered into with the Federal Trade Commission Regarding NASTRAN (Doc. # 709); (2) Motion in Limine To Preclude Inquiry Into Religious Affiliations or Practices (Doc. # 715); (3) Motion in Limine To Exclude Evidence of Dismissed Trade Secrets (Doc. # 716); and (4) Motion in Limine to Preclude Defendants from Referring to, or Introducing Evidence Regarding, Employee "Turnover" at MSC from 2001 to 2012 (Doc. # 718). These motions are fully briefed and ready for decision.

These motions challenge whether the testimony and/or evidence is relevant. Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has **"any** tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.*

### I.     Doc. # 715

MSC asks the Court to bar Defendants from inquiring into the religious affiliation or practices of any witness. Defendants agree that they will not introduce evidence regarding religion. MSC's motion is **GRANTED**.

### II.    Doc. # 709

MSC seeks to preclude testimony related to its financial affairs as irrelevant. MSC says "the SEC-related events transpired months, if not years, before" any solicitation.

But, Altair argues that it anticipates at least one allegedly solicited MSC employee will testify that the "FTC consent judgment regarding NASTRAN was a factor in his decision to leave the employ of MSC. The same is true with the decision by the New York Stock Exchange to delist MSC."

The evidence MSC seeks to preclude is relevant to Defendants' liability on Count I, which alleges that Defendants breached their non-solicitation agreements when recruiting MSC employees to work for Altair. Defendants' primary defense against Count I is that MSC employees were not solicited - they left on their own. This financial evidence has the tendency to show that the employees decided to leave MSC and were not solicited; it is relevant.

MSC's motion is **DENIED**.

### III.   Doc. # 718

MSC says evidence regarding MSC's employee turn over rate is irrelevant and prejudicial.

Altair argues that evidence showing the number of employees who left MSC's employ

over a period of years has the tendency to show that the alleged solicited employees, were not solicited.

The motion seeks to limit the presentation of evidence relevant to Defendants' liability under Count I, breach of non-solicitation agreements.

MSC's motion is **DENIED IN PART**.

Included in the evidence MSC seeks to preclude is the Knick website -- which is a MSC former employee's website, launched on the MSC Ann Arbor intranet, listing employee information such as hire and departure dates. MSC says this is inadmissible hearsay. The Court agrees, even though Altair says it intends to introduce the Knick website into evidence to establish the toxic environment at MSC, not the truth of the matter asserted.

This information would be used to establish the truth of the matter asserted -- the number of employees who left MSC. This part of MSC's motion is **GRANTED**. Also, during discovery, MSC disclosed a detailed spreadsheet listing hire and termination dates. This spreadsheet can be used to establish MSC's employee turnover rate.

**IV.     Doc. # 716**

This motion seeks to exclude testimony regarding the number of trade secrets which were originally pled, but dismissed. MSC says this information is irrelevant to liability.

Defendants argue that MSC seeks to recover the same amount of damages on 50 TTSs as it does for the 5 that remain. They say this testimony is relevant to damages.

MSC's motion is **DENIED.**

The Court will inform the jury of the number of trade secrets that were alleged but are no longer a part of the case, in order to assist the jury with damages only. The Court will not say whether these trade secrets were dismissed as a matter of law or voluntarily.

3

In conclusion:

1. MSC's motion to exclude religious testimony is **GRANTED**. The parties agree that such testimony is not relevant.

2. The Court **DENIES** MSC's motion to preclude evidence that the Securities and Exchange Commission delisted MSC's stock and that the FTC filed Antitrust charges against MSC. MSC's financial condition is relevant because it may demonstrate that employees were not solicited, but left on their own volition.

3. The Court **DENIES IN PART** MSC's motion to exclude employee turnover rate. The employee turnover rate is relevant; but, Altair may not introduce the Knick website into evidence. The Knick website is inadmissible hearsay; Altair does not argue it is admissible under any hearsay exception. This part of MSC's motion is **GRANTED**.

3. MSC's motion to limit testimony regarding previously dismissed trade secrets is **DENIED.** The fact that numerous trade secret violations were alleged at the inception of this case, that few remain, yet MSC's damage request has remained the same, may be relevant to a damage calculation with respect to Counts I and III.

**IT IS ORDERED**.

                                              S/Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated: January 27, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2014.
s/Linda Vertriest
Deputy Clerk