# **EXHIBIT 45**

If you find that MSC has proven that Altair tortiously interfered with MSC's contract with Klinger or Rampalli, you may award MSC damages, if proven, for either (a) the loss of investment damages or (b) nominal damages to compensate it for the tortious interference.

MSC does not have to prove the exact amount of its damages.  However, any damage award may not be based on speculation or guesswork.

MSC claims damages from Altair for the tortious interference with contract measured by the loss of return on investment that it suffered as a result of the solicited employees resigning their employment.  In determining the damages caused by Altair's interference, you may take into account each employee's "at will" employment status, and may consider how long you believe that employee would have continued to be employed by MSC in the absence of Altair's interference.

In addition, if you find in MSC's favor on the tortious interference claim, you will be required to allocate the damages for breach of the underlying contract between the individual who breached their contract, and Altair, who interfered with the contract.  You will enter a single amount as damages, and then assign a percentage to the individual and a percentage to Altair.  That percentage is the proportion of the damage caused by that particular defendant.