# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


   MSC.SOFTWARE CORPORATION,

              Plaintiff,              HONORABLE AVERN COHN
                                      Case No. 07-12807
        vs.

   ALTAIR ENGINEERING, INC., et al,

              Defendants.
   ----------------------------------------/

                     JURY TRIAL - VOLUME 26
                       (Jury Instructions)

                     Tuesday, April 8, 2014
```

APPEARANCES:

| | |
|---|---|
| James F. Hermon | Michael M. Jacob |
| Patrick F. Hickey | Christian J. Garascia |
| Timothy Kuhn | Young Basile Hanlon & MacFarlane |
| Kelly R. Houk | 3001 W. Big Beaver Rd, #624 |
| Dykema Gossett | Troy, MI 48084 |
| 400 Renaissance Center | (248) 649-3333 |
| Detroit, MI 48243 | On behalf of Defendant Altair |
| (313) 568-6810 | |
| On behalf of Plaintiff | |
| | |
| Anthony J. Rusciano | C. Thomas Ludden |
| Plunkett & Cooney | Phillip E. Seltzer |
| 38505 Woodward Ave., # 2000 | Samantha K. Heraud |
| Bloomfield Hills, MI 48304 | Lipson, Neilson, Cole, Seltzer & Garin |
| (248) 901-4000 | 3910 Telegraph Rd, #200 |
| On behalf of Plaintiff | Bloomfield Hills, MI 48302 |
| | On behalf of Defendants Hoffmann, Rampalli and Klinger |

Transcript produced using machine shorthand and CAT software.

**JANICE COLEMAN, CSR 1095, RPR**
**OFFICIAL FEDERAL COURT REPORTER**
**(313) 964-5066**

1  The reasonable royalty must be for the individually misappropriated Trade
2  Secrets and not based on the entire software product or product lines.  However,
3  Plaintiff may recover damages based upon any entire product rather than the
4  individual Trade Secrets where the Plaintiff shows that the individual Trade Secrets
5  constitute the basis for customers' demand or are such importance that the Trade
6  Secrets substantially create the value of the entire product.
7      In calculating what a fair licensing price would have been had the parties
8  agreed, you may consider a number of factors, including the resulting and foreseeable
9  changes to the parties' competitive position that would be caused by such a license;
10 the price past purchasers or licensees may have paid the; total value of the Trade
11 Secrets taking into account the development costs incurred by MSC in developing the
12 Trade Secrets actually misappropriated and the importance of the Trade Secrets
13 actually misappropriated; the nature and extent and use Altair intended to the Trade
14 Secrets and any other unique factors which may effect the parties' agreement; the
15 head start that Altair enjoyed in its development of MotionSolve by misappropriating
16 Trade Secrets.
17     The royalty arrived at must be reasonable under all the circumstances
18 presented and take into account events and facts post-dating the hypothetical
19 negotiation. MSC has the burden to prove the amount of any such damages.
20     If you find that Rampalli or Hoffmann disclosed confidential information in
21 violation of your -- of their contracts, you may use a royalty method in determining the
22 amount of damages, if any, to which MSC is entitled.  If you choose to do so, you
23 should use the same principles to determine the amount of royalty damages, if any, to
24 which MSC is entitled.
25     Should you find an award of a royalty to be appropriate for Trade Secret

1  misappropriation or violation of confidentiality agreements, you will enter a single
2  amount as a reasonable royalty on those claims.  Then assign a percentage to each
3  party whom you have found to be liable for a claim that entitles MSC to a reasonable
4  royalty.  That percentage is the portion of the royalty award that you find a particular
5  Defendant was liable for.
6  I'm now going to tell you about the law pertaining to MSC's last claim, tortious
7  interference with contract by Altair.  MSC claims that Altair tortiously interfered with
8  Klinger and Rampalli's Employment Confidentiality and Inventions Agreement with
9  MSC by causing Klinger and Rampalli to solicit former MSC employees to work for
10  Altair, in violation of Paragraph 12 of their contracts with MSC.
11  To establish this claim, MSC must prove each of the following:
12  MSC had a contract with Klinger or Rampalli at the time of the claimed
13  interference; Altair knew of the contract at the time; Altair intentionally interfered with
14  the contract; Altair improperly interfered with the contract; Altair's conduct caused and
15  induced Klinger or Rampalli to breach its contract by soliciting an MSC employee;
16  MSC was damaged as a result of Altair's conduct.
17  When I say MSC must prove that Altair intentionally intended -- interfered with
18  Klinger or Rampalli's contract, I mean that either Altair's primary, but necessary -- not
19  necessary sole purpose was to cause Klinger or Rampalli to breach their contract; or
20  Altair acted knowingly that the contract was certain or substantially certain, that the
21  conduct was certain or substantially certain to cause Klinger or Rampalli to breach
22  their contract.
23  Improper interference is conduct that is fraudulent, not lawful, not ethical
24  or not justified under any circumstance.  If Altair's contract -- conduct was lawful, it is
25  still improper if it was done without justification and for the purpose of interfering with