UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MSC.SOFTWARE CORPORATION,

     Plaintiff,

                                     Case No. 07-12807

v.

                                     HON. AVERN COHN

ALTAIR ENGINEERING, INC.,
et al.,

     Defendants.

_____/

## MEMORANDUM AND ORDER REGARDING PLAINTIFF'S DAMAGES THEORY OF UNJUST ENRICHMENT FOR ITS CLAIM OF TRADE SECRET MISAPPROPRIATION (Doc. 972)

I.

     This is a business dispute tried to a jury. The Court set aside the jury's $26,100,000.00 verdict in favor of MSC and granted defendants a new trial on the issue of damages for breach of confidentiality/misappropriation of three (3) trade secrets (Doc. 829).

     Before the Court is Altair's Motion Regarding the Scope of the Damages Retrial. (Doc. 972).  The motion raises several issues, some of which are yet to be resolved by the Special Master.  The motion particularly raises the issue of whether MSC is entitled to a jury trial on its claim for unjust enrichment as a measure of damages.  Altair contends that MSC's unjust enrichment theory cannot be tried to the jury because it is a claim which sounds in equity and that the Court must rule on unjust enrichment damages after MSC presents its reasonable royalty theory to the jury.  MSC contends

that it is entitled to a jury trial on all aspects of its misappropriation claim, including all of its theories of damages which encompasses a reasonable royalty and unjust enrichment.  The Court agrees with MSC.  The reasons follow.

II.

Whether a right to a jury trial exists is a question of federal not state law.  See Simler v. Conner, 372 U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law . . . .).  In determining whether a party has a right to a jury trial on a statutory claim, a court must first ascertain whether the statute can be fairly interpreted to provide for a jury trial.  See Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 345 (1998).  If the statute can be so interpreted, the party is entitled to a trial by jury on its statutory claim.  See id. at 355-56 (Scalia, J., concurring).  If the statute denies the right to a jury or is silent on the issue, it must then look to whether the Seventh Amendment grants the party a jury trial.  See id. at 347.

Here, MSC has asserted a statutory claim for misappropriation of trade secrets under the Michigan Uniform Trade Secrets Act, M.C.L. § 445.1901 et seq.  MSC seeks statutory damages under § 445.1904, which provides in relevant part:

> Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

M.C.L. § 445.1904.  The statute thus specifically allows for damages based on unjust enrichment or a reasonable royalty.  In this case, MSC seeks damages under both

2

theories.

Because MUTSA is silent on the issue of a statutory right to a jury trial, the Court must look to the Seventh Amendment to determines whether MSC is entitled to a jury trial on its statutory claim.

The Supreme Court's Seventh Amendment jurisprudence is well established: "First, we compare the statutory action to 18th century actions brought in courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature."  <u>Granfinancieria S.A. v. Nordberg</u>, 492 U.S. 33, 42 (1989).

Under the MUTSA, once a plaintiff proves that misappropriation of trade secrets has occurred, it is entitled to damages.  Misappropriation can occur in a number of different ways and different factual scenarios and the statute provides alternative methods to calculate damages once misappropriation has been established.  The presence of different theories of damages does not change the legal claim for misappropriation.

As MSC points out, claims for misappropriation of trade secrets historically have been tried to juries, including liability and damages.  See generally, <u>Mike's Train House v. Lionel L.L.C.</u>, 472 F.3d 398 (6th Cir. 2006); <u>Avery Dennison Corp. v. Four Pillars Entertainment Co.</u>, 45 F. App'x 479 (6th Cir. 2002) (affirming jury verdict for misappropriation where jury was presented with multiple theories of damages); <u>Mid-Michigan Computer Sys., Inc. v. Marc Glassman, Inc.</u>, 416 F.3d 505 (6th Cir. 2005) (affirming jury verdict based on a reasonable royalty after jury was instructed to consider lost profits, unjust enrichment and reasonable royalty as possible measures of

3

damages).[1]

Moreover, courts considering the issue have concluded that actions seeking damages for the misappropriation of trade secrets are legal in nature for which a right to a jury trial exists.  See De Lage Landen Operational Services, LLC v. Third Pillar Systems, LLC, 09-2439 (E.D. Pa. Apr. 28, 2011 (Doc. 233)) (holding that plaintiff's claim for damages under a reasonable royalty theory under California's Uniform Trade Secrets Act must be submitted to the jury); Newark Group, Inc. v. Sauter, 2004 U.S. Dist. LEXIS 31138 (S.D. Ohio 2004) (holding that a right to a jury trial existed under the Ohio Uniform Trade Secrets Act for misappropriation where plaintiff sought damages only under an unjust enrichment theory); Control Ctr. L.L.C. v. Lauer, 2002 U.S. Dist. LEXIS 25936 (M.D. Fla. 2002) (holding that the plaintiff had a Seventh Amendment right to trial by jury on his damages claim under the Florida Uniform Trade Secrets Act).

Accordingly, MSC's claim for claim for misappropriation of trade secrets under MUTSA is a tort action at law.  MSC is therefore entitled to a jury trial on all aspects of the claim, including damages under an unjust enrichment theory.

SO ORDERED.

S/Avern Cohn\
AVERN COHN\
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2016\
      Detroit, Michigan

---

[1]The court in Avery Dennison, cited with approval in Mid-Michigan Computer, made the observation that "[d]amages in trade secrets cases are difficult to calculate" and therefore "plaintiffs have used a number of different methods of calculation to determine damages."  Avery Dennison, 45 F. App'x at 485.

4