UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

    Plaintiff,

vs.                                                        Case No. 07-12807

ALTAIR ENGINEERING, INC.,              HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## ADOPTING REPORT AND RECOMMENDATION IN PART (Doc. 1088)
## AND
## GRANTING ALTAIR'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE TECHNICAL TRADE SECRETS HAVE BEEN REMOVED FROM MOTIONSOLVE (Doc. 998)

I.  Introduction

This is a business dispute tried to a jury. The Court set aside a jury's $26,100,000.00 verdict in favor of MSC as excessive and against the great weight of the evidence, and ordered a new trial on the issue of damages for breach of confidentiality/ misappropriation of three MSC-owned technical trade secrets (the three "TTS"). (Doc. 925).

Before the Court is Altair's motion for partial summary judgment that the three TTS have been removed from its software program, MotionSolve. (Doc. 998). As will be explained, the motion has generated a multitude of filings. After careful consideration of the filings, the Court is satisfied that the motion is well-taken.

II. Background

Following the decision granting a new trial on damages, discovery was reopened relating to damages.[1] The Court appointed a Special Master to manage discovery disputes and other matters. (Doc. 947). The Technical Advisor was appointed to assist in defining the three TTS. (Doc. 1001).

On September 2, 2015, Altair filed a motion for partial summary judgment that the three TTS have been removed from MotionSolve. (Doc. 998). The motion was accompanied by a statement of facts and multiple exhibits. (Doc. 999). MSC filed a motion to defer consideration of the motion (Doc. 1018) essentially on the grounds that the issue of defining the three TTS was open and ongoing. At the same time, MSC filed a response to Altair's motion with a statement of facts and multiple exhibits. (Doc. 1019). The impetus for the motion is that the issues of removal, and the dates thereof, are relevant to the temporal range of MSC's damage claim.

The Court referred the motion for partial summary judgment to the Special Master. (Doc. 1051). Thereafter, Altair filed a reply with exhibits. (Doc. 1078). The parties also submitted a combined statement of facts with exhibits. (Doc. 1079). The statement of facts described uncontested dates that the source code reflecting the three TTS before the first jury was removed from MotionSolve.

Meanwhile, the Technical Advisor at the Court's direction and after extensive briefing recommended definitions of the three TTS. These definitions were adopted by this Court after careful review of the record and consideration of MSC's objections. See

---

[1]As best as the Court can tell, there have been at least four extensions of the discovery cutoff. See Docs. 964, 996, 1015, 1058.

Docs. 1081, 1082, and 1103.

As a follow up, the Special Master then rendered a report and recommendation, recommending that the parties stipulations be adopted and that Altair's motion be granted, with the exception of a single issue regarding TTS1. As to this single issue, the Special Master recommended reference to the Technical Advisor for further evaluation. (Doc. 1088). The Court heard oral objections to the Report and Recommendation on February 29, 2016. See Doc. 1095. The parties subsequently filed written objections to the Report and Recommendation, attaching exhibits. (Doc. 1096 (Altair's objection to the referral to the Technical Advisor as unnecessary) and Doc. 1098 (MSC's objections to the recommendation in its entirety)).

The Court held a conference on the record on May 26, 2016 at which it stated its intention to accept the Special Master's report and recommendation as modified by Altair's objection. See Doc. 1110.

Altair then filed a motion for entry of an order granting partial summary judgment, attaching exhibits including a proposed order. (Doc. 1113). MSC filed a response, also attaching exhibits and a proposed order. (Doc. 1116). Altair filed a reply. (Doc. 1118).

On June 28, 2016 the Court held another status conference with the parties after which, it issued an order requiring the parties complete charts as well submit other documents.[2] (Doc. 1120). While the charts were intended to further describe the

---

[2]MSC was asked to trace the history of the number of trade secrets in the case. MSC filed a document styled "Chart Explaining the Disposition of Alleged Trade Secrets." (Doc. 1126-4). This chart shows that the case began with 29 asserted trade secrets. Following judicial triage via motion practice and MSC's withdrawal of certain asserted trade secrets, the case went to trial on the remaining five asserted trade secrets. The jury found that only three of the five were in fact trade secrets and were

3

parties' respective positions as to the performance of MotionSolve with and without the three TTS,[3] they are also relevant to the removal issue.

