UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MSC. SOFTWARE CORPORATION,

      Plaintiff,

vs.                                                                   Case No. 07-12807

ALTAIR ENGINEERING, INC.,                                             HON. AVERN COHN

      Defendant.
_____/

<u>MEMORANDUM AND ORDER</u>
<u>OVERRULING MSC'S OBJECTIONS TO THE SPECIAL MASTER'S</u>
<u>SEPTEMBER 8, 2016 REPORT AND RECOMMENDATION (Doc. 1149)</u>
<u>AND</u>
<u>ADOPTING REPORT AND RECOMMENDATION IN PART (Doc. 1148)</u>
<u>AND</u>
<u>DENYING MSC'S MOTION TO COMPEL DISCOVERY AND/OR FOR LEAVE TO</u>
<u>OBTAIN DISCOVERY (Doc. 1127)</u>
<u>AND</u>
<u>ADOPTING SPECIAL MASTER'S RECOMMENDATIONS REGARDING THE</u>
<u>CHARTS</u>
<u>AND</u>
<u>DENYING MSC'S MOTION FOR RECONSIDERATION (Doc. 1142)</u>

I.  Introduction

      This is a trade secret dispute tried to a jury.  The Court set aside a jury's

$26,100,000.00 verdict in favor of MSC as excessive and against the great weight of the

evidence, and ordered a new trial on the issue of damages for breach of

confidentiality/misappropriation of three MSC-owned technical trade secrets (the three

"TTS").  (Doc. 925).  The jury's liability finding - that the TTS were misappropriated -

was not disturbed.  Subsequently, the Court granted, on recommendation of the Special

Master, Altair's motion for partial summary judgment that the TTS had been removed

from MotionSolve.  This motion was directed to establishing temporal limitations on
MSC's damages as a result of the misappropriation.  (Doc. 1133).  While briefing on the
removal motion was ongoing, the Court directed the parties to complete two charts
(attached) in an attempt to appreciate how MotionSolve performed with and without the
TTS.  See Doc. 1120.  In response to the Court's directive, MSC filed a motion to
compel and/or for leave to obtain discovery of information it says it needed from Altair in
order to complete its version of the charts.  (Doc. 1127).  MSC also filed a motion for
reconsideration of the Court's order on the removal issue. (Doc. 1142).  The Court
referred the motions, as well as the papers relating to the charts to the Special Master
for a report and recommendation.  (Doc. 1140).  The Special Master issued a report and
recommendation (R&R) (Doc. 1148), recommending:

1.    That MSC's motion to compel be denied or that a protocol for testing
      MotionSolve with and without the TTS be agreed upon and conducted by
      the parties.

2.    That MSC's Chart A be stricken and the Court take no action regarding
      MSC's challenges to Altair's version of the charts.

3.    That MSC's motion for reconsideration regarding removal of the TTS be
      denied.

Before the Court are MSC's objections to the R&R (Doc. 1149).  For the reasons
that follow, the R&R will be adopted in part.  MSC's motion to compel or for leave to
obtain discovery will be denied.  The Special Master's recommendations as to the
charts will be adopted.  MSC's motion for reconsideration of the removal order will be
denied.

II.  Background

On November 13, 2014, the Court entered a Decision and Order Granting Defendants' Motion for Judgment as a Matter of Law and New Trial or Remittitur on Damages.  (Doc. 925 (sealed), Doc. 928 (redacted).  The Court set aside the jury's verdict in favor of MSC and granted Altair a new trial on the issue of damages for misappropriation of the TTS.

On January 12, 2015, the Court held a status conference to discuss the future course of the case.  During the conference, MSC argued it was entitled to additional discovery as a consequence of limitations imposed during the lead up to the initial trial. Following the status conference, the Court issued an order which states in relevant part: "The Court intends to appoint a new special master to assist in discovery issues relating to the three features[TTS]"  (Doc. 944).  The order also set benchmarks for discovery relating to the features (technical issues) and disclosure of the parties' financial information.  All of this was to ensure that MSC had ample opportunity to obtain discovery of the information it says it needed for the new trial on damages, including information it says it did not have in the first trial.

On January 22, 2015, the Court appointed a Special Master to manage, supervise and resolve discovery disputes.  (Doc. 947).  During the progress of the case, additional matters were referred to the Special Master such as the motions which form the basis of the R&R now before the Court.

During the period the Special Master managed discovery, the time limits for completing discovery were extended four times.  See Docs. 964, 966, 1015, 1058.

The Court during the discovery period appointed a Technical Advisor to assist in

3

the defining the TTS.  <u>See</u> Doc. 1001.  After extensive briefing by the parties, the Court adopted the definition of the TTS submitted by Altair and recommended by the Technical Advisor.  <u>See</u> Docs. 1081, 1082, 1103.

