UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

    Plaintiff,

v.

ALTAIR ENGINEERING, INC.,

    Defendant.
_____/

Case No. 07-12807

HON. AVERN COHN

## ORDER GRANTING ALTAIR'S MOTION IN LIMINE NOS. 13, 14, and 15 (Doc. 1158) TO EXCLUDE THE TESTIMONY OF Dr. GAVIN HUNTLEY-FENNER (No. 13), PATRICK McNALLY (No. 14), and DR. JOSEPH McGRATH (No. 15)[1]

I.

This is a business dispute tried to a jury. The Court set aside a jury's $26,100,000.00 verdict in favor of MSC and granted Altair a new trial on the issue of damages for breach of confidentiality/misappropriation of three MSC-owned technical trade secrets (TTS).

In preparing for the retrial on damages, the parties have filed motions in limine. The captioned motion, Altair's motions in limine Nos. 13, 14, and 15 (Doc. 1158), seeks to exclude the testimony of three undisclosed experts for MSC: Dr. Gavin Huntley-Fenner, Patrick McNally, and Dr. Joseph McGrath. For the reasons that follow, the motion is GRANTED.

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.

The issue on retrial is limited to the amount of damages MSC is entitled to as a consequence of the jury's verdict that Altair wilfully misappropriated TTS1, TTS2 and TTS3 into MotionSolve. None of these witnesses have any relevant testimony to offer a jury. Particularly,

As to Huntley-Fenner, a cognitive psychologist, MSC says he will testify that technical experts such as Rampalli have a cognitive predisposition regarding acquired knowledge and have an inability to segregate the knowledge gained from the misappropriation of the TTS from the knowledge gained from non-misappropriated technology. Huntely-Fenner apparently prepared a report several years ago on this phenomenon in conjunction with MSC's "inevitable disclosure" claims which the Court dismissed on a motion to dismiss, see Doc. 309. A review of his 2009 report shows that he has no opinions related to the TTS's much less any opinion as to damages. His testimony is not relevant to any issue in the retrial.

As to McGrath, who was MSC's prior technical expert who did not participate in the first trial, MSC says he will testify as an expert as to how MotionSolve performed before the TTS's were misappropriated and how it performed after the TTS's were removed "to rebut Altair's potential argument that the trade secrets were removed and found to be of no value." See Doc. 1161 at p. 17. Aside from the fact that McGrath has not rendered a report on this subject, such testimony is not relevant to any of the issues relating to damages.

As to McNally, MSC says he would testify similarly to McGrath and to rebut Altair's argument that the TTS's were removed without any impact on the performance

of MotionSolve and that the TTS's were "replaced with other methods that were capable of producing similar functionality and results." See Doc. 1161 at p. 18. His testimony is not relevant. First, McNally's report is not based on the definitions of the TTS's adopted by the Court but rather on MSC's rejected definitions. Thus, it lacks a proper foundation. Second, and this applies to Huntley-Fenner and McGrath proffered testimony, the so-called replacement of the TTS is not an issue, as explained below.

III.

MSC says in a footnote to its statement quoted in part above that the TTS were replaced:

> MSC recognizes the prior ruling of this Court that Altair's alternative to the trade secrets cannot be claimed by MSC to be "trade secrets," but MSC must be allowed to explain how Altair changed its code and what was put in place of the trade secrets to obtain results that were consistent with results that customers approved with the trade secrets.

(Doc. 1161 at p. 18 n. 5)

This statement flatly ignores the Court's ruling regarding removal of the TTS in which it found that the TTS were removed and not replaced. The Court said: "MSC is precluded from arguing at the damages retrial that any trade secrets were present, or are present, in any other parts of the MotionSolve source code. (Doc. 1133 at p. 5). The Court went on to explain:

> The motion for partial summary judgment was motivated by MSC's argument that while the portions of the source code were removed it did not mean that the misappropriated features reflected in the lines of source code was not to be found in other locations in MotionSolve's source code. Therefore, according to MSC, Altair has continued to benefit from its wrongful conduct.
> **MSC had ample opportunity to explore through extensive discovery whether Altair implemented the three TTS (or improper derivations therefrom) in MotionSolve source code in locations other than those**

3

**accused at trial**. MSC submitted its evidence to the Special Master who considered it and concluded that it was insufficient to create a genuine issue of material fact, i.e. **MSC has failed to put forth evidence from which a reasonable juror could find that Altair continued to misappropriate the three TTS within MotionSolve.**
. . . The Court is satisfied from the parties' filings, see Docs. 1126, 1129, 1131, that MSC has failed to establish that there is a genuine issue of material fact as to whether or not Altair removed the three misappropriated TTS from MotionSolve's source code. They were removed. **The features no longer reside in MotionSolve's source code**. . . .

(Id. at p. 6, emphasis added).

MSC has repeatedly been advised that this line of proofs is not relevant to the issue of damages and will not be entertained at the upcoming trial. The persistence with which it continues to raise the issue is not appreciated.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2017
Detroit, Michigan