UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSC.SOFTWARE CORPORATION,

    Plaintiff,

v.

ALTAIR ENGINEERING, INC.,
et al.,

    Defendants.

_____/

Case No. 07-12807

HON. AVERN COHN

## MEMORANDUM AND ORDER
## GRANTING ALTAIR'S MOTION FOR SUMMARY JUDGMENT (Doc. 1219)[1]
## AND
## DIRECTING ENTRY OF FINAL JUDGMENT

I.

This is a business dispute tried to a jury. The Court set aside a jury's $26,000,000 verdict in favor of MSC and ordered a new trial on the issue of damages for breach of confidentiality/misappropriation of three MSC-owned technical trade secrets (TTS). (Doc. 925). In preparing for the new trial on damages, MSC retained a damages expert, Richard Lee (Lee) to testify at trial. Altair moved to exclude Lee (Doc. 986). The Court granted Altair's motion. (Doc. 1213).

Following a status conference with the parties, the Court granted Altair's motion for leave to file a motion for summary judgment on damages (Doc. 1162) and set a briefing schedule. Altair filed a motion for summary judgment (Doc. 1219), MSC

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

responded (Doc. 1221), and Altair replied (Doc. 1222). The matter is now ready for decision. For the reasons that follow, Altair's motion is GRANTED. A judgment shall enter in the form proposed by Altair.[2]

## II.

Altair's motion is premised on a simple but potent fact–that in light of Lee's exclusion as an expert witness, MSC has no admissible evidence to support its claim for damages related to the TTS under either an unjust enrichment or reasonable royalty theory. Altair explains in detail the shortcomings in MSC's claim for damages without Lee's testimony and with citations to the relevant law. Altair's well articulated and formulated arguments need not be repeated; they are incorporated in full.

In response, MSC concedes that its multimillion dollar damage claim is unsupported in light of the exclusion of Lee's testimony and does not challenge Altair's reasoning. Nor does MSC quibble with Altair's statements as to the law on damages. However, in what Altair calls a "last-ditch" effort, MSC says it should at least be able to collect nominal damages or in the alternative the amount of a damages Altair's expert, Christopher Vellturo (Vellturo), was expected to testify to in rebuttal of Lee's reasonable royalty theory. Vellturo opined that a reasonable royalty for the three TTS was $36,591.00.

As Altair sets forth in its reply, the weight of authority holds that MSC is not entitled to nominal damages under the circumstances, and the authority cited by MSC for its position is inapposite. Moreover, MSC has never sought nominal damages.

---

[2]The judgment includes all defendants.

MSC's alternative argument that it should be awarded the amount of damages Altair's expert was expected to testify to if called at trial is unavailing. Vellturo's opinion as an independent economic expert is in no way binding upon Altair as a party admission or otherwise. In light of the exclusion of Lee, Altair would have no need to call Vellturo. In sum, MSC's embrace of Vellturo's opinion, putting aside that MSC vigorously challenged his opinion in a <u>Daubert</u> motion, is misguided.

Finally, MSC has made much of the fact that the jury's liability finding necessarily included a finding that the TTS had value and therefore MSC must be awarded some damages. As Altair states:

> The finding that the trade secrets had value does not mean that MSC was damaged or that it can prove the amount of damage. Value and damages are separate concepts. And, after ten years of litigation, exhaustive discovery, and seven expert damages reports, MSC has certainly been "afforded every opportunity to prove damages."

(Doc. 1222 at p. 7 n. 5).[3]

SO ORDERED.

*Avern Cohn*
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 12-13-2017
Detroit, Michigan

---

[3]The way in which this litigation has ended in this Court (an appeal looms), is reminiscent of final stanza in T.S. Eliot's <u>The Hollow Men</u>:
This is the way the world ends
This is the way the world ends
This is the way the world ends
Not with a bang but a whimper.