On July 13, 2016, the Court held a telephone conference with the parties to discuss issues relating to the charts. See Doc. 1123. After the conference, MSC filed what it said were charts responsive to the Court's request.[4] (Doc. 1126) and Altair filed its charts with attached exhibits (Doc. 1129). MSC also filed a motion to compel, Doc. 1127, contending that it needs additional information from Altair in order to fully complete its charts.[5]

III. Discussion

A.

Having carefully considered the above, the Court GRANTS Altair's motion. In summary, the Court finds:

1.   The feature of the source code that the first jury found to have misappropriated

---

misappropriated. The fact that only three TTS were misappropriated in the view of the jury is a significant consideration on the damages issue.

[3]The Court has been looking for an answer to this question for some time. On May 22, 2014, following the decision granting a new trial on damages, the Court asked the parties in an email for (1) a description of what each of the three TTS adds to Adams/Solver, (2) how does MotionSolve operate without the three TTS, and (3) how was MotionSolve's capability enhanced or improved with the addition of each of the three TTS. The parties responses, Docs. 842, 878, did not answer these questions.

[4]MSC did not use the definitions of the three TTS adopted by the Court but instead used its own definitions which the Court has rejected.

[5]Altair recently filed a response to MSC's motion in which it contends that it previously provided all of the discovery MSC says is still needs. (Doc. 1130). While the Court will await a reply, its initial reaction is that aside from the motion coming very late in the day, Altair's response is well-taken.

TTS1 was added to MotionSolve's SI2 integrator in version 9.0 (April 2008), removed from MotionSolve in April 2014, and has not been a part of any version of MotionSolve since version 12.0.220 (May 2014).

2. The feature of the source code that the first jury found to have misappropriated TTS2 was added to MotionSolve's ECL Solver in version 8.0 (October 2006), removed from MotionSolve in 2010, and has not been a part of any version of MotionSolve released after 2010.

3. The feature of the source code that the first jury found to have misappropriated TTS3 was added to MotionSolve's ECL Solver in version 8.0 (October 2006), removed from MotionSolve in 2010, and has not been a part of any version of MotionSolve released after 2010.

4. MSC's claim for damages in this case is limited to damages associated with the specific instances and time periods identified above. MSC is precluded from arguing at the damages retrial that any trade secrets were present, or are present, in any other parts of the MotionSolve source code.

B.

Still open for decision are issues relating to damages by the following pending motions:[6]

Doc. 986 - Altair's Motion to Exclude Testimony of Lee

---

[6] Also pending is Altair's First Set of Motions in Limine (Doc. 1092), MSC's Motion for Leave to Supplement Lee's Report (Doc. 1041), and MSC's Motion to Compel (Doc. 1127). MSC's motion to defer consideration of Altair's partial summary judgment motion (Doc. 1018) and Altair's motion for entry of order on partial summary judgment (Doc. 1113) are now MOOT.

      Doc. 992 - MSC's Motion to Exclude Testimony of Horstmann

      Doc. 993 - Altair's Motion to Exclude Testimony of Vellturo

      Doc. 997 - MSC's Motion to Exclude Testimony of McNally

      Doc. 1075 - Altair's Motion to Exclude Testimony of Choi

C.

The motion for partial summary judgment was motivated by MSC's argument that while the portions of the source code were removed it did not mean that the misappropriated features reflected in the lines of source code was not to be found in other locations in MotionSolve's source code. Therefore, according to MSC, Altair has continued to benefit from its wrongful conduct.

MSC had ample opportunity to explore through extensive discovery whether Altair implemented the three TTS (or improper derivations therefrom) in MotionSolve source code in locations other than those accused at trial. MSC submitted its evidence to the Special Master who considered it and concluded that it was insufficient to create a genuine issue of material fact, i.e. MSC has failed to put forth evidence from which a reasonable juror could find that Altair continued to misappropriate the three TTS within MotionSolve.

The charts which the Court directed the parties complete was designed to assess this claim of "placement elsewhere." The Court is satisfied from the parties' filings, see Docs. 1126, 1129, 1131, that MSC has failed to establish that there is a genuine issue of material fact as to whether or not Altair removed the three misappropriated TTS from MotionSolve's source code. They were removed. The features no longer reside in MotionSolve's source code. As such, Altair is entitled to partial summary judgment on

the issue of removal as set forth in its motion.[7]

    SO ORDERED.

                                             S/Avern Cohn
                                             AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

Dated: August 2, 2016
      Detroit, Michigan

---

[7]Presumably this decision will impact MSC's unjust enrichment theory of damages inasmuch as MSC is limited to a temporal range of misappropriation.