As described above, Altair moved for partial summary judgment on the grounds that the TTS had been removed from MotionSolve at various times and were no longer part of the source code for MotionSolve.  (Doc. 998).  The Court granted the motion finding as a consequence of the removal there are temporal limitations regarding MSC's damages as a result of the misappropriation.  (Doc. 1133).

During consideration of the removal motion, the Court directed the parties to complete charts it had prepared in an attempt to know how MotionSolve performed with and without the TTS.  <u>See</u> Doc. 1120.  Particularly, Chart A, required a definition of the TTS and their placement in MotionSolve's source code, including the date of insertion and removal, and alternate locations, if any, within the source code.  The second chart, Chart B, required the parties to identify how each TTS affected the performance of the MotionSolve code before the misappropriation of the trade secrets, during the period of misappropriation and after the TTS were removed.  The parties submitted respective versions of the charts.  (Docs. 1129 & 1131).

In addition to submitting its version, MSC filed a motion to compel and/or for leave to obtain discovery of the information it says it needed from Altair to fully complete the charts.  (Doc. 1127).  MSC also filed a motion for reconsideration of the Court's order on removal of the TTS. (Doc. 1142).  The Court referred the motions, as well as the papers relating to the charts to the Special Master for a report and recommendation. (Doc. 1140).  Following the completion of the charts and extensive briefing, the Special

4

Master issued the R&R now before the Court.

### III.  Legal Standard[1]

Fed. R. Civ. P. 53 establishes the standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master.  Rule 53(f)(3) reads:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
> (A) the findings will be reviewed for clear error; or
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) reads:

> Reviewing Legal Conclusions.  The court must decide de novo all objections to conclusions of law made or recommended by a master.

Fed. R. Civ. P. 53(f)(5) reads:

> Reviewing Procedural Matters. Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.

See also Hochstein v. Microsoft Corp., 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), aff'd 430 F. App'x 898 (Fed. Cir. 2011) ( "The Court reviews de novo factual findings and legal conclusions of the Special Master to which a specific objection has been made.  See Fed. R. Civ. P. 53(f).")  The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

---

[1]In section II of its objections, MSC criticizes the efforts of the Special Master and Technical Advisor in arguing that they exceeded their authority.  This ignores the obligation of the Court to review the recommendations of the Special Master and Technical Advisor in accordance with Fed. R. Civ. P. 53.

Following the dictates of Rule 53, the Court has considered each matter referred to the Special Master.

### IV.  MSC's Motion to Compel

The information MSC now seeks from Altair which it says it needs to fully complete the testing contemplated by Chart B, i.e. testing materials, was initially requested in 2015 in MSC's Second Post-Trial Interrogatories and Document Requests Nos. 3-5, 8-10, and 13-15.  <u>See</u> Doc. 957-2.  Altair objected to the request.  The Special Master, who was dealing with post-trial discovery disputes, recommended a resolution to the request.  <u>See</u> Doc. 957.  In June of 2015, the Court, after hearing the parties' objections, adopted the Special Master's recommendation.  <u>See</u> Doc. 964.  MSC made no further challenges to Altair's responses until filing the motion to compel over a year later, in July of 2016.

As noted in the R&R, MSC's discovery request is tardy at best.  MSC's efforts come 16 months after Altair gave responses which MSC now says are incomplete.  MSC's request is 13 months after a hearing and the Court's decision on the request.  It also comes 11 months after discovery cut off date of August 14, 2015.

MSC offers as an excuse the fact that it would have been a "herculean task" to secure the information and tools needed to compile the source code and perform testing and therefore did not pursue the matter until the Court, per Chart B, directed it.  This is insufficient.  About a month after the judgment following the jury trial was entered, the Court asked the parties in an email on May 22, 2014 for (1) a description of what each of the three TTS adds to Adams/Solver, (2) how does MotionSolve operate without the three TTS, and (3) how was MotionSolve's capability enhanced or improved with the

6

addition of each of the three TTS. The parties responses, Docs. 842, 878, did not provide a substantive answer of these questions.  Also, at a status conference on January 12, 2015, the Court again repeated its view that testing to determine how the TTS enhanced the performance of MotionSolve would be useful.  Notwithstanding these importunities, MSC chose not to conduct any testing of MotionSolve or pursue further discovery until the Court directed the completion of Chart B.  MSC's newly expressed view that testing might be important in the new trial on damages simply does not justify reopening discovery.

As an alternative to denying MSC's motion to compel (Doc. 1127), the Special Master recommends development of a testing protocol to be established by agreement of the parties as well as being implemented by them.  This recommendation in the Court's view is not feasible given the litigation history of this case.  The Court has presided over this litigation since February of 2014 when it accepted reassignment of the case on the premise that it was ready for trial.  From its experience over the last two and a half years, the Court believes that the level of agreement and cooperation that would be required to develop a testing protocol is just not attainable.  To set up a protocol and its implementation would further delay the new trial on damages as well as cause substantial additional expense in this already protracted litigation.  (The case was filed on July 7, 2007 and to date there are 1,151 docket entries).  The Court accepts responsibility for injecting the testing issue back into the case with the request for Chart B.  In hindsight the Court is satisfied that such testing is not practical under the circumstances.

7

V.  The Charts

Each party takes issue with the other's version of the charts.  MSC's justification for its version of the charts and its challenges to Altair's charts are memorialized in document styled "MSC.Software Corporation's Memorandum in Response to the Court's Order of June 28, 2016 (Doc. 1126).  Altair responded (Doc. 1131) and MSC replied (Doc. 1138-39).  Regarding MSC's version of the charts, the Special Master spent a good deal of time discussing Altair's challenges to MSC version, particularly Chart A.  Importantly is the fact that MSC used its own definition of the TTS – not the definition adopted by the Court after an extensive process involving the Technical Advisor.  See Docs. 1081, 1088, 1009.  That MSC chose to disregard the Court's order establishing the definitions, and conceding that its expert relied upon the rejected definitions in reviewing MotionSolve's source code is troubling.  However, in light of the partial summary judgment ruling on removal which established the dates in which the TTS were added to and removed from the source code for MotionSolve,[2] MSC's Chart

---

[2]Specifically, the Court found:

TTS1 was added to MotionSolve's SI2 integrator in version 9.0 (April 2008), removed from MotionSolve in April 2014, and has not been a part of any version of MotionSolve since version 12.0.220 (May 2014).

TTS2 was added to MotionSolve's ECL Solver in version 8.0 (October 2006), removed from MotionSolve in 2010, and has not been a part of any version of MotionSolve released after 2010.

TTS3 was added to MotionSolve's ECL Solver in version 8.0 (October 2006), removed from MotionSolve in 2010, and has not been a part of any version of MotionSolve released after 2010.

Doc. 1133 at p. 4-5.

8

A is no longer probative to any issues in the case.  As such, putting aside Altair's well-founded criticisms of MSC's Chart A, they are essentially moot.

Regarding MSC's challenges to Altair's version of the charts, the Special Master correctly observes that admissibility attacks are premature and best left to a motion in limine and that MSC's other challenges lack merit.  No further discussion is necessary.

## VI.  MSC's Motion for Reconsideration

The final matter addressed by the Special Master is MSC's motion for reconsideration of the Court's partial summary judgment ruling on removal of the TTS. (Doc. 1142).  MSC as an alternative asks for entry of an order certifying the issue for interlocutory appeal and staying proceedings until the appeal is resolved.  The Special Master recommends that the motion be denied because it fails to meet the standard for reconsideration under E.D. Mich. 7.1(h)(3).  The Special Master addresses in his R&R in detail each of MSC's objections to the Court's removal decision.  See Doc. 1148, R&R at p. 30-44.  MSC's objections to the R&R merely repeat the arguments presented to and rejected by the Special Master.  The Special Master's reasoning is adopted by the Court as to why MSC has not met the standard for reconsideration, i.e. showing a palpable defect in the removal order which would require a different disposition.  No useful purpose will be served by elaborating on what the Special Master has already said.  Suffice it to say that despite MSC's stringent protestations, there is no basis for the Court to reconsider the Court's removal order.

As to certification for interlocutory review, the Special Master declined to make a recommendation believing that was a decision solely to be made by the Court.  Having considered the request for interlocutory review, the removal order does not meet the

9

2:07-cv-12807-AC-MKM   Doc # 1152   Filed 11/14/16   Pg 10 of 10   Pg ID 62563

standard for certification.  It does not involve a controlling question of law over which there is substantial grounds for a difference of opinion.  <u>See</u> 28 U.S.C. § 1292(b). Rather, the Court's finding as to the insertion and removal of the TTS on established dates is grounded on the <u>factual</u> record as developed at trial and supplemented by post-trial discovery which displayed no genuine issue of material fact regarding the TTS removal from MotionSolve's source code.

### VII.  Conclusion

Accordingly, the Court agrees with and adopts the analysis and conclusions of the Special Master, as supplemented above.  Therefore:

- MSC's objections to the R&R are OVERRULED;

- The R&R is ADOPTED IN PART;

- MSC's motion to compel or for leave to obtain discovery is DENIED;

- The Special Master's recommendations regarding the charts are ADOPTED; and

- MSC's motion for reconsideration of the removal order is DENIED.

The Clerk shall schedule a status conference to discuss the case as it now stands, the rulings in place for the new trial, and matters to be considered before the new trial begins.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2016
Detroit, Michigan

10